**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
(480) 312-2548 (F)
legal@scottsdaleaz.gov

Attorneys for Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>  Plaintiff,<br><br>vs.<br><br>City of Scottsdale, et. al.,<br><br>  Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**CITY DEFENDANTS' MOTION TO STAY AND TO RECOVER COSTS AND ATTORNEYS' FEES PURSUANT TO RULE 41(d), FED. R. CIV. P.** |

Pursuant to Rule 41(d), Fed. R. Civ. P., Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson (collectively, "City defendants") respectfully request this Court order Plaintiff to pay City defendants' fees and cost incurred in the previously dismissed action, *Houser v. City of Scottsdale, et. al.*, Case No. CV-22-1809-PHX-SMB-ESW and stay this proceeding until Plaintiff pays that award. This Motion is supported by the following Memorandum of Points and Authorities and the Declaration of Lindsey Gomez-Gray ("Gray Decl.") attached as **Exhibit 1**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is a textbook case that warrants an award of fees and costs under Rule 41(d), *Fed. R. Civ. P.* Rule 41(d) grants this Court authority to award fees and costs to a defendant where a plaintiff voluntarily dismisses a complaint without prejudice and then refiles the same claims against the same defendants in a second lawsuit.

This lawsuit marks Plaintiff's second attempt to bring claims against the City defendants pertaining to a lawful pick-up order under Arizona's involuntary commitment statutes, codified in Chapter 36. In the first action, Plaintiff voluntarily dismissed the case after Plaintiff's counsel spent nearly three (3) hours with the City reviewing case materials showing Plaintiff's allegations were demonstratively false including: 911 calls from Plaintiff's partner, Plaintiff's internal affairs interview, on-body camera (OBC) footage and multiple police reports. Plaintiff's decision to refile a near carbon copy complaint against the City Defendants 249 days after dismissing the first case renders many of the costs and fees incurred by the City in the first action fruitless and wasted. Accordingly, Plaintiff should be ordered to pay the City Defendants' costs totaling $402 and $10,566.10 in attorney's fees (or, alternatively, a minimum of $3,357.57 in attorney's fees) and this case should be stayed until Plaintiff pays that award.

## II.  RELEVANT PROCEDURAL HISTORY

### 1. The First Voluntary Dismissal

On August 26, 2022, Plaintiff filed a Complaint in Maricopa County Superior Court entitled *Houser v. City of Scottsdale, el. al.*, CV2022-011287 (the "First Action"). On September 23, 2022, Plaintiff filed a First Amended Complaint in the First Action. *See* **Exhibit 2**. The City Defendants timely removed the First Action to this Court. *See* Dkt. No 1, CV-22-1809-PHX-SMB-ESW.

The First Amended Complaint alleged violations of the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against the City, the Scottsdale Police Department and eight Scottsdale Police Officers, including unwarranted search of Plaintiff's residence; unwarranted search of Plaintiff's personal property; unwarranted seizure of Plaintiff's person; civil conspiracy; and *Monell* liability. Plaintiff also brought state law claims against co-defendants Community Bridges, Inc., ConnectionsAZ, LLC and Maricopa County Special Health Care dba Valleywise Health ("Valleywise Health").

Prior to removal, Defendant Community Bridges filed a motion to dismiss. *See* Dkt. No 1-6, CV-22-1809-PHX-SMB-ESW. On November 1, 2022, Co-defendants ConnectionsAz and Valleywise each filed a motion dismiss after removal. *See* Dkts. No. 5-6, CV-22-1809-PHX-SMB-ESW.

Prior to the City filing its motion to dismiss, and to protect the safety of Plaintiff's partner, a potential domestic violence victim, undersigned counsel invited Plaintiff's counsel to view the file materials at our office. Gray Decl. ¶ 5. These materials included four OBC videos, an hour and twenty-minute IA interview with Plaintiff, two committal orders dated May 19,2021 and July 15,2021, including the respective Applications for Involuntary Evaluation, two Police Reports from May 9, 2021 and May 20, 2021, and two Field Interview Reports dated May 7, 2021 and May 20, 2021. Gray Decl. ¶ 7. Prior to Plaintiff's counsel reviewing these documents, undersigned counsel sent a detailed meet and confer letter outlining the flaws in Plaintiff's FAC that would be subject to a motion to dismiss. Gray Decl. ¶ 8. Plaintiff's counsel agreed to review the materials in person and did so on November 3, 2022 and November 7, 2022. Gray Decl. ¶ 6. These two meetings totaled nearly 3 hours of time. Gray Decl. ¶ 7. After reviewing the materials and just two days before the City Defendants' motion to dismiss was due, Plaintiff filed his Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i). *See* Dkt. No. 8, CV-22-1809-PHX-SMB-ESW. This Court granted the Notice of Voluntary Dismissal on November 11, 2022. *See* Dkt. No. 9, CV-22-1809-PHX-SMB-ESW.

