# EXHIBIT 2

**(First Amended Complaint)**

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
9/23/2022 2:45:28 PM
Filing ID 14892372

Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
rmills@millsandwoods.com
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MARK HOUSER, an individual, | Case No.: CV2022-011287 |
| Plaintiff, | |
| v. | **FIRST AMENDED VERIFIED COMPLAINT** |
| CITY OF SCOTTSDALE, a governmental municipality; CITY OF SCOTTSDALE POLICE DEPARTMENT, a governmental entity; OFFICER STEPHENSON, an individual; OFFICER KELLY WILLIS, an individual; OFFICER ANDREW OWUSU-ANSAH, an individual; DETECTIVE TIMOTHY KOERNER, an individual; OFFICER P. BOGUMILL, an individual; OFFICER C. HENNINGSEN, an individual; SERGEANT WILLIAMS, an individual; DETECTIVE M. CARLUCCI, an individual; DETECTIVE EVHERNANDEZ, an individual; DETECTIVE M. #8577, an individual; COMMUNITY BRIDGES, INC., a domestic non-profit corporation; CONNECTIONSAZ, LLC, a domestic limited liability company; MARICOPA COUNTY SPECIAL HEALTH CARE DISTRICT dba VALLEYWISE HEALTH, a governmental health care district; ENTITIES 1-10; and DOES 1-10, | **JURY TRIAL REQUESTED** |
| Defendants. | |

*(sidebar)* MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

Plaintiff, Mark Houser, ("Plaintiff") by and through his undersigned counsel, files this First Amended Complaint (the "First Amended Complaint") against Defendants, City of Scottsdale ("City"), City of Scottsdale Police Department ("SPD"), Officer Stephenson, Officer Kelly Willis ("Officer Willis"), Officer Andrew Owusu-Ansah ("Officer Owusu-Ansah"), Detective Timothy Koerner ("Detective Koerner"), Officer P. Bogumill ("Officer Bogumill"), Officer C. Henningsen ("Officer Henningsen"), Sergeant Williams, Detective M. Carlucci ("Detective Carlucci"), Detective Evhernandez, Detective M. #8577, Community Bridges, Inc. ("CBI"), ConnectionsAZ, LLC ("ConnectionsAZ"), Maricopa County Special Health Care District dba Valleywise Health ("Valleywise"), and other as-yet unknown entities and individuals.  In support of said First Amended Complaint, Plaintiff states and alleges the following:

## JURISDICTION AND VENUE

1.     Plaintiff brings this civil rights lawsuit pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, 42 U.S.C. § 1985, A.R.S.

2.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.     This Court has original subject matter jurisdiction over the claims made in this First Amended Complaint, pursuant to Article 6, Section 14 of the Arizona Constitution.

4.     The acts and events giving rise to the causes of action alleged herein occurred in Maricopa County, Arizona, and all Defendants are subject to the personal jurisdiction of

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1 this Court in accordance with A.R.S. § 12-123 and as otherwise provided under Arizona

2 law and the Arizona Rules of Civil Procedure.

3    5.    Venue lies in this Court, pursuant to A.R.S. § 12-401 in that, among other

4 reasons, the specific acts giving rise to Plaintiff's causes of action alleged herein occurred

5

6 in Maricopa County, Arizona.

7                                    **THE PARTIES**

8    6.    Plaintiff Mark Houser is an individual, a citizen of the United States, and a

9

10 resident of Arizona. At all relevant times to the present First Amended Complaint, Plaintiff

11 resided in Maricopa County, Arizona.

12   7.    Defendant City is a municipality organized and existing under the laws of

13 the State of Arizona.  As the employer of SPD officers, City had primary responsibility for

14 the training, education, and supervision of those police officers.  Upon information and

15

16 belief, City promulgated, encouraged, administered, and/or permitted the policies,

17 practices, customs, and procedures under which the individual Defendant employees of

18 City committed the acts and/or omissions complained of herein.

19

20   8.    Defendant SPD is a law enforcement subunit of City.  As employer of police

21 officers, SPD had primary responsibility for the training, education, and supervision of

22 those police officers.   Upon information and belief, City promulgated, encouraged,

23 administered, and/or permitted the policies, practices, customs, and procedures under

24 which the individual Defendant employees of City committed the acts and/or omissions

25

26 complained of herein.

