Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Houser, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Scottsdale, a governmental municipality; Officer Stephenson, an individual; Detective Timothy Koerner, an individual; Officer P. Bogumill, an individual; Sergeant Williamson, an individual; Entities 1-10; and Does 1-10,<br><br>　　　　　Defendants. | No.: CV-23-01394-PHX-SMB (ESW)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO STAY AND TO RECOVER COSTS AND ATTORNEYS' FEES PURSUANT TO RULE 41(D), FED. R. CIV. P.**<br><br>(Assigned to the Honorable Susan M. Brnovich and Referred to the Honorable Eileen S. Willett) |

Through counsel undersigned, Plaintiff Mark Houser ("Plaintiff" or "Mark") hereby submits his Response in opposition to the *City Defendants' Motion to Stay and to Recover Costs and Attorneys' Fees Pursuant to Rule 41(d), Fed. R. Civ. P.* (the "City Defendants' Motion") filed by Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson (collectively, the "City Defendants").

This Response is supported by the relevant parts of the record in this action and the Memorandum of Points and Authorities below.

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **BACKGROUND FACTS**

On August 26, 2022, Plaintiff filed a Complaint in Maricopa County Superior Court entitled *Houser v. City of Scottsdale*, et. al., CV2022-011287 (the "First Action"). On September 23, 2022, Plaintiff filed his First Amended Verified Complaint in the First Action (the "FAC"). Pl.'s 1st Am. Ver. Compl., Sep. 23, 2022, ECF No. 13-2. The First Action was then removed to the District of Arizona. Dkt. No 1, CV-22-1809-PHX-SMB-ESW.

The FAC was filed against a grand total of *fifteen* (15) named Defendants, namely: the City of Scottsdale and the City of Scottsdale Police Department (collectively, the "First Municipal Defendants"); *three* (3) entities (Community Bridges, Inc., ConnectionsAZ, LLC, and Maricopa County Special Health Care District (collectively, the "Entity Defendants")), and; *ten* (10) Scottsdale police officers (Stephenson, Willis, Owusu-Ansah, Koerner, Bogumill, Henningsen, Williams, Carlucci, Evhernandez, and "M. #8577" (collectively, the "First Officer Defendants"). Pl.'s 1st Am. Ver. Compl. 1:13-26, ECF No. 13-2. The FAC sets forth a grand total of *ten* (10) Counts, namely: four (4) federal law claims against the First Municipal and First Officer Defendants ("Unwarranted Search of Plaintiff's Residence," "Unwarranted Seizure of Plaintiff's Personal Property," "Unwarranted Seizure of Plaintiff's Person," and "Civil Conspiracy to Violate Plaintiff's Civil Rights"); one (1) federal law claim against the First Municipal Defendants ("*Monell* Liability"), and; five (5) state law claims against the Entity Defendants ("Abuse of Process," "False Imprisonment," "Invasion of Privacy – False Light," "Intentional

2

Infliction of Emotional Distress," and "Negligent Hiring, Training, Supervision, and Retention"). *Id.* at 14-22.

Prior to removal, Defendant Community Bridges, Inc. filed a motion to dismiss. Dkt. No 1-6, CV-22-1809-PHX-SMB-ESW. On November 1, 2022, Co-defendants ConnectionsAZ, LLC and Maricopa County Special Health Care District each filed a motion dismiss after removal. Dkts. No. 5-6, CV-22-1809-PHX- SMB-ESW.

Counsel for the First Municipal and First Officer Defendants (collectively, the "First City Defendants") sent Plaintiff's counsel a meet and confer letter outlining purported deficiencies in the FAC that would be subject to a future motion to dismiss. *See* City Defs.' Mot. 3:11-13, ECF No. 13. In support, counsel for the First City Defendants invited Plaintiff's counsel to view certain materials, including "four OBC videos, an hour and twenty-minute IA interview with Plaintiff, two committal orders dated May 19, 2021 and July 15, 2021, including the respective Applications for Involuntary Evaluation, two Police Reports from May 9, 2021 and May 20, 2021, and two Field Interview Reports dated May 7, 2021 and May 20, 2021." *Id.* at 3:7-11. In good faith, Plaintiff's counsel agreed and reviewed the materials in person for a total of at least three (3) hours on November 3 and 7, 2022. *See id.* at 3:14-16. In response, and also in good faith, Plaintiff's counsel then agreed to dismiss the action *without prejudice* under Fed. R. Civ. P. 41(a)(1)(A)(i) in order to give Plaintiff time to rethink and reevaluate the propriety of each of his claims, and of naming each Defendant. *See id.* at 3:16-18. Plaintiff filed the dismissal on November 7, 2022, Dkt. No. 8, CV-22-1809-PHX-SMB-ESW, and it was granted the next day, Dkt. No. 9, CV-22-1809-PHX-SMB-ESW. Notably, Plaintiff's dismissal and the court's Order

