**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
(480) 312-2548 (F)
legal@scottsdaleaz.gov

Attorneys for Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>            Plaintiff,<br>vs.<br><br>City of Scottsdale, et. al.,<br><br>            Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**CITY DEFENDANTS' MOTION TO DISMISS** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson, (collectively, "City Defendants" or "Defendants") move to dismiss Plaintiff's Complaint ("Complaint") in its entirety with prejudice.

### INTRODUCTION

Plaintiff disagrees with the current statutes governing involuntary commitments and wants this Court to alter the Title 36 process. This suggestion is inappropriate and misplaced. If Plaintiff takes issue with the Title 36 process then he must initiate his proposed changes through the legislature, not the courts. *See DaimlerChrysler Servs. N. Am., LLC v. Arizona Dep't of Revenue*, 210 Ariz. 297, 306 (Ct. App. 2005) ("It is the business of the legislature, not

the judiciary, to set policy."). As such, dismissal is appropriate under Article III standing principles because Defendants followed statutory procedure, Plaintiff's injury is not fairly traceable to the Defendants, and Plaintiff's injury (if any) did not result from the actions of the Defendants.

Dismissal is further appropriate here because Plaintiff has failed to allege any facts to support a constitutional violation under the Fourth (seizure) or Fourteenth (due process) Amendments against the individual City Defendants (Stephenson, Koerner, Bogumill, and Williamson) in Counts I, II, and III.[1] Plaintiff has also failed to allege facts to support a claim for civil conspiracy against all Defendants in Count II – the intracorporate conspiracy doctrine bars his claim. Finally, Plaintiff has failed to allege facts sufficient to support a *Monell* claim against the City in Count IV. Thus, Plaintiff's Complaint, in its entirety, fails to state a claim upon which relief may be granted and should be dismissed. This Motion is supported by the Memorandum of Points and Authorities and exhibits attached hereto.

## CERTIFICATION OF CONFERRAL

Pursuant to LRCiv 12.1, the undersigned certifies that before filing the instant motion she sent Plaintiff a detailed meet and confer letter on November 13, 2023 regarding the issues asserted in this Motion. Plaintiff has not confirmed agreement to dismiss or moved to amend. As such, the City Defendants must now file the instant motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE 12(B)(6) STANDARD

A complaint must be supported by specific non-conclusory factual allegations sufficient to support a finding that the claims are more than merely possible, they are plausible on their face. *See*

---

[1] Plaintiff also names "Does 1-10" as Defendants. There is no provision for "Doe" defendants in federal court, and as such, these "Does 1-10" must be dismissed. *See Fifty Assoc. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970); *see also* Fed. R. Civ. P. 10(a) (requiring that a complaint name all parties) and Fed. R. Civ. P. 4(m) (mandating service of a complaint within 120 days of filing); *De Lamos v. Mastro*, No. CV-10-1654-PHX-FJM, 2010 WL 3809936, at *1 (D. Ariz. Sep. 20, 2010).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Determining whether a complaint states a plausible claim for relief is "a context-specific task" requiring the court "to draw on its judicial experience and common sense." *Id.* Where well-pleaded facts only "permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. *Id.*

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679. It is insufficient for the Plaintiff to simply parrot the proof standard. *Id.* at 678. The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, § 1216, pp. 235-236 (2004)).

In evaluating a motion to dismiss, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 at 988. This Court may take judicial notice of matters of public record without converting the motion to one for summary judgment. *Lee v. Cty of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document *or the document forms the basis of the plaintiff's claim*." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added); *see also Lee*, 250 F.3d at 688 (the court may consider material relied upon for plaintiff's claims where authenticity is not in question). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

The City respectfully requests that the Court take judicial notice of the July 15, 2021 ConnectionsAZ Pick Up Order and Application (Exhibit 1) in ruling on this Motion. Here, the ConnectionsAZ Pick Up Order and Application is referenced in the Complaint, is integral to Plaintiff's claims, and the authenticity of the report itself is not in question.

