WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, | No. CV-23-01394-PHX-SMB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson's (collectively, "City Defendants") "Motion to Stay and to Recover Costs and Attorneys' Fees Pursuant to Rule 41(d), Fed. R. Civ. P." (Doc. 13). The City Defendants request a total award of $402 in costs and $10,566.10 incurred in defending Plaintiff's first action. (Doc. 13 at 8). The City Defendants further request that the Court stay this matter until Plaintiff has paid these costs and fees. The Court has reviewed the Motion (Doc. 13), Plaintiff's Response (Doc. 14), and the City Defendants' Reply (Doc. 15). For the reasons discussed below, the Motion will be denied.

Federal Rule of Civil Procedure 41(d) provides as follows:
> (d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>> (1) may order the plaintiff to pay all or part of the costs

of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

"Rule 41(d) is an expression of the Court's inherent power to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claim." *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010); *see also Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (describing the "dangers of harassment and vexatious litigation . . . in cases covered by Rule 41(d)").

"In analyzing purported violations of Rule 41, the Plaintiff bears the burden to show a 'persuasive explanation' for its course of the litigation, while the Defendant must show only that it 'incurred needless expenditures' as a result of the Plaintiff's conduct." *Senah, Inc v. Xi'an Forstar S&T Co, Ltd*, No. 13-CV-04254-BLF, 2014 WL 3058292, at *1 (N.D. Cal. July 3, 2014) (citations omitted). The rule is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992)). "It conveys broad discretion on federal courts to order stays and payment of costs, but neither costs nor a stay is mandatory." *Cisneros v. Moreno*, No. 1:19-CV-1676 JLT PC, 2020 WL 7122074, at *2 (E.D. Cal. Dec. 4, 2020) (internal quotations and citation omitted).

In 2022, Plaintiff filed an action against the City Defendants and numerous other Defendants in the Superior Court of Arizona. Prior to removal, Defendant Community Bridges, Inc. filed a Motion to Dismiss. On October 21, 2022, Defendants in that action removed the case to the United States District Court, District of Arizona (Case No. CV-22-01809-SMB). On November 1, 2022, Defendants ConnectionsAZ, LLC and Maricopa County Special Health Care District moved to dismiss the action. (*Id.*, Docs. 5-7). On November 7, 2022, Plaintiff filed a Notice of Voluntary Dismissal. (*Id.*, Doc. 8). On November 8, 2022, the District Judge dismissed the matter without prejudice. (*Id.*, Doc. 9).

On July 14, 2023, Plaintiff filed his Complaint in the instant action. (Doc. 1). The

Complaint does not name Community Bridges, Inc., ConnectionsAZ, LLC, or Maricopa County Special Health Care District as Defendants. Plaintiff's Response (Doc. 14 at 6) correctly notes that the Complaint in the pending matter names only the City of Scottsdale and four police officers, eliminating ten of the Defendants named in the prior action.

In opposing the City Defendants' Motion (Doc. 13), Plaintiff states that he voluntarily dismissed the prior action after conferring with counsel for the City Defendants regarding purported deficiencies in Plaintiff's pleading and "and after hours of reviewing evidence in the First City Defendants' possession." (Doc. 14 at 6). Plaintiff states that he "then took several months to carefully and thoughtfully rethink and reevaluate the propriety of his claims, and ultimately decided to significantly streamline his claims and refile only a small portion of them against only a third of the First Action's defendants." (*Id.*).

After reviewing the parties' briefing, the Court finds that Plaintiff has presented a persuasive explanation for his litigation conduct. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1391 n. 14 (C.D. Cal. 1996) (noting that a court may decline to award fees where a plaintiff has a persuasive explanation for his litigation conduct or where justice so requires) (citing *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989) (noting that courts may refuse to award costs under 41(d) where plaintiff offers a "good reason for the dismissal of the prior action or [where] the plaintiff is financially unable to pay the costs")). The Court does not find evidence demonstrating that Plaintiff filed the prior action or instant action for any vexatious, harassing, or forum-shopping purposes. Considering the intent of Rule 41(d), the applicable law, and the circumstances in this case, the Court finds it appropriate to deny the City Defendants' Motion (Doc. 13). Accordingly,

**IT IS ORDERED** denying the City Defendants' "Motion to Stay and to Recover Costs and Attorneys' Fees Pursuant to Rule 41(d), Fed. R. Civ. P." (Doc. 13).

Dated this 11th day of December, 2023.

Honorable Eileen S. Willett
United States Magistrate Judge