Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Houser, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Scottsdale, a governmental municipality; Officer Stephenson, an individual; Detective Timothy Koerner, an individual; Officer P. Bogumill, an individual; Sergeant Williamson, an individual; Entities 1-10; and Does 1-10,<br><br>Defendants. | No.: CV-23-01394-PHX-SMB (ESW)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS**<br><br>(Assigned to the Honorable Susan M. Brnovich and Referred to the Honorable Eileen S. Willett) |

Through counsel undersigned, Plaintiff Mark Houser ("Plaintiff" or "Mark") hereby responds in opposition to City Defendants' Motion to Dismiss filed by Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson (collectively, "Defendants"). This Response is supported by the relevant parts of the record in this matter and the Memorandum of Points and Authorities below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     LEGAL STANDARD**

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness*

*Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). When resolving a motion to dismiss, the court properly resolves any doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The probability of success at trial should not be considered, as "a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal citation omitted). Facts plead are assumed to be true, as "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives.

"The court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Id.* Arizona appellate courts have held that

"[l]eave to amend is discretionary, but amendments will be liberally allowed; trial on the merits of the claim is favored, and amendment will be permitted unless there has been undue delay, dilatory action or undue prejudice." *E.g.*, *Owen v. Superior Court*, 133 Ariz. 75, 79 (1982). In this case, there would be no undue delay by result of further amendment, as the case has been pending for only five (5) months.

## II.  LEGAL ARGUMENT

### A.  The Scottsdale Police Department is Not a Defendant.

City Defendants' Motion to Dismiss ("Defendants' Motion") argues that the Scottsdale Police Department (the "SPD") must be dismissed as a Defendant. However, as the Complaint's caption clearly indicates, the SPD is not a Defendant in this action. *See* Compl. 1:13-17, ECF No. 1.  While it is true, as Defendants note, that the SPD is named in the heading for Count I, *see* Compl. 20:4, given that the SPD is not named in the caption and there are no factual allegations against it in the Complaint, its inclusion in the heading to Count I is clearly a typo.

### B.  Plaintiff Has Article III Standing.

To establish Article III standing, a plaintiff must show three elements: (1) plaintiff must have suffered an injury in fact; (2) the injury must be fairly traceable to the challenged action by the defendant; and (3) it must be likely that the injury will be redressed by a favorable court decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiff meets each of these three elements.

With respect to element (1), Mark has sufficiently alleged an "injury in fact." "[A]n 'injury in fact' [is] an invasion of a legally-protected interest which is (a) concrete and

3

particularized and (b) 'actual or imminent, not conjectural or hypothetical.'" *Id.* (internal citations omitted).  Here, Mark alleges he was seized and detained without permission, provocation, or good cause, *see* Compl. ¶ 118, causing him "economic losses, medical costs, hedonic damages, psychological trauma, and emotional distress," *id.* at 23:22-25.  These injuries are concrete, particularized, and actual.

Additionally, "[t]he injury required by Article III can exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Edwards v. the First American Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) (quoting *Fulfillment Servs. Inc. v. UPS*, 528 F.3d 614, 618-19 (9th Cir. 2008).  Here, Mark's injuries are cognizable under 42 U.S.C. § 1983, *see* Compl. 20:3, 22:2, a statute that creates legal rights, the invasion of which creates standing, *see Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014) ("Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights.  [It] … provides a method for vindicating federal rights …." (quoting *Hall v. City of L.A.*, 697 F.3d 1059, 1068 (9th Cir.2012))).

Finally, emotional harm satisfies the injury in fact requirement.  *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1109 (9th Cir. 2014); *see Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)) (holding that mental and emotional distress constitute compensable injury in Section 1983 cases).  Mark has alleged emotional harm.  Compl. ¶¶ 125, 130; *id.* at 23:23-25.

