**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona  85251
(480) 312-2405 (T)
legal@scottsdaleaz.gov
Attorneys for City Defendants

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

Mark Houser, an individual;

        Plaintiff,

vs.

City of Scottsdale, et. al.,

        Defendants.

Case No.: 2:23-cv-01394-SMB-ESW

**CITY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., City Defendants submit their Reply in Support of their Motion to Dismiss.

Plaintiff's Response is devoid of facts or argument to show how his claims are not barred under the multiple legal grounds raised in the City's Motion to Dismiss ("Motion"). Indeed, Plaintiff's Response fails to substantively respond to most of the City Defendants' arguments. As such, Plaintiff has waived the right to contest these issues. *See Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x. 159, 159 (9th Cir. 2012) (affirming district court's dismissal of plaintiff's claims in which plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (internal quotation marks and citations omitted)).

For the reasons stated in the Motion, Plaintiff's Complaint fails to state a claim under Rules 8(a) and 12(b)(6), Fed. R. Civ. P., and should be dismissed without leave to amend.[1]

## I. The Scottsdale Police Department and Count II (Civil Conspiracy) Should be Dismissed.

Plaintiff admits in his Response that the Scottsdale Police Department ("SPD") is not a party to this lawsuit. Response at II(A). The SPD should be dismissed with prejudice. Likewise, the Court should dismiss Count II (Civil Conspiracy) because Plaintiff agrees the claim is barred by the intracorporate conspiracy doctrine.  Response at II(C).

## II. Count I (Unwarranted Seizure) Should Be Dismissed.

The subject application for involuntary commitment was made under A.R.S. § 36-524 _not_ A.R.S. § 36-525. This is a critical distinction ignored by Plaintiff. *Cf.* Response at 7. Under § 36-524(E), the admitting officer of Connections AZ determined that "sufficient grounds exist[ed] to take [Plaintiff] into custody and to transport [Plaintiff] to the evaluation agency." The admitting officer then signed the Police Pick Up Order ("Order"). *See* Ex. 1; Dkt. No. 1 at ¶90.

After the Order was signed, it triggered certain provisions of A.R.S. § 36-525, such as subsection (A), which unequivocally mandates a peace officer pick-up and transport Plaintiff to the agency, stating:

> **A.** A peace officer, on the advice of the admitting officer of the evaluation agency pursuant to § 36-524, subsection E, ***shall*** apprehend and transport a person to an evaluation agency.

*Id.* (emphasis added). Here, Sgt. Williamson and Det. Koerner[2] picked-up and transported Plaintiff to Connections AZ. Dkt. No. 1 at ¶87. Plaintiff fails to address both the plain language

---

[1] Plaintiff has had three opportunities to amend his Complaint: (1) after the City Defendants sent their meet and confer letter; (2) after the City Defendants filed their Motion; and (3) after Plaintiff agreed to withdraw Count II, but improperly used Rule 41 as the mechanism for withdrawal (see Dkt. No. 23).

[2] Det. Koerner was not involved in the pick-up and transport of Plaintiff to Connections AZ. Undersigned counsel advised Plaintiff's counsel of this in her November 13, 2023 meet and confer letter. However, for purposes of this Motion only, it will be assumed that Det. Koerner also participated in the pick-up.

of A.R.S. § 36-525(A) mandating compliance with the Order, or that A.R.S. § 36-525(D) provides Sgt. Williamson and Det. Koerner with immunity from civil liability for picking-up and transporting Plaintiff to ConnectionsAZ.  *See* Motion at 8-9. For this reason alone, the City's Motion on Count I should be granted with prejudice. *Allen*, 475 F. App'x. at 159; *Garcia v. Salt River Project Agric. Improvement & Power Dist.*, 618 F. Supp. 2d 1092, 1099 (D. Ariz. 2007) (citing LRCiv. 7.2(i)) ("Generally, a party's failure to respond to arguments in a motion 'may be deemed consent to the denial or granting of the motion and the Court may dispose of the motion summarily.'"). [3]

