Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Scottsdale, a governmental municipality; Officer Stephenson, an individual; Detective Timothy Koerner, an individual; Officer P. Bogumill, an individual; Sergeant Williamson, an individual; Entities 1-10; and Does 1-10,<br><br>　　　　　Defendants. | No.: CV-23-01394-PHX-SMB (ESW)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICE OF DISMISSAL OF COUNT II OF HIS COMPLAINT (DOC. NO. 22)**<br><br>(Assigned to the Honorable Susan M. Brnovich and Referred to the Honorable Eileen S. Willett) |

Through counsel undersigned, Plaintiff Mark Houser ("Plaintiff") hereby responds in opposition to City Defendants' Motion to Strike Plaintiff's Notice of Dismissal of Count II of his Complaint (Doc. No. 22) (the "Motion to Strike") filed by Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson (collectively, "City Defendants"). The Motion to Strike is contrary to applicable Ninth Circuit law on point and must be summarily denied.

City Defendants claim that Plaintiff's Notice of Dismissal of Count II of His Complaint (ECF No. 22, the "Dismissal Notice") is improper because, in their words, "Rule 41(a)(1) applies to dismissals of entire actions, not individual claims." Mot. Strike 1:23-

24, ECF No. 23. Not so – to the contrary, the Ninth Circuit has directly stated that "[Rule] 41 allows plaintiffs voluntarily to dismiss *some* or all of their claims against *some* or all defendants." *Romoland v. Inland Empire*, 548 F.3d 738, 748 (9th Cir. 2008) (emphasis added). This plainly allows Rule 41 dismissals of individual claims against individual defendants, and directly supports the Dismissal Notice.

City Defendants cite two (2) Ninth Circuit opinions – *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) and *Hells Canyon Presidential Council v. United States Forest Service*, 403 F.3d 683 (9th Cir. 2005) – holding that Rule 41 does not allow for dismissals of individual claims against individual defendants. However, those opinions were issued ***prior*** to *Romoland*.

City Defendants also cite two (2) recent unpublished decisions of the District of Arizona, *Hamilton v. Yavapai Community College District*, No. CV-12-08193-PCT-GMS (D. Ariz. Feb. 3, 2022) and *Doe v. City of Tempe*, No. CV-21-00184-PHX-MTL (D. Ariz. June 24, 2021). But to the extent these decisions conflict with *Romoland*, the latter governs. *See Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), at *13 (D. Ariz. Oct. 6, 2021) ("[The District of Arizona] is bound by Ninth Circuit decisions."). Moreover, neither of those decisions even mention *Romoland*, let alone grapple with the Ninth Circuit's clear directive therein that "[Rule] 41 allows plaintiffs voluntarily to dismiss *some* or all of their claims against *some* or all defendants." *Romoland*, 548 F.3d at 748 (emphasis added); *see Hamilton*, No. CV-12-08193-PCT-GMS, at *2; *Doe*, No. CV-21-00184-PHX-MTL. Instead, they rely on the same *Ethridge* and *Hells Canyon* opinions City Defendants

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

cite that were issued **prior** to *Romoland*. *Hamilton*, No. CV-12-08193-PCT-GMS, at *2; *Doe*, No. CV-21-00184-PHX-MTL.

As shown conclusively above, the Dismissal Notice was completely proper. However, to the extent, if any, that the Court may somehow disagree, the proper remedy is not to strike it, but instead to simply treat it as an amendment of Plaintiff's Complaint that removes Count II. *See Doe*, CV-21-00184-PHX-MTL (citing *Metcalf v. Countrywide Fin. Corp.*, No. C-09-2707 EDL, at *2 (N.D. Cal. Aug. 11, 2009)) ("This Court will … treat [plaintiff's] ineffective [Rule 41] dismissal as an amendment of the complaint to pursue only her six state-law causes of actions."); *see also, e.g.*, *Nickerson v. Wells Fargo Bank*, No. C-10-01889 EDL, at *1-2 (N.D. Cal. Oct. 12, 2010) ("[T]he Court construes Plaintiff's voluntary dismissal of his federal claims as an amendment to his complaint.").

Finally, City Defendants also move for an award of their costs and fees incurred in filing the Motion to Strike. First, they are not entitled to an award of fees and costs because, as set forth in detail above, the Dismissal Notice should not be struck. Second, they are not entitled to an award because they offer no authority or grounds entitling them to such. Third, in the alternative that the Court somehow grants the Motion to Strike (which it should not), there is absolutely no evidence of bad faith on Plaintiff's part. The Dismissal Notice, and Plaintiff's refusal to withdraw it upon City Defendants' request, were in reasonable reliance on applicable Ninth Circuit precedent (*Romoland*), and the requested Dismissal Notice serves to further streamline the claims and parties in this case. There is absolutely zero prejudice to defendants who then chose to file an unnecessary motion.

///

**RESPECTFULLY SUBMITTED** this 12th day of January 2024.

**MILLS + WOODS LAW, PLLC**

By    */s/ Sean A. Woods*
Robert T. Mills
Sean A. Woods
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lori S. Davis
lodavis@scottsdaleaz.gov
Lindsey M. Gomez-Gray
LGomezGray@scottsdaleaz.gov
**SCOTTSDALE CITY ATTORNEY'S OFFICE**
legal@scottsdaleaz.gov
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
*Attorneys for Defendants City of Scottsdale,
Officer Stephenson, Detective Koerner,
Officer Bogumill, and Sergeant Williamson*

   */s/ Ben Dangerfield*

4