**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
legal@scottsdaleaz.gov

Attorneys for Defendants City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>            Plaintiff,<br><br>vs.<br><br>City of Scottsdale, et. al.,<br><br>            Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**CITY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S NOTICE OF DISMISSAL OF COUNT II OF HIS COMPLAINT (Doc. No. 22)** |

Plaintiff filed a Notice of Dismissal ("Notice") of Count II of his Complaint under Fed. R. Civ. Proc. 41(a)(1)(A)(i), <u>after</u> City Defendants moved to dismiss the Complaint with prejudice. (Doc. 16 at p. 7).[1] City Defendants[2] then moved to strike the Notice as not authorized by statute, rule or court order. (Doc. 30). In his response, Plaintiff relies on *Romoland School Dist.v. Inland Empire Energy Center, LLC*, 548 F.3d 438 (9th Cir. 2008) to support his position that Rule 41(a)(1) allows a plaintiff to voluntarily dismiss a <u>single</u> claim of a multi-claim complaint without dismissing the entire action. Plaintiff further requests that, if this Court finds that the Notice should be stricken, that it simply treat the improper Notice as an amendment to his Complaint. Plaintiff's arguments are without merit and the Court should strike the Notice.

---

[1] In Response to the City Defendants' Motion to Dismiss, Plaintiff recognizes that Count II is barred, but does not consent to the Court's granting the City Defendants' motion as to Count II with prejudice. Instead, he chose to file a Notice under Rule 41(a)(1)(A), which if it were proper, would operate as a dismissal of the claim without prejudice. *Id*. at (a)(1)(B).

[2] City of Scottsdale, Officer Stephenson, Detective Koerner, Officer Bogumill, and Sergeant Williamson are jointly referred to as "City Defendants".

20115746.1                                                           1

**1.     The Ninth Circuit's decision *Romoland* is inapplicable to a Notice of Dismissal brought under Rule 41(a)(1)(A)(i)**

*Romoland* is easily distinguishable from this case. First, that case dealt with Rule 41(a)(2) (dismissal by court order), not 41(a)(1)(A)(i) (dismissal by plaintiff). 548 F.3d at 748. Second, the plaintiffs in *Romoland* moved to dismiss *all remaining claims* against the sole remaining defendant because the court had already granted a co-defendant's motion to dismiss on jurisdictional grounds which was arguably "determinative of Plaintiffs' entire action". *Id*. at 746. In that case, plaintiffs' goal in seeking a court order to dismiss the remaining claims against the remaining defendant was to avoid cost of litigating the same jurisdictional arguments and so that the plaintiffs could obtain a final judgment for appeal. *Id*. Third, the legal issue in *Romoland* was not whether Rule 41(a)(2) permitted the district court to enter an order dismissing *remaining* claims against the *remaining* defendant, but whether the parties intended the dismissal to be with prejudice and, therefore, operate as a final, appealable order. *Id*. at 750. The Ninth Circuit found in the affirmative and thus had jurisdiction to hear the appeal. *Id*. at 750-51 ("for purposes of this appeal…we determine that Plaintiffs intended to dismiss their claims…with prejudice"). Accordingly, in *Romoland,* entry of the district court's order dismissing the remaining claims equated to a dismissal of the <u>entire action</u> because the other co-defendant had already been dismissed. This case is in a completely different procedural posture, and the holding in *Romoland* is not relevant.

Plaintiff's careless citation to one generalized statement of law in *Romoland* does not support his position that *Romoland* contradicted or impliedly overruled any other case that governs Rule 41(a)(1)(A)(i). Contrary to Plaintiff's position, the pertinent case law clearly establishes that Rule 41(a)(1)(A)(i) does not allow piecemeal dismissal of <u>claims</u>. That was the law before *Romoland* and is still the law today. The reason that the Arizona District Court's unpublished opinions cited by the City[3] did not cite to *Romoland* is because it was not relevant to the issue before the court. In fact, courts within the Ninth Circuit continue to cite with approval

