**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
legal@scottsdaleaz.gov

Attorneys for Defendants Detective Koerner and
Sergeant Williamson

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>         Plaintiff,<br><br>vs.<br><br>Detective Timothy Koerner, an individual;<br>Sergeant Williamson, an individual<br><br>         Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**JOINT RULE 26(f)**<br>**CASE MANAGEMENT REPORT**<br><br>*Rule 16 Case Management Conference:*<br>*January 9, 2025 at 10:30 a.m.* |

In accordance with the Court's Order Setting the Rule 16 Case Management Conference [Doc. 41], the parties submit the following Joint Case Management Report.

**1.   PARTIES WHO ATTENDED THE RULE 26(f) MEETING AND ASSISTED IN DEVELOPING THE JOINT PROPOSED CASE MANAGEMENT REPORT.**

Sean Woods, on behalf of Plaintiff, and Lindsey Gomez-Gray, on behalf of Defendants, attended the Rule 26(f) meeting on December 27, 2024 and assisted in the development of this Joint Proposed Case Management Report.

**2.   PARTIES THAT HAVE NOT BEEN SERVED.**

There are no remaining parties to be served.

**3.   NATURE OF THE CASE.**

**Plaintiff:** Plaintiff Mark Houser ("Mark") has been under the treatment of a psychiatrist for years, and has continued treatment to this day. Defendants Koerner and Williamson

17438124

1

(collectively, "Defendants") were aware of this, and that Mark was not a danger to himself or to others, at all relevant times. Despite that, Defendants ignored those simple facts and pressed forward with a plan to commit Mark involuntarily, in retaliation for his complaints to law enforcement.

After Mark had been harassed on several occasions by, and had made corresponding complaints to police and City officials about, Scottsdale police, on July 15, 2021 Defendant Koerner purportedly submitted an Application to Connections AZ, Inc. for an Involuntary Evaluation of him, pursuant to A.R.S. § 36-520 and A.R.S. § 36-524 (the "Application"). The Application contained many false statements about Mark, among them: that he was a danger to himself or others; that he was persistently or acutely disabled; that he was refusing medical treatment; that Mark "lately appear[ed] to be decompensating (making more outrageous statements about [his domestic partner and the police]);" that his domestic partner had stated she felt unsafe around him; that he had been prescribed, but was refusing to take, Risperdal; that he was hallucinating, and; that Mark claimed he would kill anyone who entered his home. Had Defendant Koerner simply contacted Mark's psychiatrist or conducted a prepetition screening, it would have been abundantly clear an involuntary commitment was not only unnecessary, but contrary to Arizona law.

On July 16, 2021, Mark emailed the Scottsdale City Council, the FBI, and Roger Geisler of the Arizona Attorney General's Office and told them that his domestic partner had disappeared with his son, removed money from his company's bank account and, was behaving uncharacteristically. Mark also told them to stop harassing him.

A few hours later that same day, Defendants and other officers arrived at Mark's business office, forcefully apprehended and handcuffed him in front of his employees, and delivered him, without cause or consent, into the custody of Connections AZ. Defendants knew that their apprehension of Mark was based on false information. At that time, neither Defendants nor any of the other officers provided Mark with a copy of a Petition for

Treatment, Detention Order, or Notice of Hearing for Treatment. Moreover, no one advised Mark of his rights. Defendants intentionally apprehended Mark on a Friday in order to keep him confined over the weekend, because only weekdays count towards the 24 hour initial involuntary confinement limit under A.R.S. § 36-527.

On July 19, 2021, Commissioner Annielaurie Van Wie signed and issued a Mental Health Detention Order pursuant to A.R.S. § 36-529(A), based upon false information provided by Defendants, including that he was refusing medical treatment and was a danger to himself or others.

As a result of all the foregoing, Mark now brings claims against Defendants under 42 U.S.C. § 1983 for unwarranted seizure of his person and violations of his right to due process.

**Defendants:**[1] On May 7 and May 9, 2021, the Scottsdale Police Department ("SPD") responded to calls to Plaintiff's residence from who they believed to be Plaintiff's wife but was later said to be Plaintiff's domestic partner, Alia Houser. During these visits, SPD officers spoke with Ms. Houser about her concerns regarding Plaintiff's mental health and erratic behavior. On May 19, 2021, Ms. Houser completed an Application for Involuntary Evaluation under both A.R.S. §36-520 and A.R.S. §36-524, which was signed by nurse practitioner Andrew Owusu-Anasah of Community Bridges, LLC. On May 20, 2021, SPD contacted Plaintiff to see if he would agree to a voluntary evaluation – Plaintiff refused. That same day, the SPD responded to Plaintiff's residence for a disturbance call. Plaintiff was no longer at the residence when SPD arrived. SPD officers, however, spoke with Ms. Houser. The SPD were unable to locate Plaintiff to pick-up and transport him to Community Bridges under the May 19, 2021 committal order.

