# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>　　　　　　　Respondents. | No. CV-23-01394-PHX-SMB (ESW)<br><br>**JOINT RULE 16 CASE MANAGEMENT ORDER** |

A Case Management Conference was set pursuant to Rule 16 of the Federal Rules of Civil Procedure. Prior to the conference, the parties met and prepared a Joint Rule 26(f) Case Management Report (Doc. 42) and a Joint Proposed Rule 16 Case Management Order (Doc. 42-1). On the basis of the parties' submissions, the Court enters the following Order.

**IT IS ORDERED** vacating Telephonic Rule 16 Case Management Conference set for January 9, 2025.

**IT IS FURTHER ORDERED**:

## I.   RULES

All parties must abide by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona.[1]  To the extent that the Federal Rules of Civil Procedure differ from the Local Rules, the Federal Rules of Civil Procedure shall govern.

---

[1] The Local Rules are available at: http://www.azd.uscourts.gov/local-rules, and the Federal Rules are available at: http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf

## II. JOINING PARTIES AND AMENDING PLEADINGS

The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **sixty (60) days** from the date of this Order.

## III. DISCOVERY

**Initial Disclosures**: Initial Disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, if not already exchanged, shall be exchanged no later than **February 17, 2025**. The parties shall file with the Clerk of Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

**Discovery Deadline**: All discovery must be completed on or before **November 3, 2025**.[2]

**Written Discovery Limitations**: Each side may propound up to 25 interrogatories, including subparts. The parties are also limited to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. All interrogatories, requests for production of documents, and requests for admissions shall be served at least **forty-five (45) days** before the discovery deadline.[3] Responses to discovery requests must be stated with specificity, and the parties are cautioned that the Federal Rules of Civil Procedure do not permit general or boilerplate objections.

**Deposition Limitations**: All depositions shall be scheduled to commence at least **five (5) working days** prior to the discovery deadline. A deposition commenced five (5) days prior to the deadline may continue up until the deadline, as necessary.

**Expert Disclosures**: Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than

---

[2] This Order governs and supersedes the "30 days before trial" disclosure deadline. *See* Fed. R. Civ. P. 26(a)(3). The discovery deadline concludes the time to propound discovery, the time to answer all propounded discovery, the time to supplement disclosures and discovery, the time for discovery by subpoena, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes.

[3] The parties may mutually agree in writing, without Court approval, to increase the discovery limitations or extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon increases or extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

**July 11, 2025**. Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **August 18, 2025**. Rebuttal expert disclosures, if any, shall be made no later than **September 15, 2025**. Rebuttal experts shall be limited to responding to opinions stated by initial experts. Absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.[4]

**Expert Depositions**: Expert depositions shall be completed no later than **October 17, 2025**. As with fact witness depositions, expert depositions shall be scheduled to commence at least **five (5) working days** before the deadline.

**Discovery Disputes**: Motions on discovery matters are *strongly discouraged.* Parties shall not present any discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). If the parties cannot reach a resolution, they may jointly request Court assistance by filing a *Joint Motion for Discovery Dispute Resolution*. The motion shall set forth a joint statement of the discovery dispute and shall not exceed **three (3) pages** in length. The parties shall also attach to their motion written certification of compliance with LRCiv 7.2(j). Absent extraordinary circumstances, the Court will *not* entertain fact discovery disputes after the deadline for completion of fact discovery, and will *not* entertain expert discovery disputes after the deadline for completion of expert discovery.

IV. **MOTIONS**

**Dispositive Motion Deadline**: Dispositive motions shall be filed no later than **December 15, 2025**.

**Dispositive Motion Limitations**: Absent leave of Court, no party shall file more than one motion for summary judgment. To obtain leave of Court, a party shall file a motion

---

[4] An expert witness who has not been timely disclosed will not be permitted to testify at trial unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition. *See Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

setting forth the reasons justifying the filing of more than one summary judgment motion.

**Oral Argument**: The parties shall not notice oral argument on any motion. Instead, a party seeking oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion. *See* LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

**Copies:** A paper copy of any document exceeding ten (10) pages in length shall be submitted to chambers promptly following its electronic filing. Paper copies of documents which are too large for stapling must be submitted in a three-ring binder.

**Noncompliance**: All parties are specifically admonished that "[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2 (emphasis added).

**No Combined Motions, Responses, or Replies**: Neither party shall file a document that contains more than one motion. Neither party shall file a response or reply that pertains to more than one motion. <u>A document that fails to comply with this requirement may be stricken by the Court.</u>

**Address Changes**: Each self-represented party must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Self-represented parties must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action or the striking of a pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## V. SETTLEMENT DISCUSSIONS

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **January 30, 2026**. Upon completion of such settlement talks, and in no event later than **five (5) working days** after the deadline for settlement talks, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all

counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

## VI. **FINAL PRETRIAL CONFERENCE**

If no dispositive motions are pending before the Court after the dispositive motion deadline has passed, Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within **seven (7) days** of the dispositive motion deadline. If a dispositive motion is pending before the Court following the dispositive motion deadline, Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within **seven (7) days** of the resolution of the dispositive motion. Following the filing of the Notice, the Court will issue an Order Setting Final Pretrial Conference that: (1) sets deadlines for briefing motions in limine; (2) includes a form for the completion of the parties' joint proposed Final Pretrial Order; and (3) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

## **ADVISAL**

**The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly**. The Court emphasizes that it has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the date of commencement of an action. Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so. As a general matter, the pendency of settlement discussions or the desire to schedule mediation does not constitute good cause.

Dated this 6th day of January, 2025.

_____
Honorable Eileen S. Willett
United States Magistrate Judge