UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Mark Houser,**

Plaintiff, Pro Se

v.

**Detective Koerner; Sergeant Williamson,**

Defendants.

Case No. CV-23-01394-PHX-SMB

---

# PLAINTIFF'S OBJECTION TO ATTORNEY SEAN WOODS' MOTION TO WITHDRAW & MOTIONS FOR DISCOVERY SANCTIONS, SPOLIATION, TITLE 36 VIOLATIONS, AND LEAVE TO AMEND

## INTRODUCTION

Plaintiff Mark Houser hereby submits the following objection and motions in the above-captioned case:

1. **Objection to Attorney Sean Woods' Motion to Withdraw.** Plaintiff objects to his attorney's withdrawal unless all outstanding legal obligations are fulfilled.

2. **Motion for Discovery Sanctions & to Compel Missing Evidence.** Seeks sanctions for spoliation and orders Defendants to produce withheld evidence.

3. **Motion to Challenge Violations of Arizona Title 36 (Mental Health Laws).** Details how Defendants unlawfully detained Plaintiff without following state-mandated procedures for involuntary evaluation.

4. **Motion for Leave to Amend the Complaint.** Preserves Plaintiff's right to amend his Complaint at a later date based on newly discovered evidence of petition fraud, misclassified emergency calls, and suppressed records.

5. **Motion to Preserve Plaintiff's Right to Assert a Monell Claim under 42 U.S.C. § 1983.** Plaintiff is preserving his right to assert a Monell claim based on Defendants' constitutional violations, including federal due process violations from unlawful detainment. Plaintiff is requesting discovery to establish longstanding unconstitutional practices and, if necessary, to amend his Complaint to include this claim.

6. **Motion to Challenge the False Criminal Charge and Request Forensic Review of 911 Calls & Fraudulent Pickup Order.** Defendants initially

attempted to detain Plaintiff on May 20, 2021, under a **false weapons call**, which failed when Plaintiff left. After this failed attempt, Defendants proceeded to act under a **fraudulent mental health petition, falsely justifying their response.** Plaintiff requests a forensic review of the May 9, 2021, and May 20, 2021, 911 calls as well as the **fraudulent pickup order** to determine whether they were manipulated, altered, or selectively preserved.

7. **Motion to Strike Irrelevant and Prejudicial 2018 & 2019 Records Submitted in Discovery.** Defendants have included discovery materials from 2018 and 2019 that are **entirely unrelated to the present case and serve only to mischaracterize Plaintiff.** These records, which reference outdated and irrelevant incidents, were included in bad faith to falsely paint Plaintiff as mentally unstable and justify their unlawful actions in 2021. These documents should be excluded from discovery and prohibited from being used as evidence in this case.

8. **Motion to Challenge Scottsdale PD's Reclassification of the May 7, 2021, Emergency Call & Demand Missing Body Cam Footage.** Alia Houser initially called 911 requesting an ambulance, but **Scottsdale PD reclassified it as a "family disturbance" to justify their response.** The CAD logs confirm that **Stephenson (#1522), Garcia (#1558), and Swan**

(#1440) responded to this call, with Garcia leaving 35 minutes before the others. A total of **three police vehicles responded to what was originally an ambulance request.** This reclassification was a deliberate effort to escalate the situation and justify law enforcement intervention instead of medical assistance. Plaintiff requests all **missing body cam footage from Stephenson, Garcia, and Swan** and demands an explanation for why an ambulance request was handled as a police incident.

9. **Motion for Spoliation Sanctions Due to Scottsdale PD's Deletion of 911 & Radio Traffic Records.** Scottsdale PD has admitted in writing that **all phone and radio communications from May 7, May 9, and May 20, 2021, were deleted after one year.** This confirms that SPD destroyed critical evidence that was relevant to this case, either negligently or deliberately. Plaintiff seeks **sanctions against Scottsdale PD for spoliation of evidence,** including an **adverse inference ruling** that assumes the deleted records contained information favorable to Plaintiff's case.

10. **Motion to Challenge the Fabrication of Firearm Evidence & Demand a Forensic Review of Impound Records.** Scottsdale PD's impound reports from May 20, 2021, **misclassified firearm calibers,** falsely portraying Plaintiff as an imminent threat. Plaintiff seeks a **forensic analysis of all**

4

**firearm-related records and metadata** to determine whether these details were altered after the fact to justify SPD's escalation.

Each motion is outlined below, demonstrating Defendants' misconduct and requesting relief to ensure Plaintiff's rights are protected.

---

## I. CONCLUSION

🔔 **Plaintiff requests that the Court:**

1. **Deny or condition Woods' withdrawal.**
2. **Compel production of missing evidence.**
3. **Recognize Defendants' violations under Title 36 and Title 42 federal laws.**
4. **Order a forensic review of the 911 call evidence and fraudulent pickup order.**
5. **Strike the prejudicial and irrelevant 2018 & 2019 records from discovery.**
6. **Compel Scottsdale PD to provide body cam footage from all officers present on May 7, 2021, and explain the improper reclassification of the emergency call.**

7. **Impose sanctions against Scottsdale PD for deleting key 911, radio, and phone communications.**

8. **Order a forensic analysis of firearm impound records to verify potential manipulation of evidence.**

Respectfully submitted,

*[signature]*

Mark Houser

Plaintiff, *Houser v. Koerner & Williamson*