FOR THE DISTRICT OF ARIZONA

Mark Houser,

Plaintiff, Pro Se

v.

Detective Koerner; Sergeant Williamson,

Defendants.

Case No.: CV-23-01394-PHX-SMB

**PLAINTIFF'S MOTION TO COMPEL COURT REVIEW OF OFFICER TUCKER'S BODY-WORN CAMERA FOOTAGE**

**INTRODUCTION**

Plaintiff Mark Houser, proceeding **pro se**, hereby moves this Court for an **in-camera review** of Officer Tucker's **body-worn camera (BWC) footage from May 9, 2021** due to its **direct relevance** to the pending **Motion for Sanctions, Motion for Spoliation, and Motion for Discovery Violations** filed against Defendants.

The footage, which has now been submitted into evidence, contains **critical exculpatory evidence** and **direct contradictions to the Scottsdale Police Department's (SPD) official reports**. Plaintiff contends that this footage **proves**

**material misconduct, evidentiary suppression, and procedural violations** in the involuntary commitment process.

## FACTUAL BACKGROUND

1. **Officer Tucker's BWC Footage Is Central to Plaintiff's Claims**

   - Tucker's bodycam captures **misclassification of evidence, manipulated questioning,** and **attempts to frame Plaintiff** through **leading statements** to Alia Houser.

   - The footage contradicts SPD's **official reports**, which falsely characterize the firearm seizure, Alia's statements, and SPD's justification for intervention.

2. **Directly Related to Pending Sanctions and Spoliation Motions**

   - Plaintiff's **Second Motion for Sanctions and Spoliation** details SPD's deletion and suppression of evidence, including **missing radio communications and 911 calls**.

   - Officer Tucker's BWC footage **fills crucial gaps** in the SPD's narrative and is **essential for judicial determination** of bad faith misconduct.

3. **Material Evidence of SPD's Due Process Violations Under Arizona Title 36**

    o The footage **confirms pre-coordinated SPD efforts** to secure an involuntary commitment order against Plaintiff without lawful justification.

    o The footage captures **misleading interactions** between officers and Alia, revealing **coerced statements** designed to fabricate probable cause.

4. **Contradicts Scottsdale PD's Justification for Involuntary Detainment**

    o Tucker's footage **confirms Alia never alleged domestic violence** or an immediate threat, yet SPD proceeded as if she had.

    o SPD's reliance on this incident for **mental health petition approval** is demonstrably false, warranting **judicial scrutiny**.

## LEGAL BASIS FOR COURT REVIEW

Under **Fed. R. Civ. P. 37(a)(3)(B)(iv)**, a party may move to compel **review of specific evidence** when it is necessary for the resolution of pending motions. Here, Tucker's bodycam footage is **highly material to Plaintiff's claims** and must be examined to assess:

1. **SPD's pattern of evidentiary suppression and spoliation**—whether the footage contradicts SPD's claims in discovery.

2. **The veracity of SPD's justification for detainment**—whether the footage supports or disproves claims made in the commitment order.

3. **SPD's procedural violations of Arizona Title 36 and federal due process protections**—whether the footage confirms coercion and fabrication of evidence.

Failure to review this footage would **allow the Defendants to evade accountability for misconduct that is now clearly documented.**

**RELIEF REQUESTED**

Plaintiff respectfully requests that this Court:

1. **Conduct an in-camera review of Officer Tucker's body-worn camera footage from May 9, 2021.**

2. **Consider the footage in ruling on the pending motions for sanctions, spoliation, and discovery violations.**

3. **Issue findings on the impact of this footage on Defendants' prior representations to the Court.**

This review is essential to ensure **full judicial consideration of exculpatory and contradictory evidence** that is central to the integrity of this case.

Respectfully submitted,

*Mark Houser*

**Mark Houser**

Plaintiff, **Pro Se**

Dated: **March 17, 2025**