### 2. The Current Lawsuit

On July 14, 2023, 249 days after Plaintiff voluntarily dismissed the First Action, he filed the current lawsuit alleging nearly identical facts and claims against the City and four Scottsdale police officers previously named in the First Action. *Compare* Ex. 1 *with* Dkt. No. 1. The operative complaint alleges claims for unwarranted seizure of Plaintiff's person, civil conspiracy, and *Monell* liability. It also adds a due process claim.

## III. ARGUMENT

### 1. Rule 41(D) Authorizes this Court to Order Plaintiff to Pay the City Defendants' Costs Incurred in The First Action

Rule 41(d) provides as follows:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

*Id.*

The purpose of Rule 41(d) is to deter forum shopping, vexatious litigation, and to hold parties liable for the costs of needless and duplicative litigation, regardless of its form. *See Reid v. I.C. Sys. Inc.*, 304 F.R.D. 253, 255 (D. Ariz. 2014); *see also Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) (the rule protects "defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims"); *Hacopian v. U.S. Dep't of Lab.*, 709 F.2d 1295, 1297 (9th Cir. 1983) (same).

This Court has broad discretion to award costs under Rule 41(d). *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996). Notably, a showing of bad faith is not required for the Court to impose costs. *Id.* at 1388. A court "should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Id.*

Here, it is readily apparent that the current action is "based on" or "include[es] the same claim against the same defendant." As noted above, the two complaints are near carbon copies of each other and contain the same causes of action (save the Due Process claim Plaintiff added to the current complaint). In addition, the City defendants were all parties to the First Action.

The City defendants incurred $402 in costs in the First Action for the removal filing fee. *See* Gray Decl. ¶ 17. The City Defendants request the Court order Plaintiff to reimburse

the City defendants the $402 incurred in the dismissed First Action. *See Brockman v. Friedman*, No. 23-CV-0162-GPC, 2023 WL 3170049, at *3 (S.D. Cal. Apr. 28, 2023) (awarding filing fee under Rule 41(d)).

### 2.     The Court's Rule 41(d) Award Should Include Attorneys' Fees

The City Defendants seek an award of attorney's fees incurred in the first action. While the Ninth Circuit recently held that "costs" under Rule 41(d) does not include attorneys' fees as a matter of right, it went no further. *See Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545 (9th Cir. 2022). The Ninth Circuit did not decide one way or the other whether attorney's fees could be awarded under Rule 41(d) if the statute underling the plaintiff's claims would permit a fee award. *See Id.* at 546. Nor did it decide one way or the other whether Rule 41(d) permits a district court to award attorney's fees if the plaintiff acted in "bad faith." *Id.*; *see also Id.* at 544 n.8 ("bad faith" includes "bad faith, vexatiousness, wanton actions, or forum shopping.").

The Court should use its discretion and grant the City Defendants' attorney's fees under Rule 41(d) to deter Plaintiff's bad faith litigation tactics. Indeed, district courts within the Ninth Circuit pre- and post-*Moskowtiz* regularly award attorneys' fees as costs under Rule 41(d) where the fees were reasonably incurred in the prior case, but will not contribute to the defense of the current action. *See, e.g.*, *Ortega v. Am. Honda Motor Co.*, No. 222CV04276FLAMRWX, 2023 WL 5207504, at *4 (C.D. Cal. Mar. 24, 2023) (awarding costs and fees under Rule 41(d)); *Owen v. Hyundai Motor Am.*, No. 222CV00882KJMCKD, 2023 WL 2529782, at *3 (E.D. Cal. Mar. 15, 2023) (awarding costs and fees for bad faith litigation tactics); *Arizona Med. Billing Inc. v. FSIX LLC*, No. CV-17-04742-PHX-SPL, 2019 WL 13194907, at *2 (D. Ariz. Jan. 22, 2019) (granting Rule 41(d) costs and fees where, like here, plaintiff voluntarily dismissed the first lawsuit and filed a second, identical lawsuit a year later); *Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996) (awarding costs and noting that "if Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would provide only for an award of costs *exclusive* of

attorneys' fees, since the typical defendant cannot adequately defend a case without incurring such fees.").