27   9.    Defendant Officer Stephenson is an individual who resided in Maricopa

28 County, Arizona, at all times relevant to this First Amended Complaint.   Officer

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Stephenson was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Officer Stephenson was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

10.     Defendant Officer Willis is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Officer Willis was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Officer Willis was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

11.     Defendant Officer Owusu-Ansah is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Officer Owusu-Ansah was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Officer Owusu-Ansah was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

12.     Defendant Detective Koerner is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Detective Koerner was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Detective Koerner

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

4

was acting under the color of law as a SPD police detective.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

13.    Defendant Officer Bogumill is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Officer Bogumill was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Officer Bogumill was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

14.    Defendant Officer Henningsen is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Officer Henningsen was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Officer Henningsen was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

15.    Defendant Sergeant Williams is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Sergeant Williams was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Sergeant Williams was acting under the color of law as a SPD police officer.  He is named herein in his

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

16.     Defendant Detective Carlucci is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.  Detective Carlucci was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Detective Carlucci was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

17.     Defendant Detective Evhernandez is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.   Detective Evhernandez was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Detective Evhernandez was acting under the color of law as a SPD police officer.  He is named herein in his individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

18.     Defendant Detective M. #8577 is an individual who resided in Maricopa County, Arizona, at all times relevant to this First Amended Complaint.   Detective M. #8577 was, at all times relevant to the present First Amended Complaint, an employee of City through SPD. At all times relevant to this First Amended Complaint, Detective M. #8577 was acting under the color of law as a SPD police officer.  He is named herein in his

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

6

individual capacity, as that term is used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

19.     Defendant CBI is an Arizona non-profit corporation that was authorized to, and did at all relevant times, conduct business in the State of Arizona, including providing involuntary inpatient psychiatric care to individuals at the instruction of governmental entities, including law enforcement agencies.

20.     Defendant ConnectionsAZ is an Arizona limited liability company that was authorized to, and did at all relevant times, conduct business in the State of Arizona, including providing involuntary inpatient psychiatric care to individuals at the instruction of governmental entities, including law enforcement agencies.

21.     Defendant Valleywise is a network of taxpayer-funded hospitals and medical facilities in Maricopa County, Arizona that was authorized to, and did at all relevant times, conduct business in the State of Arizona, including providing involuntary inpatient psychiatric care to individuals at the instruction of governmental entities, including law enforcement agencies.

22.     Entities 1-10 and Does 1-10 are persons, agents, services, employees, business entities, partnerships, corporations, and/or unincorporated associations subject to suit in a common name whose true names are unknown to Plaintiff, and who are, therefore, designated by fictitious names. Plaintiff will ask leave of the Court to substitute the true names of said parties prior to the entry of Judgement herein.

23.     Whenever in this First Amended Complaint reference is made to any act of "Defendants" such allegations shall be deemed to mean all named Defendants, Entities 1-

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

10, Does 1-10, and/or their officers, agents, managers, members, representatives, employees, heirs, assignees, customers, tenants, and they did or authorized such acts while actively engaged in the operation, management, direction, or control of the affairs of Defendants and while acting within the course and scope of their duties, except as specifically alleged otherwise.

24.     At all times herein mentioned and with respect to the specific matters alleged in this First Amended Complaint, Plaintiff alleges, upon information and belief, that each Defendant was and is the agent, employee, principal, employer, co-conspirator, or any combination thereof of each of the remaining defendants, vice versa, or both.  In addition, Plaintiff alleges, upon information and belief, the Defendants named herein, and each of them, are responsible in some manner for the occurrences herein alleged, and each of the above-identified Defendants conspired with, directed, ratified, approved, aided, abetted, jointly collaborated, or any combination thereof, each of the remaining Defendants in committing the acts herein alleged, or failed to prevent such acts while having the power, duty,  and/or authority to do so with full knowledge of said acts.