3

granting same were both filed *before* the First City Defendants filed their potential motion to dismiss *and before* the court had the opportunity to issue a ruling on any of the pending Entity Defendants' motions to dismiss.

Plaintiff took several months after dismissing the First Action without prejudice to carefully and thoughtfully rethink and reevaluate the propriety of each of his claims and of each defendant sued therein. Ultimately, Plaintiff decided not to proceed on most of the claims and against most of the Defendants in the First Action. However, he also determined that some of the claims, and naming a few of the Defendants, still had merit. Therefore, on July 14, 2023, he filed a new, streamlined, Verified Complaint (the "Current Complaint") in the District of Arizona (the "Current Action"). Pl. Ver. Compl., ECF No. 1.

In stark contrast to the FAC, the Current Complaint drops ten (10) of the Defendants named in the First Action and names only five (5): the City of Scottsdale and four (4) Scottsdale police officers (Stephenson, Koerner, Bogumill, Williamson). *See id.* at 1:13-17. Moreover, the Current Complaint only contains four (4) Counts, as it drops seven (7) of the FAC's Counts and adds one (1) not asserted in the First Action – for "Violation of Plaintiff's Due Process Civil Rights Under 42 U.S.C. § 1983." *See id.* at 20-23. The Current Action retains only the claims for "Unwarranted Seizure of Plaintiff's Person," "Civil Conspiracy to Violate Plaintiff's Civil Rights," and the *Monell* claim only with respect to "Unwarranted Seizure of Plaintiff's Person." *See id.*

///

///

4

## II. LEGAL ARGUMENT

The City Defendants now move for their costs and fees incurred in the First Action, and for the Current Action to be stayed until Plaintiff pays those costs and fees.

### A. Rule 41(d), Generally

Fed. R. Civ. P. 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) *may* order the plaintiff to pay all or part of the costs of that previous action; and (2) *may* stay the proceedings until the plaintiff has complied." *Id.* (emphasis added). "In analyzing purported violations of Rule 41, the [nonmovant] bears the burden to show a persuasive explanation for its course of the litigation, while the [movant] must show [ ] that it incurred needless expenditures as a result of [the nonmovant's] conduct." *Davis v. Voorhees*, No. CV-21-08249-PCT-DLR, at *4 (D. Ariz. July 12, 2022) (quoting *Senah, Inc v. Xi 'an Forstar S&T Co, Ltd*, No. 13-CV-04254-BLF, at *1 (N.D. Cal. July 3, 2014)). "The rule is 'intended to serve as a deterrent to forum shopping and vexatious litigation.'" *Id.* (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996)). "*[N]either costs nor a stay [are] mandatory*." *Id.* (emphasis added) (quoting *Cisneros v. Moreno*, No. 1:19-CV-1676 JLT PC, at *2 (E.D. Cal. Dec. 4, 2020)). Any award "must be limited to the costs and fees [defendant] would not have incurred but for [plaintiff's] dismissal and refiling." *Owen v. Hyundai Motor Am.*, 2:22-cv-00882-KJM-CKD, at *2 (E.D. Cal. Apr. 13, 2023).