## II.   LEGAL ARGUMENT

### A.   The SPD must be dismissed

Plaintiff's Complaint lists the Scottsdale Police Department ("SPD") as a Defendant in the heading for Count I. *See* Dkt. No. 1 at Count I.[2] There are no other factual allegations against the SPD in the complaint. *See generally* Dkt. No. 1. SPD is a non jural entity that cannot legally sue or be sued. *See, e.g.*, *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010) ("[T]here is a consensus among Arizona federal decisions that city police departments generally are nonjural entities … We therefore conclude [Maricopa County Sheriffs Office] is a nonjural entity and should be dismissed from this case."); *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (dismissing the Phoenix Police Department because it is a subpart of the City of Phoenix and "not a separate entity for purposes of suit"); *see also Matwyuk v. Arizona*, No. CV2208082PCTJATDMF, 2022 WL 2077967, at *3 (D. Ariz. June 9, 2022) (citing *Gotbaum* and *Braillard* and dismissing Kingman Police Department). Furthermore, dismissal of the SPD will not deprive Plaintiffs of any remedy to which he would otherwise be entitled. *See Gotbaum*, 617 F. Supp. 2d at 887. In the unlikely event any of Plaintiff's claims survive, the City would be the responsible public entity. As such, the SPD must be dismissed with prejudice from this lawsuit as it is not subject to suit in any form.

---

[2] References to the allegations in the Complaint are accepted as true for purposes of this Motion, only.

**B.     The Complaint fails to allege facts sufficient to support Article III standing**

Article III, section 2 of the United States Constitution limits the jurisdiction of federal courts to only "Cases" and "Controversies." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). "Standing is an essential and unchanging part of the case-or-controversy requirement" and is therefore a prerequisite to the exercise of that jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

To establish Article III standing, a plaintiff must show three elements: (1) plaintiff must have suffered an injury in fact; (2) the injury must be fairly traceable to the challenged action by the defendant; and (3) it must be likely that the injury will be redressed by a favorable court decision." *Lujan*, 504 U.S. at 560. If the plaintiff fails to meet its burden of establishing any of these "indispensable" elements, then the plaintiff is without standing to seek relief. *Id.* at 560–61; *Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) (citing *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013)) (plaintiff must make "a clear showing of each element of standing").

Here, Plaintiff's allegations and requested relief fail to meet case or controversy requirements. First, Plaintiff has no "injury in fact". The Complaint does not allege any injury resulting from Officer Stevenson's or Officer Bogumill's interactions with Plaintiff on May 7, 2021 and May 2021, respectively. Regarding Detective Koerner and Sergeant Williamson, their actions, detailed below, complied with Arizona's involuntary commitment statutes. To the extent there is a properly alleged injury (there was not), they are entitled to immunity from civil suit. *See infra* II(D), (F).

Second, an injury, if any, is attributable to non-parties not before the Court. *See* Dkt. No. 1 at ¶¶ 93, 96, 112 (discussing the conduct of non-City of Scottsdale individuals). Article III "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Raduga USA Corp. v. U.S. Dep't of State*, 440 F. Supp. 2d 1140, 1144 (S.D. Cal. 2005), Under Arizona's involuntary commitment statutes, the Application prepared by Detective Koerner is just the preliminary step to an involuntary commitment.  The process then requires the prescreening agency (in this case, ConnectionsAZ) to review the Application and independently determine if

"reasonable cause" exists to believe that the emergency examination is necessary. *See* A.R.S. §36-524. In this case, ConnectionsAZ, a non-City of Scottsdale entity, made an independent determination that an emergency examination was necessary and issued a Pick-Up Order. *See* Ex. 1; discussion *infra* at II(D). The Pick-Up Order and Arizona law then required SPD officers to pick-up and transport of Plaintiff to the treatment facility for evaluation. *See* Ex. 1; discussion *infra* at II(D). After Plaintiff was dropped off, ConnectionsAZ timely filed a petition for court-ordered evaluation. *See* Dkt. No. 1 ¶93; A.R.S. §36-527(A). The process then requires a hearing, and here, the Complaint affirmatively alleges that at that hearing, a court found Plaintiff was "persistently and acutely disabled." *See* Dkt. No 1 at ¶112. Treatment was ordered. Accordingly, to the extent Plaintiff alleges an injury from the examination, hearing or court ordered treatment, those injuries are not fairly traced to the actions of the City Defendants.