The Complaint also sufficiently alleges element (2) of the standing issue.  This "causation" element does not require proximate causation – "only that the plaintiff's injury

be *fairly traceable* to the defendant's conduct." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014) (emphasis added). "An injury is fairly traceable to the conduct complained of when a causal chain exists but is not hypothetical or tenuous." *Ctr. for Biological Diversity v. U.S. Forest Serv.*, No. CV-12-8176-PCT-SMM, at *5 (D. Ariz. July 1, 2013) (citing *Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 849 (9th Cir. 2002)). While "the line of causation may be deemed to be too weak" when it "consists of numerous third parties whose independent decisions have a cumulative impact on the injuries," *id.* (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011)), that is not the case here[1].

Here, a strong causal chain exists from Defendants' wrongful conduct to Mark's injuries. First, Defendants Koerner and Williamson were the primary cause of those injuries, because they personally, and forcefully, seized and detained him. *See* Compl. ¶ 87. They did this despite knowing the pickup was based on entirely false information. *Id.* Second, Defendant Koerner, despite knowing that Mark was undergoing treatment with a psychiatrist, *id.* ¶ 18, was not a danger to himself or others, *id.* ¶ 19, and was not psychologically disabled, *see id.* ¶¶ 22-24, personally submitted an Application to Connections AZ, Inc. for Plaintiff's involuntary evaluation, *id.* ¶ 72, in which he falsely stated the exact *opposite* – that Mark *was* a danger to himself or others, *was* persistently or acutely disabled, and was *unwilling* to be treated, *id.* ¶¶ 77-78. Koerner's knowingly false

---

[1] As set forth in pages 5:12-6:14 of this Response, only *one* third party's (the admitting officer at Connections AZ, Inc.'s) decision arguably had a cumulative impact on Mark's injuries, and that decision to issue the pick-up order for Mark was all but assured upon reasonable reliance on the false information in the Application submitted by Koerner.

5

statements in the Application gave the admitting officer at Connections AZ, Inc. the needed grounds to issue the pick-up order for Mark, thus causing his seizure and detention by police (of which Koerner was also a participant). *See* A.R.S. § 36-524(E) ("[I]f the admitting officer, based on a review of the written … application …, has reasonable cause to believe that an emergency examination is necessary, the admitting officer may advise the peace officer that sufficient grounds exist to take the person into custody ….."). Finally, as to Defendants Stephenson and Bogumill, they also knew that the statements in Defendant Koerner's Application described above were false, Compl. ¶¶ 18-19, 22-24, and moreover the Application was submitted in concert with their previous interactions with Mark, *id.* ¶ 72. Mark's injuries were directly caused by, let alone were "fairly traceable" to, each Defendant's wrongful conduct. Standing element (2) is satisfied.

Finally, element (3), redressability, is also satisfied. Though Mark sustained actual damages from Defendants' wrongful conduct, *see id.* ¶¶ 125, 130; *id.* at 23:23-25, even if he had sustained *no* damages "[t]he Supreme Court has held that even when *no* actual damages are suffered as a result of a violation of section 1983, a plaintiff *still* may be entitled to nominal damages." *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986) (emphasis added) (citing *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978)). Even nominal damages satisfy the redressability element of the standing requirement. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021). Moreover, recovery of damages to compensate for emotional harm satisfies the redressability requirement, *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1109 (9th Cir. 2014), and here Mark requests damages for his emotional harm, *see* Compl. ¶¶ 125, 130; *id.* at 23:23-25.

For all the foregoing reasons, Mark has Article III standing to pursue his claims against Defendants.

### C. **Plaintiff Is Dismissing His Claim for Civil Conspiracy.**

Defendants argue that Plaintiff's claim for civil conspiracy is barred by the intracorporate conspiracy doctrine. Plaintiff does not disagree, and is filing a withdrawal of Count II of his Complaint concurrently with this Response.

### D. **Plaintiff Has Sufficiently Pled a Claim for Unwarranted Seizure of His Person Pursuant to § 1983.**

Defendants argue that Plaintiff has failed to state a claim for unwarranted seizure of his person because A.R.S. § 36-525(A) (in effect at the time of the seizure) and the Police Pick-Up Order itself mandated his apprehension and detention by the police. This argument is flawed, because it ignores relevant authority setting forth the requirements for seizure and detention of a person alleged to be mentally ill.