Plaintiff's emphasis on probable cause is a red herring. First, probable cause is not required when a peace officer is picking-up and transporting a person to a treatment facility based on a pick-up order under A.R.S. § 36-524(E). This is because A.R.S. § 36-524 allows an application to be made by "a relative or friend of the person, a peace officer, the admitting officer or another responsible person." Probable cause is not a requirement for filling out the application. *See* A.R.S. § 36-524(B), (C). Nor is probable cause required for the admitting officer signing the Order. *See* A.R.S. § 36-524(E) (requiring only "reasonable cause to believe that an emergency examination is necessary). It stands to reason then that a peace officer complying with the duty mandated by A.R.S. § 36-524(E) to "apprehend and transport" a person is not required to evaluate whether there was probable cause for the Order.

Indeed, the Arizona Legislature specifically chose not to impose a probable cause requirement when a pick-up is made under A.R.S. § 36-525(A). This is evidenced by the Legislature's adoption of A.R.S. § 36-524(B) (not applicable to this case) which addresses the situation when probable cause is necessary to pick-up and transport a person for emergency treatment. Section 36-524(B) states in pertinent part:

///

---

[3] Plaintiff concedes that Officers Bogumill and Officer Stevenson did not personally participate in the pick-up and transport of Plaintiff. These two defendants should be dismissed with prejudice.

1
2
3
4
5
6
7

**B.** ***In those instances in which the procedures set forth in § 36-524 are not available***, a peace officer may take into custody any individual the peace officer has probable cause to believe is, as a result of mental disorder, a danger to self or others, and that during the time necessary to complete the prepetition screening procedures set forth in §§ 36-520 and 36-521 the person is likely without immediate hospitalization to suffer serious physical harm or serious illness or to inflict serious physical harm on another person. The peace officer shall transport the person to a screening agency unless the person's condition or the agency's location or hours makes such transportation impractical, in which event the person shall be transported to an evaluation agency …

*Id.* (emphasis added).

8
9
10
11
12
13
14

Plaintiff's Response would have this Court re-write A.R.S. § 36-525(A) to impose a probable cause requirement that does not otherwise exist. Plaintiff does not cite to any authority to support his re-interpretation of the statute, which cannot be harmonized with the other provisions or basic legal principals. *See City of Phoenix v. Super. Ct.*, 144 Ariz. 172, 177 (Ct. App. 1985) ("[C]ourts will avoid statutory interpretations that lead to absurd results that could not have been contemplated by the legislature."). Again, the procedures set forth in § 36-524 apply to this case, and probable cause was not required as a matter of law.

15
16
17
18
19
20
21
22
23
24
25
26

The case law cited by Plaintiff is inapposite. *Arekat v. Donohue*, 404 F. App'x 160 (9th Cir. 2010) involved Hawaii's involuntary commitment statutes. Furthermore, unlike here where the Scottsdale Police Department had a valid-pick-up order to apprehend and transport Plaintiff, the defendants in *Arekate* "took Arekat into custody without a warrant and without any other judicial process." *Id.* at 161. Likewise, *Maag v. Wessler*, 960 F.2d 773, 776 (9th Cir. 1991) applied Montana's emergency committal statute that is similar to A.R.S. § 36-525(B), which does not apply in this case. In *Liberti v. City of Scottsdale*, No. CV-17-02813-PHX-DLR, 2018 WL 4335442 (D. Ariz. Sept. 11, 2018), *aff'd*, 816 F. App'x 89 (9th Cir. 2020) the court similarly discussed an officer's ability to detain a mentally ill person under A.R.S. § 36-525(B), which does not apply here. Finally, *Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020) involved the question of whether a plaintiff's involuntary commitment allowed him to possess a firearm under the Second Amendment–which is not an issue before this Court. *Id.* at 1110.

27

///

28

1    Finally, Plaintiff's analogy to a judicial deception claim also misses the mark. Plaintiff

2    has not plead a judicial deception claim. As to the application written by Det. Koerner, Plaintiff

3    only presents conclusory allegations that the application was unsubstantiated and incorrect. *See*

4    Motion at 11:3-11; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff provides no authority

5    to support his specific assertion that a factual mistake (if any), which ultimately is immaterial

6    because Plaintiff was found to be "persistently and acutely disabled" by a Court, warrants

7    voiding the application, let alone the entire proceedings. The involuntary commitment statutes

8    provide no such remedy. Accordingly, Count I should be dismissed with prejudice.