---

[3] *Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2022 WL 326371, at *1 (D. Ariz. Feb. 3, 2022) *Doe BP v. City of Tempe*, No. CV-21-00184-PHX-MTL, 2021 WL 2587892, at *2 (D. Ariz. June 24, 2021)

those cases cited by the City[4] as authority that Rule 41 does not govern dismissal of less than all claims against a defendant. *See, e.g.*, *Arvizu v. City of Fresno*, 1:21 CV00890-NODJ-SKO, 2024 WL 100514, at *1 (E.D. Cal. Jan. 9, 2024) (citing *Hells Canyon* and *Ehtridge* and finding "Rule 41 does not permit dismissal of part of the claims against a party."); *Williams v. Cty of San Diego*, 523 F. Supp. 3d 1183, 1191, n. 6 (S.D. Cal. 2021) (citing *Hells Canyon* and *Ehtridge* and finding Rule 41(a) does not allow for piecemeal dismissals; withdrawals of individual claims against a given defendant are governed by Rule 15) (quotations omitted); *McBride v. Jenny Craig, Inc.*, 07 CV2382-JLS-AJB, 2010 WL 11508736, at *2 (S.D. Cal. Mar. 29, 2010) (citing *Hells Canyon* and *Ehtridge* "withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings"); *see also* 9 Wright & Miller, Federal Practice & Procedure § 2362 (Apr. 2021 update) ("Both branches of Rule 41(a) refer to the voluntary dismissal of an 'action' .... It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of all claims against the defendant ...."). Thus, Rule 41(a)(1)(A)(i) does not give Plaintiff authority to voluntarily dismiss a single count from his multi-count complaint and the Notice must be stricken.

**2.  Amendment to the Complaint**

Plaintiff's request to this Court to treat the Notice as an amendment to the Complaint (if the Court finds the Notice improper) is nonsensical given the current posture of the case. The City's Motion to Dismiss the Complaint with prejudice is briefed and pending. In his response to the motion, Plaintiff acknowledges that he is barred from bringing the claim in Count II. Accordingly, if the Court strikes the Notice as improper, the logical consequence is for the Court to grant the City's Motion to Dismiss as to Count II with prejudice, regardless of how the court rules with respect to the remaining claims. There is no need to treat the notice as an amendment to the Complaint.

---

[4] *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) and *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, (9th Cir. 2005).

**Conclusion**

Plaintiff could have agreed to dismiss Count II during the meet and confer stage (prior to the City's motion to dismiss) or, alternatively, consented to the Court's granting the motion to dismiss that Count. He chose not to. In filing the Rule 41(a)(1)(A)(i) Notice of Dismissal, Plaintiff did not reasonably rely on *Romoland*. Even a cursory review of that case highlights how patently distinguishable it is from this case. Since the Rule cannot be used to effect piecemeal dismissal of claims, Plaintiff should have voluntarily withdrawn the improperly filed Notice after conferral with the City to avoid the necessity of filing the Motion to Strike. He chose not to.

The only discernible reason the Plaintiff could have for attempting to use Rule 41(a)(1)(A)(i) to dismiss Count II (civil conspiracy) is to circumvent a dismissal with prejudice so that he can retain the opportunity to reassert the claim against these Defendants at a later date. The Court's ruling on this issue is important to the final disposition of the case. Since the motion to dismiss is fully briefed, the disposition of Count II should be incorporated into the Court's ruling on that motion for purposes of clarity. If it is not so incorporated, and the Notice stands, nothing would prohibit Plaintiff from re-filing the claim against these Defendants for a third time,[5] regardless of how the Court otherwise rules on the motion to dismiss.

For these reasons, the City Defendants respectfully move this Court to strike Plaintiff's Notice of Dismissal of Count II of his Complaint (Doc. No. 22) and award the City Defendants fees and costs incurred for having to file this Reply in Support of Motion to Strike.

RESPECTFULLY SUBMITTED this 19th day of January, 2024.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By:   *s/ Lindsey Gomez-Gray*
Lori S. Davis, Deputy City Attorney
Lindsey M. Gomez-Gray, Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorney for City Defendants

---

[5] Plaintiff's previous lawsuit was based on the same events as the current lawsuit and likewise alleged a civil conspiracy claim. Plaintiff voluntarily dismissed that lawsuit without prejudice in 2022. (*See* 2:22-cv-01809-SMB, Doc. 9, Order dismissing all of Plaintiff's claims without prejudice pursuant to Rule 41(a)(1)(A)(i)). This lawsuit followed.

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and electronic service to Plaintiff's counsel as follows:

> Robert T. Mills
> Sean A. Woods
> MILLS + WOODS LAW PLLC
> 5055 North 12th Street, Suite 101
> Phoenix, Arizona 85014
> rmills@millsandwoods.com
> swoods@millsandwoods.com
> docket@millsandwoods.com
> *Attorneys for Plaintiff*

By:  *s/ Brittany Leonard*
     Scottsdale City Attorney's Office

20115746.1

5