---

[1] Due to the sensitive nature of the mental health issues involved in this case, the Defendants have chosen to provide a concise summary of the nature of the case and their defenses. If this Court would like a more detailed narrative, the Defendants will file one under seal.

17438124

3

1   After these events, Plaintiff's erratic behavior continued to escalate. On July 13, 2021, Plaintiff was again offered a chance to complete a voluntary evaluation but refused. On July 15, 2021, Defendant Timothy Koerner ("Detective Koerner") completed an Application for Involuntary Evaluation under both A.R.S. §36-520 and A.R.S. §36-524, which was signed by Courtney Avevalo, PA-U of ConnectionsAZ, Inc ("the Subject Application").  On July 16, 2021, Plaintiff was picked up and transported to ConnectionsAZ by Defendant Sergeant Williamson ("Sgt. Williamson"). There were no issues with the pick-up and Plaintiff went voluntarily. Detective Koerner was not present when Plaintiff was picked-up and transported to ConnectionsAZ.

On or about July 19, 2021, a Mental Health Detention Order was signed in Maricopa County Superior Court, Matter No. MH2021-005665, which was served on Plaintiff on or about July 21, 2021.  On July 29, 2021, the court in Matter No. MH2021-005665 held that Plaintiff was "persistently and acutely disabled."

Plaintiff does not have a viable claim against Sgt. Williamson or Detective Koerner. Arizona's involuntary commitment statutes required Sgt. Williamson to pick-up and transport Plaintiff to an evaluation agency. *See* A.R.S. §36-525(A). Sgt. Williamson is also entitled to immunity for picking-up and transporting Plaintiff to Connections AZ. *See* A.R.S. §36-525(D). Sgt. Willamson was not involved in, nor did he submit the Subject Application.  As for Det. Koerner, he is entitled to immunity under A.R.S. 36-515(A).  The Defendants reserve the right to assert additional defenses as the case develops.

**4.    JURISDICTIONAL BASIS FOR THE CASE.**

This Court has jurisdiction over this case because Plaintiff has alleged two federal law claims under 42 U.S.C. § 1983 – Due Process and Unwarranted Seizure of Plaintiff's Person.

**5.    AMENDMENTS OR ADDITIONAL PARTIES TO BE ADDED**.

**6.     RELATED CASES.**

No related cases.

**7.     INITIAL DISCLOSURES.**

The Parties have not served their Initial Disclosures. The proposed deadline is included in the proposed case management order.

**8.     DISCOVERY LIMITATIONS.**

The parties do not propose any changes to discovery limitations.

**9.     ELECTRONIC INFORMATION.**

The Parties do not believe this matter will involve a large volume of ESI. The Parties anticipate that they will be able to resolve any disputes and will promptly bring any issues to the Court's attention that cannot be amicably resolved. With respect to discovery that is readily available, if there is an extensive amount of information to be produced, the Parties will confer about the possibility of producing such information in an electronic format, such as on a CD-ROM, flash drive, or web-based storage site.

**10.    REQUEST FOR JURY TRIAL.**

Both parties have requested a jury trial.

**11.    TRIAL.**

Estimated date that the case will be ready for trial: May, 2026

Estimated length of trial: 4-5 days.

Suggestions for shortening trial: None at this time.

**12.    EXPEDITED TRIAL ALTERNATIVE.**

The parties do not wish to proceed with the expedited trial alternative.

**13.    SETTLEMENT.**

Both Parties agree that there is no prospect for settlement at this time. The Parties will notify the Court if they conclude that judicial assistance would be beneficial at a later date.

**Defendants:** Defendants maintain this case should be dismissed upon dispositive motion and cannot meaningfully participate in settlement unless and until that motion has been heard.

**14. MODIFIED PROCEDURES.**

None at this time.

**15. ADDITIONAL MATTERS.**

− Defendants request an Order directing the Mental Health Court in Matter No. MH2021-005665 to provide records to the Defendants. Release of records from this court requires a Court Order, and not simply a signed release and authorization from Plaintiff, pursuant to A.R.S. §36-2604. Plaintiff has agreed to stipulate to the entry of this Order.

− Defendants will be filing a Motion for Judgment on the Pleadings seeking dismissal of Sgt. Williamson from this matter.

RESPECTFULLY SUBMITTED this 30th day of December 2024.

| MILLS + WOODS LAW PLLC | SCOTTSDALE CITY ATTORNEY'S OFFICE |
|---|---|
| */s/ Sean A. Woods (w/ permission)*<br>Robert T. Mills<br>Sean A. Woods<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br>*Attorneys for Plaintiff* | */s/ Lindsey M. Gomez-Gray*<br>Lori S. Davis, Deputy City Attorney<br>Lindsey M. Gomez-Gray Assistant City Attorney<br>3939 N. Drinkwater Blvd.<br>Scottsdale, AZ 85251<br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and electronic service to Plaintiff's counsel as follows:

Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
rmills@millsandwoods.com
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

By: /s/ V. Frost
Scottsdale City Attorney's Office