The City Defendants seek an award of the total fees incurred in defending the First Action, a total of $10,566.10. Because the current lawsuit was filed 8 months after the initial lawsuit, all the work will need to be redone, including officer interviews, review and gathering of case materials and legal research. The Court would be well within its discretion to award all the City's fees. This is not the case where the plaintiff re-filed within a month after dismissing the initial lawsuit. The significant delay in re-filing will require the City to effectively start from scratch. As such, the City Defendants should be awarded their fees in full as they are reasonable and warranted under the circumstances here.

In the event the Court will only award fees for work that is not applicable to the current lawsuit, the City Defendants seek an award of fees in the amount of $3,357.57.  *See* Gray Decl. at ¶ 16. As detailed in the Gomez-Gray declaration, the $3,357.57 in fees is specific to the First Action that are inapplicable to the current lawsuit. For instance, the City Defendants seek compensation for time spent removing the first action from state court, which does not need to be done in the current lawsuit. Additionally, the City Defendants seek reimbursement for time expended to review and analyze three motions to dismiss filed by the co-defendant entities that are no longer in the case. The City Defendants also seek compensation for time spent interviewing four City of Scottsdale employees that are not parties to this lawsuit.  The interviews conducted were specific to the first case, and each of those employees never spoke with or interacted with Plaintiff. Furthermore, the fee award seeks the time spent preparing case materials for Plaintiff's counsel to review, along with the nearly three hours spent reviewing those materials with Plaintiff's counsel, which proved futile as Plaintiff re-filed a near carbon copy complaint.  Finally, the City Defendants request includes one third of the total time spent drafting the meet and confer letter, answer and motion to dismiss, which will compensate the City for claims and parties that are no longer part of the current lawsuit.

Failing to award full reasonable attorney's fees to the City Defendants would undermine the purpose of Rule 41(d) by imposing an award that would not appropriately deter vexatious litigation. Plaintiff's counsel personally reviewed the case materials and decided to dismiss the original action. The current carbon copy complaint does nothing to fix any of the deficiencies identified in the First Action. Instead, Plaintiff doubles down on his frivolous arguments, which will be subject to a future motion to dismiss. Beyond Plaintiff's bad faith, the City is also entitled to fees because Plaintiff brings claims under Section 1983. Title 42 U.S.C. § 1988(b) provides a statutory basis for the Court to award a reasonable attorney fee to the prevailing party in Section 1983 civil rights litigation. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013). In this case, that would be the City Defendants. Accordingly, the City Defendants' request for attorney's fees totaling $10,566.10 is reasonable and should be granted or, at a minimum, the amount of $3,357.57 for work which cannot be applied to the current lawsuit should be awarded to the City Defendants.

### 3. This Action Should Be Stayed Until Plaintiff Pays the Awarded Fees and Costs

Rule 41(d) grants the Court authority to "stay the proceedings until the plaintiff has complied" with the Court's order to pay defendants' costs. Courts routinely grant stays pending payment of costs awarded under Rule 41(d). *See, e.g.*, *Esquivel v. Arau*, 913 F. Supp. 1382, 1393 (C.D. Cal. 1996) (granting stay under Rule 41(d)); *Owen v. Hyundai Motor Am.*, No. 222CV00882KJMCKD, 2023 WL 2529782, at *4 (E.D. Cal. Mar. 15, 2023) (same). A stay is warranted here. The City defendants have already incurred significant time and resources to defend the First Action. A stay will prevent additional unnecessary expense and ensure the City Defendants are compensated for their prior costs and wasted time.

## IV. CONCLUSION

Rule 41(d) was expressly intended to apply to the circumstances here. Plaintiff voluntarily dismissed his first lawsuit and chose to refile a nearly identical lawsuit 249 days later against the same City Defendants. Accordingly, the Court should award City Defendants $402 in costs and $10,566.10 (or, alternatively, a minimum of $3,357.57) in attorneys' fees incurred in the first action and stay this action until Plaintiff pays the award.

DATED this 9th day of November, 2023.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**
By: *s/ Lindsey Gomez-Gray*
Lori S. Davis, Deputy City Attorney
Lindsey M. Gomez-Gray, Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorney for City of Scottsdale

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2023, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing, and mailed a copy to:

Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
rmills@millsandwoods.com
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

By: *s/ Danielle Taebel*
Scottsdale City Attorney's Office