25.     Plaintiff alleges, upon information and belief, that each of the Defendants acted under color of law in committing the acts herein alleged.

**BACKGROUND / FACTUAL ALLEGATIONS**[1]

26.     On May 7, 2021, Officer Stephenson conducted an Event Field Contact at Plaintiff's residence.  During this contact, Officer Stephenson entered the back door of

---

[1] Plaintiff makes the allegations in this First Amended Complaint based upon personal knowledge as to those matters in which he had personal involvement and upon information and belief as to all other matters.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Plaintiff's home while Plaintiff was eating a pizza with Plaintiff's son.  Officer Stephenson made several unnecessary, and irrational, demands of Plaintiff that amounted to harassment.  Officer Stephenson continued to take unjustified actions to escalate the encounter, including calling the City of Scottsdale Fire Department to Plaintiff's home.

27.     During the interaction with Officer Stephenson described in ¶ 26, Plaintiff attempted to deescalate the encounter and asked Officer Stephenson to call his sergeant. Officer Stephenson refused.  Thereafter, Officer Stephenson drafted a Field Report that dramatically misrepresented the nature, and facts, of the encounter.

28.     On May 9, 2021, at 3:37 p.m., Officer Willis emailed Plaintiff's wife, Alia Houser, to offer multiple options for picking Plaintiff up for involuntary commitment. Later that day, SPD officers arrived at Plaintiff's home.  Without consent, a warrant, or probable cause that anyone living at Plaintiff's residence committed a crime, two (2) SPD officers entered and searched Plaintiff's residence and seized a non-working .22 caliber pistol and an old 12-guage shotgun.

29.     In conjunction with the actions described in ¶ 28, Officer Willis shared identifying information about Plaintiff's treating physician, John Scialli, MD ("Dr. Scialli"), and private medical information, with Plaintiff's wife.  Upon information and belief, Officer Willis, thereafter, encouraged Plaintiff's wife to file a complaint against Dr. Scialli with the Arizona Medical Board.  Thereafter, Plaintiff left his home because he overheard his wife talking on the phone with Officer Willis.  As Plaintiff exited his neighborhood, he observed a City firetruck that was already waiting for SPD to arrive.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

30.     In response to Plaintiff's request for a copy of the SPD Field Report regarding the event described in ¶¶ 28-29, SPD denied the event ever happened – in spite of video, audio, and electronic evidence to the contrary.

31.     On May 10, 2021, Dr. Scialli, one of Plaintiff's treating physicians since April 2019, wrote a letter to his colleagues at Valley Hospital, in Phoenix, Arizona.  The purpose of the letter was to request a secondary evaluation from Valley Hospital, in light of the events on May 7th and May 9th, described in ¶¶ 26-30.  Dr. Scialli expressed concerns that SPD officers were misrepresenting Plaintiff's psychiatric condition and making statements that Plaintiff was delusional, bipolar, and experiencing psychosis due to amphetamine toxicity.  In direct contrast, Dr. Scialli observed that Plaintiff has never been hypomanic, or delusional; and Plaintiff's lab tests showed no amphetamines on board.

32.     On or about May 11, 2021, the Arizona Department of Child Safety Services ("DCS") received a report of suspected child abuse, neglect, or abandonment regarding a child in Plaintiff's care.  DCSS determined the claims were unsubstantiated and closed the case.

33.     On May 14, 2021, the Arizona Department of Victim Services sent a letter to Plaintiff's wife, Alia Houser, to inform her the Prosecutor's Office for Maricopa County, Arizona had reviewed the DCSS report described above and declined to prosecute Plaintiff.

34.     On May 19, 2021, Plaintiff's wife, Alia Houser, submitted an Application for an Involuntary Commitment Evaluation, pursuant to A.R.S. § 36-520.  A.R.S. § 36-520 defines a "person" as someone who, among other things, is under eighteen (18) years of age.  As of May 19, 2021, Plaintiff was fifty-six (56) years old.