///

///

5

### B. Rule 41(d)'s Application to the Circumstances Here

Here, as is readily apparent from the facts as set forth in **§ II(A)**, *supra*, the Current Action is far from a "near carbon copy" of the First Action, as claimed by the City Defendants. *See* City Defs.' Mot. 2:7, ECF No. 13. The Current Complaint drops ten (10) of the First Action's defendants, and names only the City of Scottsdale and four (4) police officers. *See* Pl. Ver. Compl. 1:13-17, ECF No. 1. Moreover, the Current Complaint retains only two (2) of the FAC's ten (10) claims in full – "Unwarranted Seizure of Plaintiff's Person" and "Civil Conspiracy to Violate Plaintiff's Civil Rights" – and retains its *Monell* claim only in part. *See id.* at 20-23. Therefore, to the extent Rule 41(d) is applicable to the Current Action, it is only to a small extent.

Moreover, as the facts set forth in **§ II (A)**, *supra*, show, Plaintiff has successfully borne his burden to "show a persuasive explanation for [hi]s course of the litigation … ." *See Davis*, *supra*. In good faith, he dismissed the First Action without prejudice after conferring with counsel for the First City Defendants regarding purported deficiencies with the FAC, and after hours of reviewing evidence in the First City Defendants' possession. He then took several months to carefully and thoughtfully rethink and reevaluate the propriety of his claims, and ultimately decided to significantly streamline his claims and refile only a small portion of them against only a third of the First Action's defendants. There is nothing improper about Plaintiff's litigation conduct here, and certainly nothing resembling bad faith or vexatious litigation.

Moreover, this is not a case of forum shopping. While Plaintiff originally filed the First Action in state court, it was quickly removed to the District of Arizona, exactly where

Plaintiff filed the Current Action. There is absolutely no evidence that Plaintiff's litigation conduct involves any tactical or strategic maneuvering to obtain a more favorable forum. Moreover, because no dispositive rulings were ever entered in the First Action, there is absolutely no evidence that Plaintiff dismissed and subsequently refiled in order to obtain a judge with a more favorable bent.

### C. Costs

The City Defendants request "$402 in costs in the First Action for the removal filing fee." City Defs.' Mot. 4:25-5:1, ECF No. 13. Even where Rule 41(d) is violated, an award of costs is not required. *Davis*, *supra*. Rather, a court "should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996). Here, there is no evidence Plaintiff has indulged in the conduct the Rule is meant to deter, forum shopping and vexatious litigation. *See Davis*, *supra*. Moreover, there is no evidence that the City Defendants have suffered any prejudice. Thus, an award of costs is not appropriate.

However, even if it is appropriate here, and it is not, the Court should only award a small portion of those costs, to correspond with the relatively small portion of the First Action remaining in the Current Action.

Finally, any award of costs "must be limited to the costs … [defendant] would not have incurred but for [plaintiff's] dismissal and refiling." *See Owen*, *supra*. The City Defendants would have incurred the removal filing fee in the First Action regardless of whether or not Plaintiff filed the Current Action.

### D. Fees

The City Defendants request $10,566.10 in fees incurred in defending against the First Action, or in the alternative, $3,357.57 in fees "for work that is not applicable to the current lawsuit … ." *See* City Defs.' Mot. 6:3-12, ECF No. 13. Unfortunately for the City Defendants, and as they acknowledge, the Ninth Circuit recently held that for purposes of Rule 41(d), "'costs' *do not include attorney's fees* as a matter of right … ." *Moskowitz v. Am. Sav. Bank*, 37 F.4th 538, 545 (9th Cir. 2022) (emphasis added).

The City Defendants cite a handful of cases to support their claimed right to attorneys' fees, but only two (2) of them were issued post-*Moskowitz*: *Ortega v. Am. Honda Motor Co.*, No. 222CV04276FLAMRWX (C.D. Cal. Mar. 24, 2023) and *Owen v. Hyundai Motor Am.*, No. 222CV00882KJMCKD (E.D. Cal. Mar. 15, 2023). Both of those opinions are readily distinguishable.

In *Ortega*, the court awarded fees on the grounds that "[p]laintiffs acted in bad faith and engaged in forum shopping" because they "filed their action in their preferred forum – state court – waited to see whether [d]efendant would move to compel arbitration, and, once [d]efendant did so, dismissed the state court action, and refiled it [in federal court] 'because controlling federal law makes it unlikely that [d]efendant would prevail on a motion to compel arbitration.'" *Ortega*, No. 222CV04276FLAMRWX at *7. Similarly, the court in *Owen* awarded fees only because "attorneys' fees remain available to deter bad-faith dismissals in search of a preferred court or judge." *See Owen*, No. 222CV00882KJMCKD at **5-6. Those cases are completely unlike the circumstances

8

here, where there is no evidence that Plaintiff has engaged in forum shopping or any similar strategic or tactical maneuvering, nor has acted in bad faith.