Finally, Plaintiff has not plead redressability. The Arizona Legislature is the proper forum to address Plaintiff's qualms with the involuntary commitment process. *See DaimlerChrysler*, 210 Ariz. at 306. Moreover, while Plaintiff may not have liked a court ordered him into treatment, the involuntary commitment process worked as it should and, by his own admission, there is no injury for the Court to redress. *See* Dkt. No 1 at ¶112. Thus, Plaintiff lacks Article III standing to bring his claims and the Complaint must be dismissed.

### C. Count II of the Complaint fails to state a claim for civil conspiracy

The Complaint is devoid of facts to establish a civil conspiracy. But, even if Plaintiff were able to state such facts, the intracorporate conspiracy doctrine applies and bars his claim. The intracorporate conspiracy doctrine "bars a claim for conspiracy where the allegation is that an entity conspired with its employees to violate an individual's constitutional rights." *See Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1074 (D. Ariz. 2012), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013). Specifically, Count II of the Complaint alleges that the City (and the SPD) along with the four named City of Scottsdale police officers conspired to violate Plaintiff's constitutional rights. *See* Dkt. No. 1 at Count II. These allegations fall

squarely within the intracorporate conspiracy doctrine. Because Plaintiff has failed to allege facts that would support a claim for civil conspiracy, Count II should be dismissed with prejudice. *See Hasbrouck v. Yavapai Cnty.*, No. CV-20-08112-PCT-DWL, 2021 WL 321894, at *15 (D. Ariz. Feb. 1, 2021) (dismissing with prejudice conspiracy claim under the intracorporate conspiracy doctrine, where like here, the plaintiff alleged the county and various county employees conspired to violate the plaintiff's rights); *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2015 WL 13759956, at *5 (D. Ariz. Nov. 20, 2015) (same).

### D. Count I of the Complaint fails to state a claim for unwarranted seizure of Plaintiff's person

Count I of the Complaint purports to assert a constitutional claim based upon the seizure of Plaintiff's person by all Defendants. However, Plaintiff has failed to allege facts sufficient to maintain such a claim.

Arizona involuntary commitment statutes are codified in Chapter 36. When construing statutes, courts apply "a practical and commonsensical construction." *State v. Alawy*, 198 Ariz. 363, 365 (Ct. App. 2000). The objective is to accomplish the legislative intent by considering the statute as a whole and giving harmonious effect to all its sections. *Sandblom v. Corbin*, 125 Ariz. 178, 182–83 (Ct. App. 1980). The court gives words their ordinary or plain meaning unless an absurdity would result. *Patterson v. Maricopa Cnty. Sheriff's Off.*, 177 Ariz. 153, 156 (Ct. App. 1993).

Here, the order for involuntary commitment was made under A.R.S. § 36-524. *See* Exhibit 1.[3] Under. A.R.S. § 36-524, if a person is not already at the evaluating agency, and the admitting officer "has reasonable cause to believe that an emergency examination is necessary" after review of the application, the admitting officer "may advise the peace officer, that sufficient grounds exist

---

[3] A.R.S. § 36–520, cited in the Complaint, simply provides a separate way a person can be involuntarily committed. *Compare* A.R.S. § 36-520 (application requiring a court order for evaluation) *with* A.R.S. § 36-524 (application for evaluation can be made to a hospital's admitting officer without a court order).

20089750v1                           Page 7 of 15

to take the person into custody and to transport the person to the evaluation agency." The admitting officer in this case – Courtney Avevalo, PA-U, reviewed the application and determined that an emergency examination was necessary and signed the Police-Pick-Up Order to transport Plaintiff to ConnectionsAZ. *See* Ex. 1.

Once the Police-Pick-Up order was signed, Arizona's involuntary commitment statutes mandate that a peace officer (here, the SPD officers) apprehend and transport a person to an evaluation agency. *See* A.R.S. § 36-525(A). At the time of Plaintiff's pick-up and transport, §36-525(A) stated:

> A peace officer, on the advice of the admitting officer of the evaluation agency pursuant to § 36-524, subsection E, ***shall*** apprehend and transport a person to an evaluation agency.