"Although there are few decisions that discuss the fourth amendment standard in the context of seizure of the mentally ill, all have recognized the proposition that such a seizure is analogous to a criminal arrest and *must therefore be supported by probable cause*." *Maag v. Wessler*, 960 F.2d 773, 775 (9th Cir. 1991) (emphasis added) (collecting cases); *see also Arekat v. Donohue*, 404 F. App'x 160, 161 (9th Cir. 2010) ("Seizure of a person alleged to be mentally ill and dangerous, like seizure of a person alleged to have committed a crime, must be supported by probable cause."). Here, the Arizona emergency health statute requires that an application for emergency admission for evaluation state "that the applicant believes that the person, as a result of a mental disorder, is a danger to self or others or has a persistent or acute disability or a grave disability, and is unable or

7

unwilling to undergo voluntary evaluation ….'" A.R.S. § 524(C)(1). Therefore, "[a]s applied to the [Arizona] emergency health statute, '[p]robable cause exists when police officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that' an individual," among other requirements, "is a danger to self or others or has a persistent or acute disability or a grave disability, and is unable or unwilling to undergo voluntary evaluation …." *See Arekat*, 404 F. App'x at 161 (emphasis added) (quoting *United States v. Noster*, 590 F.3d 624, 633 (9th Cir. 2009)); A.R.S. § 36-524(C)(1); *Liberti v. City of Scottsdale*, No. CV-17-02813-PHX-DLR, at *5 (D. Ariz. Sep. 10, 2018) ("Under Arizona law, an officer may detain a mentally ill person if there is probable cause to believe the person is a danger to himself or others."); *see also Duy T. Mai v. United States*, 952 F.3d 1106, 1110 (9th Cir. 2020) ("Involuntary commitments comport with due process *only* when the individual is found to be *both mentally ill and dangerous*." (emphasis added)).

Here, when Defendants Koerner and Williamson seized and detained Mark, they did so without the requisite probable cause. They seized and detained him despite *knowing* that he: was *not* a danger to himself or others, Compl. ¶ 19, ECF No. 1; did *not* have a persistent, acute, or grave disability, *see id.* ¶¶ 22-24, and; *was* undergoing psychiatric treatment, *id.* ¶ 18. Thus, Defendants Koerner and Williamson's seizure of Mark was unlawful and unwarranted.

With respect to Defendants Stephenson and Bogumill, even though they did not personally participate in Mark's seizure and detention, Defendant Koerner's knowingly

8

false Application was submitted in concert with their previous interactions with him, *id.* ¶ 72, and as part of their plans to commit Mark involuntarily, *see id.* ¶ 20.

Even if probable cause was not required for Mark's seizure and detention (and it was), that seizure and detention was still unconstitutional because it was procured via knowingly false statements made by Defendants. Because Defendants' seizure and detention of Mark was purportedly authorized by a Pick-up Order that was procured via an application for emergency treatment for evaluation submitted by Defendant Koerner that was riddled with knowing falsehoods, it is analogous to an arrest made pursuant to an arrest warrant procured via a police officer's knowing submission of false information to a judge in a warrant application. In such cases, "[a] seizure conducted pursuant to a warrant obtained by judicial deception violates the Fourth Amendment." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir.2002) (per curiam)); *see also Warren v. SWAT, T.P.D.*, No. CIV 10-076-TUC-CKJ, at *9 (D. Ariz. May 13, 2010) ("[W]here an officer knowingly or recklessly submits false information in an affidavit supporting an application for a warrant, the Fourth Amendment rights of the individual subject to the warrant are violated."). Because the circumstances here are directly analogous, Mark's seizure and detention also violates the Fourth Amendment, even if probable cause was not required.

For all the foregoing reasons, Plaintiff has sufficiently stated a claim for unwarranted seizure of his person, and Count I must not be dismissed.