9    **III.    Count III (Due Process) Should Be Dismissed.**

10    Plaintiff's Response completely ignores the arguments raised in the City's Motion and

11    attempts to allege new facts[4] to avoid dismissal of Count III – this is improper. In resolving a

12    Rule 12(b)(6) motion, "a court *may not* look beyond the complaint to a plaintiff's moving

13    papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v.*

14    *Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003) (emphasis in original). Because Plaintiff failed

15    to address the arguments made in the City's Motion regarding Count III, dismissal of Count III

16    is appropriate. *See Allen*, 475 F. App'x. at 159; *Garcia*, 618 F. Supp. at 1099.

17    Plaintiff cannot now allege Defendants "violated multiple state laws." *Cf.* Response at

18    10. Plaintiff has never filed a Notice of Claim under A.R.S. § 12-821.01(A), but even if he did,

19    "[a]ll actions against any public entity or public employee shall be brought within one year

20    after the cause of action accrues and not afterward." A.R.S. § 12-821. Here, based on the

21    allegations in Plaintiff's Complaint, his cause of action accrued no later than July 16, 2021

22    (they date he was picked-up and transported) and any state law claims must have been brought

23    by July 16, 2022. Thus, even assuming Plaintiff could allege facts to support a violation of

24    A.R.S. §36-524(B) or A.R.S. § 36-515(B), those claims would only apply to Detective Koerner

25

26

27    _____

[4] For example, Plaintiff now alleges a due process violation occurred *because of the*
*application*. *Cf.* Dkt. No. 1 at Count III (no mention of the application).

28

not the remaining defendants and are time barred. Accordingly, amendment would be futile. *See Norwood v. Ariz. Dept. Child Safety*, 472 F.Supp.3d 531, 540 (D. Ariz. 2020).

## IV.    Plaintiff has failed to state a claim against Officers Bogumill & Stevenson.

Plaintiff's Response admits that neither Officer Stevenson nor Officer Bogumill "personally participate[d] in Mark's seizure and detention." Dkt. No. 21 at 8. Plaintiff also concedes it does not have a viable Civil Conspiracy Claim (Count II) and voluntarily withdrew that claim.

The sole remaining allegation against these two defendants is that they "conspired" with Detective Koerner to have Plaintiff involuntarily committed. Dkt. No. 1 ¶72. Putting aside that Plaintiff has dismissed his civil conspiracy claim, this is a speculative and conclusory allegation that fails to satisfy Rule 8 standards. *See Ashcroft*, 566 U.S. at 678. As such, there are no factual allegations in the Complaint that give rise to a constitutional claim against either Officer Stevenson or Officer Bogumill. *See* Motion at II(G). These two defendants should be dismissed.

Dismissal is also appropriate for these two defendants because the allegation that they supported and contributed to the application is demonstrably false. *See* Exhibit 1 to the Motion (the application).[5] In evaluating a motion to dismiss, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Nowhere in Exhibit 1 does Detective Koerner mention or rely upon Officer's Stephenson's May 7, 2021 visit with Plaintiff or Officer Bogumill's May 21, 2021 phone call.  Thus, because those two interactions were not the basis for the application or pick-up order, the date of any injury was May 7, 2021 for Officer Stevenson and May 21, 2021 for Officer Bogumill. Because Plaintiff did not file suit until July 14, 2023, after the two-year

---

[5] Undersigned counsel provided a copy of Exhibit 1 to Plaintiff's counsel prior to filing this Reply and asked if Plaintiff's counsel would like additional time to respond to Exhibit 1. Plaintiff's counsel never responded. If the Court would like additional briefing on Exhibit 1, City Defendants will not oppose such a request.

statute of limitations ran, his claims against Officer Stevenson and Officer Bogumill are time barred and must be dismissed with prejudice.[6]

## V.    Detective Koerner is Entitled to Immunity.

An application under A.R.S. § 36-524(B) requires the following information:

1. A statement by the applicant that he believes on the basis of personal observation that the person is, as a result of a mental disorder, a danger to self or others, and that during the time necessary to complete the prepetition screening procedures set forth in §§ 36-520 and 36-521 the person is likely without immediate hospitalization to suffer serious physical harm or serious illness or is likely to inflict serious physical harm upon another person.