35.     On or about May 20, 2021, at approximately 12:40 a.m., Plaintiff observed four (4) SPD patrol cars in the cul-de-sac at the end of Plaintiff's driveway.   Plaintiff observed that one of the SPD officers was holding a rifle.   The SPD officers present, including Officer Owusu-Ansah, under the auspice of A.R.S. §§ 36-520 and 36-525(A), and with a questionable Pick-Up Order from CBI, intended to apprehend Plaintiff and transport him to CBI's Community Psychiatric Emergency Center.

36.     The purported reasons for the questionable Pick-Up Order (described above in ¶ 29) were that (1) Plaintiff had a Psychiatric Advanced Directive in place; (2) Plaintiff presented a risk of harm to himself, or others; and (3) a gun was involved.[2]  Plaintiff did not have any guns because SPD officers unlawfully seized all of Plaintiff's guns on May 9, 2021, as described in ¶ 28.

37.     In conjunction with the events described in ¶ 36, three (3) SPD officers entered and searched Plaintiff's garage without consent, a warrant, or probable cause that anyone living at Plaintiff's residence committed a crime.

38.     On May 20, 2021, Officer Bogumill conducted a Field Interview of Plaintiff's wife, Alia Houser, who told Officer Bogumill she believed SPD seized all of Plaintiff's guns on May 9, 2021 (described above in ¶ 28).

39.     On May 27, 2021, DCS sent a Notice of Unsubstantiated Child Safety Report to Plaintiff.   The Notice confirmed that DCS received a report (described above in ¶ 30), could not substantiate the report, and would be closing Plaintiff's case.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

---

[2] The Pick-Up Order does not elaborate how a gun was involved and states that it was unknown at the time whether Plaintiff had access to said gun.

40.     On or about July 13, 2021, Plaintiff contacted SPD's Internal Affairs Department.  Thereafter, Plaintiff had a 90-minute meeting with three (3) Internal Affairs officers.[3]  The purpose of the meeting was to bring the police misconduct (described above in ¶¶ 35-38) to the attention of City and SPD.

41.     After the meeting (described above in ¶ 40), outside in the parking lot away from the view of any cameras, Sergeant Watts #607 told Plaintiff he could voluntarily submit to an inpatient psychiatric evaluation.  Plaintiff declined and informed Sergeant Watts #607 he was already under the care of a licensed psychiatrist.   During that interaction, Plaintiff asked Sergeant Watts #607 whether he believed there was anything wrong with Plaintiff, in terms of his mental health.  In response, Sergeant Watts #607 told Plaintiff he did not believe anything was wrong with Plaintiff.

42.     On July 15, 2021, in direct contrast to the statements made by SPD officers just two (2) days prior, Detective Koerner submitted an Application to Connections AZ, Inc. for an Involuntary Evaluation of Plaintiff, pursuant to A.R.S. § 36-520.  As previously noted, A.R.S. § 36-520 defines a "person" as a someone who, among other things, is under eighteen (18) years of age.  As of July 15, 2021, Plaintiff was fifty-six (56) years old.

43.     On July 16, 2021, Plaintiff emailed the Scottsdale City Council, the Federal Bureau of Investigation, and Roger Geisler (a Law Enforcement Agent with the Arizona Attorney General's Office) and requested that City, SPD, its Officers and Detectives, stop harassing him and his wife.

---

[3] Upon information and belief these officers' names are Pearson #879, Sergeant Watts #607, and Michael #1361.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

44.     On July 16, 2021, approximately four (4) hours after sending the email (described above in ¶ 43), SPD Officers and Detectives arrived at Plaintiff's business office in Scottsdale, Arizona and forcefully apprehended Plaintiff and delivered him, without cause or consent, into the custody of Connections AZ.

45.     Under A.R.S. § 36-527, a person taken into custody for emergency admission may not be detained longer than twenty-four (24) hours (excluding weekends and holidays), unless a Petition for court-ordered evaluation is filed.

46.     When SPD Officers and Detectives forcefully apprehended Plaintiff (as described above in ¶ 44), none of the SPD Officers or Detectives present provided Plaintiff with a copy of a Petition for Treatment, Detention Order, or Notice of Hearing for Treatment; and failed to advise Plaintiff of any of his rights, pursuant to A.R.S. § 36-528.