The City Defendants also argue that they are entitled to fees "because Plaintiff brings claims under Section 1983," and "Title 42 U.S.C. § 1988(b) provides a statutory basis for the Court to award a reasonable attorney fee to the prevailing party in Section 1983 civil rights litigation." City Defs.' Mot. 7:6-9 (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013)). But, the City Defendants were never "the prevailing part[ies]" in the First Action. Plaintiff voluntarily dismissed them without prejudice before any dispositive orders were issued, let alone a judgment on the merits.

For all the foregoing reasons, the City Defendants are not entitled to any attorneys' fees under Rule 41(d). But to the extent they are (and they are not), the Court should only award a small portion of those fees, to correspond with the relatively small portion of the First Action that remains in the Current Action. Moreover, because any award of fees "must be limited to the … fees [defendant] would not have incurred but for [plaintiff's] dismissal and refiling," *see Owen*, *supra*, the Court must also reduce any fee award accordingly.

Furthermore, the City Defendants cannot have it both ways. They cannot on the one hand claim that the Current Action is a "near carbon copy" of the First Action, City Defs.' Mot. 2:7, while on the other hand argue that they are entitled to *all* their fees from the First Action because "all the work [from the First Action] will need to be redone, including officer interviews, review and gathering of case materials and legal research," since "[t]he significant delay in re-filing will require the City to effectively start from

9

scratch," *see id.* at 6:4-10. Both claims cannot be true. To the extent that the Current Complaint mirrors the FAC, the legal work in the First Action should also be applicable to the Current Action, and thus should not be part of any fee award. That a mere eight (8) month delay in re-filing somehow requires "all the work" from the First Action "to be redone" frankly strains credulity.

Finally, the "Time and Expense Report for Attorney's Fees," City Defs.' Mot., Ex. 1, Ex. A, ECF No. 13-1, submitted in support of the City Defendants' fee request contains multiple instances of block billing, *see, e.g.*, *id.* 9/26/2022, 9/28/2022, 10/14/2022, 11/1/2022, a practice that violates Local Rule 54.2(e), *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, at *18 (D. Ariz. Sept. 21, 2016) (reducing the fee awarded for a block billed entry by 20%), and "makes it nearly impossible for the Court to determine the reasonableness of the hours spent on each task," *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1247 (D. Ariz. 2014) (stating the court would reduce the award accordingly where it could not distinguish between the times claimed for various tasks and subtracting 33.7 hours from the lodestar calculation).

In light of all the foregoing, if the Court determines the City Defendants are entitled to fees, it should dramatically reduce the amount requested.

**E.     Stay**

Just as with an award of costs or fees, a stay of this matter pending payment of any awarded amounts is not required, even if Rule 41(d) is violated. *See Davis*, *supra*. Moreover, because, as set forth extensively above, there is no evidence Plaintiff has indulged in the conduct that Rule is meant to deter – forum shopping and vexatious

10

litigation – and there is no evidence that the City Defendants have suffered any prejudice, such a stay is not appropriate.

### III. CONCLUSION

For all the foregoing reasons, the Court should deny the City Defendants' Motion and should decline to award them costs or attorneys' fees, or grant them a stay. However, to the extent the Court decides to grant them costs and/or fees, those costs and/or fees should be dramatically reduced from the amounts requested.

**RESPECTFULLY SUBMITTED** this 24th day of November 2023.

**MILLS + WOODS LAW, PLLC**

By   */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 N 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiff*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lori S. Davis
lodavis@scottsdaleaz.gov
Lindsey M. Gomez-Gray
LGomezGray@scottsdaleaz.gov
**SCOTTSDALE CITY ATTORNEY'S OFFICE**
legal@scottsdaleaz.gov
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
*Attorneys for Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson*

           /s/ Ben Dangerfield