*Id.* (emphasis added).[4]

As discussed above, courts give statutes their plain meaning. Here, "shall" imposes a mandatory obligation on the SPD officer to apprehend and transport Plaintiff. *See HCZ Const., Inc. v. First Franklin Fin. Corp.*, 199 Ariz. 361, 364 (Ct. App. 2001) ("The ordinary meaning of 'shall' in a statute is to impose a mandatory provision.").

That an SPD officer was required to pick-up Plaintiff and transport him pursuant to §36-525(A) is further confirmed in the ConnectionsAZ Police Pick-Up Order, which references the statute and states unequivocally the SPD "shall apprehend and transport [Plaintiff] to ConnectionsAZ, Inc. (UPC)":

---

[4] Section 36-525 was amended in September 2022, after Plaintiff's pick-up and transport. Under Arizona law, substantive enactments are presumed *not* to apply retroactively unless they contain an express statement of retroactive intent. *See Greenawalt v. Sun City W. Fire Dist.*, 23 F. App'x 650, 651 (9th Cir. 2001) (collecting cases). Here, there was no legislative intent to apply the statute retroactively, and to do so would impair the City Defendants' substantive rights under the statute.

> **ConnectionsAZ, Inc. Police Pick Up Order**
>
> I, _Courtney Arevalo PA-U_ pursuant to ARS 36-525 subsection A, direct that
> (admitting officer (print))
>
> _Scottsdale PD_____, shall apprehend and
> (law enforcement agency)
>
> transport _Mark Christopher Houser_ to ConnectionsAZ, Inc. (UPC)
> (proposed patient)

*See* Ex. 1. For this reason alone, Count I fails as a matter of law and must be dismissed.

Not only were SPD officers mandated to pick-up and transport Plaintiff by statute and the ConnectionsAZ Pick Up Order, A.R.S. § 36-525(D) provides the SPD officers with immunity for doing so. Specifically, § 36-525(D) states: "A peace officer who makes a good faith effort to follow the requirements of this section is not subject to civil liability." In the context of statutory immunity for a good faith act, Plaintiff must present evidence of bad faith or malice. *See L.A.R. v. Ludwig*, 170 Ariz. 24, 28 (Ct. App. 1991). The Complaint makes no allegations of bad faith or malice on behalf of the SPD officers in apprehending and transporting Plaintiff. Thus, Det. Koerner, Sgt. Williamson and the unnamed SPD officers who picked-up and transported Plaintiff are entitled to immunity. *See* A.R.S. § 36-525(D); *see also Savage v. Boies*, 77 Ariz. 355, 357 (1954) (holding that where the sheriff is directed by the court's order to detain an individual, the officers are required to do so by law and therefore are fully protected from liability for doing so).[5]

Accordingly, Plaintiff has failed to state a claim for unwarranted seizure of Plaintiff's person and cannot amend his complaint to state such a claim. Count I must be dismissed with prejudice.

   **E.   Count III of the Complaint fails to state a claim for violation of Plaintiff's due process rights**

Count III of the Complaint alleges that all Defendants violated Plaintiff's due process rights by "failing to adhere to Arizona [s]tatutory requirements including providing notice to Plaintiff of an

---

[5] There are no factual allegations that Officers Bogumill or Stevenson were present when Plaintiff was picked-up on July 16, 2021 (and, in fact, they were not present). *See generally* Dkt. No. 1.

involuntary confinement application, by failing to provide timely notice of a hearing, by failing to allow Plaintiff to attend the hearing, and by failing to allow Plaintiff to introduce evidence from his Psychiatrist, Plaintiff was involuntarily confined." Dkt. No 1 at ¶128.  As an initial matter, as discussed above, Officers Bogumill and Stevenson were not involved in the pick-up and transport of Plaintiff to ConnectionsAZ. Count III must be dismissed against those City Defendants on that basis alone.