///

///

9

### E. Plaintiff Has Sufficiently Stated a Claim for Violation of His Due Process Rights.

"Liberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment." *Lee v. City of L.A.*, 250 F.3d 668, 683 (9th Cir. 2001) (quoting *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc)). "To state a claim under section 1983 based on a Fourteenth Amendment due process violation, [Plaintiff] must allege a liberty deprivation and a lack of due process." *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986).

"[W]hen a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action." *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) (citing *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1482 n.22 (9th Cir. 1993)). Here, Defendants, at least Defendant Koerner, violated multiple state laws, thus causing Mark to be seized and deprived of his liberty. First, he violated A.R.S. § 36-524(B), which states that "[t]he application for emergency admission shall be made by a person with knowledge of the facts requiring emergency admission." Here, as set forth in detail in the previous sections, Defendant Koerner submitted the emergency admission application despite knowing that there *were no facts* requiring emergency admission. Second, he violated A.R.S. § 36-515(B), which states that "[a]ny person who knowingly makes a false statement of a material fact with the intent to cause another to be confined under this chapter is guilty of a class 1 misdemeanor." Defendant Koerner knowingly and falsely represented on the Application that Mark was a danger to himself or others, was persistently or acutely disabled, and was unwilling to be treated. *See* Compl. ¶¶ 76-80, ECF No. 1. Those lies

10

resulted in the Pick-up Order being issued, which directly caused Mark's seizure and detention, thus depriving him of a constitutionally protected liberty interest. Count III sufficiently states a claim for violation of Mark's constitutional due process rights and must not be dismissed.

### F. Defendant Koerner Does Not Have Immunity From Suit.

Defendants argue that Defendant Koerner is immune from civil suit pursuant to A.R.S. § 36-515(A), which provides that a "person acting in good faith upon either actual knowledge or reliable information who makes application for evaluation or treatment of another person pursuant to this chapter is not subject to civil or criminal liability for such act." Defendants do not provide any purported "actual knowledge or reliable information" that Defendant Koerner supposedly relied in good faith upon in submitting the Application. This is not surprising, because Defendant Koerner did not use any reliable information on the Application. As set forth abundantly in the above sections, he deliberately lied about Mark's condition and willingness to seek treatment. He did this with the specific intention to involuntarily confine Mark. *See* Compl. ¶¶ 20, 92, 111, ECF No. 1. His bad faith and malice could not be clearer. While Defendants argue "that a court found [Mark] 'persistently and acutely disabled' on July 29, 2021," Defs.' Mot. 11:5-6, ECF No. 16 (quoting Compl. ¶¶ 112), Defendant Koerner's Application could not have relied on that ruling because he submitted it two (2) weeks prior, Compl. ¶ 72. And in any event, that court ruling is inherently tainted because it was predicated on the false information about Mark in Defendant Koerner's Application. *See* Compl. ¶¶ 93-95, 112. For these reasons, A.R.S. § 36-515(A) does not provide Defendant Koerner immunity for his conduct.

11

### G. Plaintiff Sufficiently States Claims Against Defendants Stephenson and Bogumill, and Those Claims are Not Time-Barred.

Plaintiff has sufficiently alleged that Defendants Stephenson and Bogumill participated in his wrongful seizure and detention. They each knew that Mark was: not a danger to himself or others, Compl. ¶ 19, ECF No. 1; not persistently, acutely, or gravely disabled, *see id.* ¶¶ 22-24, and; undergoing psychiatric treatment, *id.* ¶ 18. Despite this knowledge, they each "pressed forward with a plan to commit [Mark] involuntarily …." *Id.* ¶ 20. In furtherance of this, Defendant Stephenson went to Mark's house, entered without permission, deliberately escalated the encounter (including calling the Fire Department to the house), and eventually submitted a false police report regarding the encounter. *See id.* ¶¶ 32-37. That (falsely represented) encounter ultimately supported and contributed to the false information in the Application submitted by Defendant Koerner which caused Mark's seizure and detention. Defendant Bogumill's encounter with Mark also supported and contributed to that Application. *See id.* ¶ 72.