2. The specific nature of the danger.

3. A summary of the observations upon which the statement of danger is based.

4. The signature of the applicant.

*Id.* Neither Plaintiff's Response nor the Complaint allege these requirements were not met. Indeed, Exhibit 1 to the Motion further shows the basis for each of the requirements in the application. Plaintiff merely alleges, in conclusory fashion, that the statements made in the application were "false" and therefore done in "bad faith." This is not enough to overcome the immunity granted under A.R.S. § 36-515. This is especially true when Plaintiff's own complaint alleges he was found by a Court to be "persistently and acutely disabled", which is consistent with the application.

## VI.    Plaintiff Lacks Article III Standing.

The City's Motion detailed why Plaintiff lacks Article III standing. Plaintiff's Response to those arguments misses the point. For example, this Court cannot re-write Arizona's involuntary commitment statutes to require probable cause when a Police Pick Up Order is signed. Such a requirement lies within the purview of the Legislature and is not a redressable injury. Similarly, because Sgt. Williamson and, as alleged in the Complaint, Det. Koerner complied with the involuntary commitment statutes regarding the application, pick-up and

---

[6] Any state law claims would also be time barred as the one-year statute of limitations has long since passed.

transportation of Plaintiff there is no "injury in fact." Likewise, as shown above, Plaintiff has failed to allege an "injury in fact" as it pertains to Officers Stevenson's or Bogumill's limited interaction with Plaintiff.

Finally, Plaintiff's examination, hearing, and court ordered treatment are not fairly traceable to the actions of the City Defendants. If, as Plaintiff contends, he was not a danger to himself or others, was not persistently or acutely disabled and willing to undergo treatment, he would have been released by the admitting agency. However, consistent with its statutory duties, the admitting agency performed both an "examination of the person's psychiatric and physical condition" and an "investigation of the application for emergency admission." A.R.S. § 36-526(A). Based on the examination *and* investigation (not just relying on the application for face value), ConnectionsAZ determined that Plaintiff needed treatment. *See* Dkt. No. 93. Plaintiff offers no authority to the contrary. Moreover, at a separate hearing, a court found Plaintiff was "persistently and acutely disabled" and ordered treatment. *See* Dkt. No. 112. Plaintiff alleges no facts that the application was the sole basis for the Court's finding, nor could it be. The statutes require more. *See generally* Title 36. Plaintiff, therefore, lacks Article III standing and the Complaint should be dismissed with prejudice.

## VII.   Count IV (*Monell* Claim) Should Be Dismissed.

Neither Plaintiff's Complaint nor Plaintiff's Response provides a factual basis upon which to confer liability upon the City pursuant to *Monell. See Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978). Instead, he initiates an emotional plea to this Court to let him conduct discovery to establish *Monell* claims. The case law does not support Plaintiff's position. Vicarious liability against the City cannot exist under Section 1983 solely because an injury allegedly was inflicted by its employees. Instead, Plaintiff must allege facts to establish that his constitutional rights were violated pursuant to a policy, practice, or custom of the municipality. *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91). The Complaint fails on its face to state allegations sufficient to

state a *Monell* claim against the City and, consequently, the City should be dismissed from this action.

## CONCLUSION

Plaintiff's Response fails to provide this Court with any reason to deny the Motion. City Defendants request that the Court dismiss the Complaint with prejudice and without leave to amend.

DATED this 5th day of January, 2024.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By:   *s/ Lindsey Gomez-Gray*
        Lori S. Davis, Deputy City Attorney
        Lindsey M. Gomez-Gray, Assistant City Attorney
        3939 North Drinkwater Boulevard
        Scottsdale, Arizona 85251
        Attorney for City Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and electronic service to Plaintiff's counsel as follows:

Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
rmills@millsandwoods.com
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

By:   *s/ Brittany Leonard*
Scottsdale City Attorney's Office