47.     On July 19, 2021 – three (3) days after SPD Officers and Detectives forcefully apprehended Plaintiff (as described above in ¶ 44) – Commissioner Annielaurie Van Wie signed a Mental Health Detention Order, pursuant to A.R.S. § 36-529(A), in Maricopa County Superior Court, Matter No. MH2021-005665.

48.     On July 22, 2021 – six (6) days after SPD Officers and Detectives forcefully apprehended Plaintiff (as described above in ¶ 44) – SPD Detective M. #8577 certified to the Maricopa County Superior Court that he personally served the Mental Health Detention Order, issued by Commissioner Annielaurie Van Wie, by apprehending and/or detaining Plaintiff and serving Plaintiff with a Petition for Treatment, Detention Order, and Notice of Hearing for Treatment.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

# CLAIMS FOR RELIEF

## COUNT I
### Unwarranted Search of Plaintiff's Residence
*(City, SPD, and SPD Officers / Detectives)*

49.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 48 above.

50.     Plaintiff is guaranteed important protections under the Fourth and Fourteenth Amendments to the United States Constitution.

51.     The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  This applies to actions taken by state officers under the Due Process Clause of the Fourteenth Amendment.  Arizona's constitutional counterpart to the Fourth Amendment, Article 2, Section 8, provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." *State v. Guillen*, 223 Ariz. 314, 316-17 (2010) (internal citations omitted).  In general, law enforcement officials may not infringe upon these rights without probable cause and/or a warrant.

52.     Without provocation, or permission, and after failing to consider available evidence, SPD Officers entered and searched Plaintiff's residence on multiple occasions without a warrant.

53.     As a direct and proximate result of the above-named Defendants' unwarranted search of Plaintiff's residence, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## COUNT II
### Unwarranted Seizure of Plaintiff's Personal Property
*(City, SPD, and SPD Officers / Detectives)*

54.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 53 above.

55.     Plaintiff is guaranteed important protections under the Fourth and Fourteenth Amendments to the United States Constitution.

56.     The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  This applies to actions taken by state officers under the Due Process Clause of the Fourteenth Amendment.  In general, law enforcement officials may not infringe upon these rights without probable cause and/or a warrant.

57.     Without provocation, or permission, and after failing to consider available evidence, SPD Officers entered Plaintiff's residence and seized a non-working .22 caliber pistol and an old 12-guage shotgun without a warrant.

58.     As a direct and proximate result of the above-named Defendants' unwarranted seizure of Plaintiff's personal property, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

## COUNT III
### Unwarranted Seizure of Plainiff's Person
*(City, SPD, and SPD Officers / Detectives)*

59.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 58 above.

60.     Plaintiff is guaranteed important protections under the Fourth and Fourteenth Amendments to the United States Constitution.

15

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

61.     The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  This applies to actions taken by state officers under the Due Process Clause of the Fourteenth Amendment.  In general, law enforcement officials may not infringe upon these rights without probable cause and/or a warrant.

62.     Without provocation, or permission, and after failing to consider available evidence, SPD Officers took Plaintiff into custody and caused Plaintiff to be involuntarily admitted into CBI's facilities without probable cause, a warrant, or any lawful reason, amounting to an unlawful seizure of Plaintiff's person.

63.     As a direct and proximate result of the above-named Defendants' unwarranted seizure of Plaintiff's person, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

**COUNT IV**
**Abuse of Process**
*(CBI, ConnectionsAZ, and Valleywise)*

64.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 63 above.

65.     Under A.R.S. § 36-527, a person taken into custody for emergency admission may not be detained longer than twenty-four (24) hours (excluding weekends and holidays), unless a Petition for court-ordered evaluation is filed.

66.     Defendants CBI, ConnectionsAZ, and Valleywise, failed to follow the legally prescribed process required before taking Plaintiff into custody, which caused Plaintiff to be involuntarily, and unlawfully, admitted to said Defendants' facilities, in violation of Plaintiff's civil rights.

67.     As a direct and proximate result of the above-named Defendants' abuse of process, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

**COUNT V**
**False Imprisonment**
*(CBI, ConnectionsAZ, and Valleywise)*

68.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 67 above.