Assuming Count III applies to Sgt. Williamson and Det. Koerner, it nevertheless fails as a matter of law. The procedures for apprehension and transportation are set forth in A.R.S. § 36-525 and nothing in the statute requires the SPD to provide a copy of the application, notice of hearing or advise Plaintiff of his rights to attend or present evidence at a hearing. *Cf.* Dkt. No 1 at ¶128 *with* A.R.S. § 36-525.  The SPD's role is merely to pick-up and transport a potential patient to the facility.

Plaintiff's reliance on A.R.S. § 36-528 in the Complaint is misplaced. *See* Dkt. No 1 at ¶90. Section 36-528 applies to "duties of the [admitting] agency (*i.e.*, ConnectionsAZ)" not the officers charged with picking-up and transporting the patient to the facility. To read § 36-528 to require the SPD provide those documents would be an absurd result. Moreover, the Complaint concedes that Plaintiff received these documents from the admitting agency on July 22, 2021, in advance of the July 29, 2021 ruling finding Plaintiff "persistently and acutely disabled." *See* Dkt. No 1 at ¶¶96, 112. If those documents were untimely, the claim rests with the admitting agency, not the City or its officers.  Count III must be dismissed.

F.     **Det. Koerner has immunity under A.R.S. § 36-515**

A.R.S. § 36-515(A) provides that a "person acting in good faith upon either actual knowledge or reliable information who makes application for evaluation or treatment of another person pursuant to this chapter is not subject to civil or criminal liability for such act." This is a qualified immunity statute, and as such, to overcome it Plaintiff must present evidence of actual malice, or bad faith, on the part of Det. Koerner in connection with the

application. *See, e.g., L.A.R. v. Ludwig*, 170 Ariz. 24, 28 (Ct. App. 1991). Malice requires intent to do a wrongful act. *See id*.

Plaintiff has set forth conclusory allegations that the information provided by Det. Koerner in the Application was unsubstantiated and incorrect. These conclusory allegations are directly contradicted by his own Complaint, which affirmatively alleges that a court found him "persistently and acutely disabled" on July 29, 2021 *See* Dkt. No. 1 at ¶¶112. That Plaintiff disagrees with the Application and the court's ruling in case #MH2021-005665 does not constitute malice. The statute also does not require a pre-petition screening or for an individual to contact a treating physician prior to filling out the petition. *See generally* A.R.S. § 36-524(C). Det. Koerner's application was done in accordance with A.R.S. § 36-524(C) and he is entitled to immunity. Det. Koerner must be dismissed with prejudice.[6]

**G.   The Complaint fails to state a claim against Officers Bogumill and Stevenson, and even if it did, those claims are time-barred**

Section 1983 liability requires personal individual participation by the defendant. *Jones v. Williams*, 297 F.3d 930, 934-935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996); *Carnes v. Campos*, No. CV-08-1846-PHX-GMS, 2009 WL 806629, at *3 (D. Ariz. Mar. 26, 2009) ("[A] complaint must give defendants fair notice of what a plaintiff's claims are and the grounds upon which they rest, collective allegations are improper."). Plaintiff has failed to allege specific facts to state a claim against Officers Bogumill and Stevenson.

As to Officer Bogumill, the Complaint alleges just four facts all occurring 56 days before Plaintiff was transported to ConnectionsAZ:

- On May 20, 2021, Officer Bogumill conducted a Field Interview of Plaintiff's domestic partner who told Officer Bogumill she believed SPD seized all of Plaintiff's guns on May 9, 2021.

---

[6] The Application makes no mention of Officers Stephenson's or Bogumill's interactions with Plaintiff. But to the extent the Complaint alleges such a fact (it does not) or Plaintiff seeks to amend the complaint to allege any other Scottsdale Police Department officer was involved in the application process, they would be entitled to the same immunity because they acted in good faith.

- On May 20, 2021, Officer Bogumill contacted Plaintiff via his cell phone.

- In that conversation Plaintiff clearly told Officer Bogumill that he was under his Psychiatrist's care and had received a secondary mental health evaluation from Valley Hospital in the last week. Plaintiff never refused to submit to a voluntary evaluation. In fact he did get a secondary evaluation from Valley Hospital.

- Plaintiff further informed Officer Bogumill that Alia was not his legal wife.