Defendants also contend that Mark's claims are time-barred against Defendants Stephenson and Bogumill because his Complaint was filed more than two (2) years after May 20, 2021, the latest date of its allegations against them. This argument is unavailing, because "[a] claim asserted pursuant to 42 U.S.C. § 1983 accrues when 'the plaintiff knows or has reason to know of the *injury* which is the basis of the action.'" *Ross v. Glendale Police Dep't*, No. CV-16-1292-PHX-DJH (DMF), at *6 (D. Ariz. Oct. 27, 2017) (emphasis added) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999)). Mark was not *injured* as a result of Defendants' wrongful conduct until he was seized and detained, which did not occur until July 16, 2021, Compl. ¶ 87. The Complaint was filed less than two (2)

years from that date, *see id.* at 1, thus within the limitations period. Mark's claims against Defendants Stephenson and Bogumill are timely.

### H. Plaintiff Sufficiently States a *Monell* Claim.

Defendants finally contend that Plaintiff has not sufficiently pled his *Monell* claim because he did not "specify the content of the policies, customs, or practices the execution of which gave rise to [the] Constitutional injuries." Defs.' Mot. 12:23-24, ECF No. 16 (quoting *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 899 (N.D. Cal. 2013) (alteration in original). Contrary to Defendants, however, "a *Monell* claim filed by way of 42 U.S.C. § 1983 will withstand a motion to dismiss '*even if* the claim is based on *nothing more than a bare allegation* that the individual officers' conduct conformed to official policy, custom, or practice.'" *Reyes v. City of Santa Ana*, No. 19-56144, at *9 (9th Cir. Oct. 22, 2020) (emphasis added) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 682-83 (9th Cir. 2001)); *see also Bollfrass v. City of Phx.*, No. CV-19-04014-PHX-MTL, at *20 (D. Ariz. June 23, 2020) ("The Supreme Court has rejected a heightened pleading requirement for § 1983 municipal liability claims, and the 'plausibility' standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), has not affected federal courts' continued rejection of a heightened standard."); *Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993) (rejecting a more demanding rule for § 1983 claims than for pleading other kinds of claims for relief); *Riley v. Cty. of Cook*, 682 F. Supp. 2d 856, 861 (E.D. Ill. 2010) (applying *Leatherman* post-Twombly)).

Because "Plaintiff[] may at this juncture lack the actual details" regarding the specific content of the policies, customs, or practices of the City that caused his injuries,

13

the Court should find, like the District of Arizona did in *Bollfrass*, "that [Mark] ha[s] satisfied the requirements of Rule 12(b)(6) by asserting factual allegations, that if proven, would establish the elements of municipality liability under § 1983." *See* No. CV-19-04014-PHX-MTL, at *21. Here, Mark has asserted factual allegations that, if proven, will establish *Monell* liability. *See* Compl. ¶¶ 133-36, ECF No. 1. Though at this point he lacks access to the details of the City's policies, customs, or practices that he will ultimately need to prove at trial, he can obtain those details through discovery. Moreover, to the extent the Court finds that Plaintiff's *Monell* claim is *not* sufficiently pled, he "should [ ] be[] afforded the opportunity to remedy any pleading defects specific to that claim through amendment." *Reyes*, No. 19-56144, at *10 (citing *Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) ("Dismissal of a complaint without leave to amend is only proper when, upon de novo review, it is clear that the complaint could not be saved by any amendment.")).

### III. CONCLUSION

For all the foregoing reasons, the Court should deny Defendants' Motion and decline to dismiss any of Plaintiff's claims.

**RESPECTFULLY SUBMITTED** this 22nd day of December 2023.

**MILLS + WOODS LAW, PLLC**

By    */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 N 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lori S. Davis
lodavis@scottsdaleaz.gov
Lindsey M. Gomez-Gray
LGomezGray@scottsdaleaz.gov
**SCOTTSDALE CITY ATTORNEY'S OFFICE**
legal@scottsdaleaz.gov
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
*Attorneys for Defendants City of Scottsdale,*
*Officer Stephenson, Detective Koerner,*
*Officer Bogumill, and Sergeant Williamson*

    /s/ Ben Dangerfield