69.     The tort of False Imprisonment is "the unlawful detention of a person without his consent." *Slade v. City of Phoenix*, 112 Ariz. 298, 541 P.2d 550 at 552 (Ariz. 1975). "In general, a police officer may arrest a person without a warrant only if the officer has probable cause to believe that an offense has been committed and the person to be arrested is the offender. *See* A.R.S. § 13-3883(A) (codifying probable cause requirement for arrest)." *State v. Morris*, 246 Ariz. 154, 435 P.3d 1060 at 1063 (Ariz. App. 2019).

70.     Defendants CBI, ConnectionsAZ, and Valleywise, permitted Plaintiff to be held at their facilities without Plaintiff's consent, or lawful justification.  Accordingly, the ensuing detention was unlawful and constitutes False Imprisonment.

71.     As a direct and proximate result of said false imprisonment, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

**COUNT VI**
**Invasion of Privacy – False Light**
*(CBI, ConnectionsAZ, and Valleywise)*

72.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 71 above.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

17

73.     The tort of False Light is the invasion of a person's privacy by placing him before the public in a false light by making, saying, or writing a public statement about the person that creates a false impression that would be highly offensive to a reasonable person and where the person making, saying, or writing the statement failed to use reasonable care in determining that the statement failed to use reasonable care in determining that the statement would create a false impression and such a statement caused actual damage. *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781 (Ariz. 1989).

74.     Because Defendants CBI, ConnectionsAZ, and Valleywise, made, caused to be made, or adopted false statements about Plaintiff to the public that conveyed a false impression of him that would be highly offensive to a reasonable person and failed to exercise due care in creating the false impression, which caused Plaintiff damages, said Defendants committed the tort of False Light.

75.     As a direct and proximate result of the above-named Defendants' invasion of Plaintiff's privacy, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

## COUNT VII
### Intentional Infliction of Emotional Distress
*(CBI, ConnectionsAZ, and Valleywise)*

76.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 75 above.

77.     Throughout the incidents described above in Plaintiff's First Amended Complaint, Defendants, CBI, ConnectionsAZ, and Valleywise, showed reckless disregard for Plaintiff's rights and shows that said Defendants, each of them, engaged in extreme and outrageous conduct, intended to cause Plaintiff emotional distress and/or recklessly

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

18

disregarded the near certainty that such distress would result from their conduct, and that Plaintiff did experience severe emotional distress as a result of said Defendants' conduct. *See Johnson v. McDonald*, 197 Ariz. 155, 160, 3 P.3d 1075, 1080 (1995).

78.     As a direct and proximate result of said Defendants' conduct Plaintiff has suffered and will continue to suffer, damages, including but not limited to, severe emotional distress, physical and/or mental anxiety and anguish.

79.     Said Defendants' malicious, despicable, and/or wrongful conduct as herein alleged was intentional, malicious, and/or with a conscious disregard for Plaintiff's rights, and as a result of this conduct, Plaintiff is entitled to recover punitive damages according to proof at trial.

### COUNT VIII
**Negligent Hiring, Training, Supervision, and Retention**
*(CBI, ConnectionsAZ, and Valleywise)*

80.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 79 above.

81.     Defendants CBI, ConnectionsAZ, and Valleywise, owed a duty to Plaintiff to ensure their employees, officers, and agents were qualified to serve in their respective roles before hiring and assigning employees to act in their respective roles.

82.     Defendants CBI, ConnectionsAZ, and Valleywise, also owed a duty to Plaintiff to ensure their employees, officers, and agents were properly trained and possessed the skill and knowledge to perform their assigned job tasks in a competent manner.

83.     As set forth above, Defendants CBI, ConnectionsAZ, and Valleywise, breached these duties.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

84.     As a direct and proximate result of said Defendants' negligent hiring, training, supervision, and retention, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

**COUNT IX**
***Monell* Liability**
*(City and SPD)*

85.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 84 above.

86.     Defendants City and SPD acted with deliberate indifference in implementing policies, practices, or procedures of non-existent and/or inadequate training, and/or by failing to train their respective officers, agents, and employees, in providing for the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments.