*See* Dkt. No. 1 at ¶¶59-62. These allegations on their face do not allege a constitutional violation. But, even if they did, the conduct alleged occurred on May 20, 2021. Plaintiff did not file this complaint until July 14, 2023. His claims against Officer Bogumill are barred by the applicable 2-year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); A.R.S. §12-542. Officer Bogumill must be dismissed with prejudice.

Similarly, the Complaint allegations involving Ofc. Stevenson, even if accepted as true, merely establish he responded to a 911 call from Plaintiff's domestic partner and spoke with Plaintiff 70 days before the emergency transport. Dkt. No. 1 at ¶¶32-37. Responding to a 911 call, talking with Plaintiff, and filling out a police report does not state a claim for a constitutional violation. But, even if it did, the latest of these alleged facts took place on May 7, 2021 and this claim is also time-barred. Officer Stevenson must be dismissed with prejudice.

### H. Count IV of the Complaint fails to state a *Monell* claim.

Count IV of the Complaint alleges, in a conclusory fashion, that the City violated Plaintiff's constitutional rights because of inadequate policies and procedures. Plaintiff's general claims against the City fail under *Iqbal* and *Monell*. *See Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (*Monell* claims must satisfy the requirements of *Iqbal*). Plaintiff is required to "specify the content of the policies, customs, or practices the execution of which gave rise to [the] Constitutional injuries." *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 899 (N.D. Cal. 2013); *see also Inman v. Anderson*, 294 F. Supp. 3d 907, 922 (N.D. Cal. 2018). Plaintiff's allegations obviously do not rise to

this level of specificity. Plaintiff does no more than parrot the elements for the various ways a party can try to establish a claim under *Monell*. As such, Plaintiff fails to state a claim for relief that is plausible on its facts against the City.

Additionally, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents as there is no vicarious or respondeat superior liability under Section 1983. *Monell*, 436 U.S. at 691; *see also Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming 12(b)(6) dismissal of a municipality). For this reason, Counts I-III against the City must be dismissed.

To state a constitutional claim against a municipality, a plaintiff must allege facts to establish that his constitutional rights were violated pursuant to a policy, practice, or custom of the municipality. *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91). Municipal liability is only appropriate where a constitutional deprivation was directly caused by a municipal policy resulting from a deliberate choice made by a policy-making official. *Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992). Plaintiff "cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989).

Furthermore, "[w]hile the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). A municipality cannot be liable under Section 1983 where no injury or constitutional violation has occurred. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Thus, where there was no deprivation of a constitutional right, all claims against the municipality fail. *See Monell*, 436 U.S. at 691; *Miller v. Clark Cnty.*, 340 F.3d 959, 968 n.14 (9th Cir. 2003).

Here, Plaintiff has failed to state a claim for an underlying constitutional violation. Beyond that, Plaintiff has failed to allege facts sufficient to establish an unconstitutional policy or practice of the City sufficient to withstand *Iqbal* and *Monell* scrutiny. To the extent any alleged acts by the City

took place outside of the two-year statute of limitations, they are also time-barred. As such, Count IV claiming a *Monell* constitutional violation must be dismissed.

## III. CONCLUSION

Plaintiff's Complaint fails to state a claim against the City Defendants. As shown above, the Complaint fails to allege facts sufficient to sustain claims against any of the individual City defendants or a *Monell* claim against the City. For the foregoing reasons, City Defendants respectfully requests that this Court dismiss the Plaintiff's Complaint and all claims therein with prejudice and for any other relief the Court should deem just and proper.

DATED this 1st day of December, 2023.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By: *s/ Lindsey Gomez-Gray*
Lori S. Davis, Deputy City Attorney
Lindsey M. Gomez-Gray, Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorney for City Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2023, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and electronic service to Plaintiff's counsel as follows:

>Robert T. Mills
>Sean A. Woods
>MILLS + WOODS LAW PLLC
>5055 North 12th Street, Suite 101
>Phoenix, Arizona 85014
>rmills@millsandwoods.com
>swoods@millsandwoods.com
>docket@millsandwoods.com
>*Attorneys for Plaintiff*

By: ___s/ V. Frost___
Employee of the Scottsdale
City Attorney's Office