87.     Defendants City and SPD had duties to Plaintiff at all times to establish, implement and follow policies, which confirm and provide for the protections guaranteed Plaintiff under the United States Constitution, including the Fourth and Fourteenth Amendments, to use reasonable care to select, supervise, train, control, and review the activities of all agents, officers, and employees in their employ, including SPD; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiff herein so as to not cause Plaintiff the injuries and damages alleged herein.

88.     Defendant City breached its duties and obligations to Plaintiff, including, but not limited to, failing to establish, implement, and follow the correct and proper constitutional policies, procedures, customs, and practices, by failing to properly select, supervise, train, control, and review their respective agents and employees as to their

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

compliance with constitutional safeguards; and by permitting named Defendants, and other defendants whose identities are not yet known, to engage in unlawful and unconstitutional conduct as herein alleged.

89.     Defendant City knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would, and did, cause Plaintiff to be injured and damaged by the wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their respective legal duties and obligations to Plaintiff.

90.     Defendant City also provided inadequate and/or non-existent training including, but not limited to, the non-existent training on the Fourth and Fourteenth Amendments, as they apply to unlawful searches and seizures of property and persons.

91.     As a direct and proximate result of the actions, or inactions, of Defendants City and SPD, in relation to their policies, practices, procedures, and/or customs, and/or non-existent / inadequate training, and in accordance with 42 U.S.C. § 1983, Plaintiff's rights have been violated to such an extent that he has suffered, and will continue to suffer, general and special damages, including but not limited to, physical and/or mental anxiety and anguish, as well as incurring attorney fees, costs, and expenses, including those authorized by 42 U.S.C. § 1983, to an extent and in an amount subject to proof at trial.

## COUNT X
### Civil Conspiracy to Violate Plaintiff's Civil Rights
*(City, SPD, and SPD Detectives / Officers)*

92.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 91 above.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

93. At all relevant times, Defendants were acting under color of state law in their actions and inactions.

94. 42 U.S.C. § 1985(3) provides, in pertinent part: If two or more persons in any State…conspire…for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the law…in any case of conspiracy set forth in this section, if one or more persons engage therein due, or cause to be done, any act and furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising and rights or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of the damages occasioned by such injury or deprivation, against one or more of the conspirators.

95. Two or more of the Defendants conspired for the purpose of depriving, directly or indirectly, Plaintiff of his rights under both the United States Constitution and the Arizona Constitution, as alleged herein.

96. As a direct and proximate consequence of Defendants' civil conspiracy, Plaintiff has suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish in an amount to be proven at trial.

## **JURY DEMAND**

Plaintiff demands a jury trial to all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. General damages and special damages according to proof, including, but not limited to economic losses, medical costs, hedonic damages, psychological trauma, and emotional distress against each and every Defendant, jointly and severally;

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

B.     For taxable costs and pre- and post-judgment interest to the extent permitted by law;

C.     For exemplary and/or punitive damages against each and every Defendant in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

D.     For attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 as applicable and/or as otherwise authorized by any other statute or law; and

E.     For such other relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 23rd day of September 2022.

**MILLS + WOODS LAW, PLLC**

By    _/s/ Sean Woods_
         Sean A. Woods
         Robert T. Mills
         5055 North 12th Street, Suite 101
         Phoenix, AZ 85014
         _Attorneys for Plaintiff_

**ORIGINAL** of the foregoing filed this
23rd day of September 2022 with the Clerk of
the Maricopa County Superior Court

_/s/  Shad Withers_

1

**<u>VERIFICATION</u>**

2

3

    I, Mark Houser, state as follows:

4

    I am the Plaintiff listed in the foregoing Verified First Amended Complaint and

5

6

know the contents thereof.  The allegations contained therein are true to the best of my

7

knowledge, except those made upon information and belief, and as to those, I believe them

8

to be true.

9

10

11



Mark Houser (Sep 23, 2022 13:00 PDT)

12

Mark Houser

13

14

15

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

16

17

18

19

20

21

22

23

24

25

26

27

28