Mark Houser
9384 E Via Del Sol drive
Scottsdale Az 85255
602-799 3161

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

APR 03 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Mark Houser, Plaintiff (Pro Se)

v.

Detective Timothy Koerner, et al., Defendants

Case No. 2:23-cv-01394-SMB-ESW

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO DOC. 55 (FILED AS DOC. 59)

TO THE HONORABLE COURT:

Plaintiff Mark Houser submits this reply in response to Defendants' Response (Doc. 59) to Plaintiff's Objection to Withdrawal of Counsel, Motion for Forensic Review, Sanctions, Motion to Strike 2018–2019 Records, and Notice of Intent to Amend (Doc. 55). Plaintiff respectfully offers the following clarifications:

### I. DISCOVERY STATUS AND PROCEDURAL POSTURE

Defendants repeatedly assert that Plaintiff had not served discovery at the time of filing Doc. 55. While technically correct, this argument is not dispositive.

- Plaintiff's motion did not seek compelled discovery under FRCP 37.
- Plaintiff's motion instead raised:
    - Constitutional violations (Title 36 abuse, due process violations);
    - Evidentiary concerns (forensic integrity);
    - Relevance/prejudice (motion to strike past records);
    - Factual notice of intent to amend.

As such, Defendants' focus on discovery timing and meet-and-confer procedures under Local Rules 7.2(j) and 37.1 is misplaced and should not preclude consideration of these issues.

## II. FORENSIC REVIEW REQUEST

Defendants argue Plaintiff is free to hire an expert but cite no authority prohibiting the Court from granting permission for forensic review or from receiving the results for the record.

- Plaintiff has identified substantial inconsistencies in document metadata, petition timing, and email evidence.

- Plaintiff's motion requested that the Court authorize or clarify whether such a review can be submitted and entered, especially concerning:
    - The authenticity of the July 15, 2021 petition;
    - Timestamp inconsistencies in SPD reports;
    - Potential backdating and suppression of communications.

This request falls within the Court's inherent authority to safeguard the integrity of the record.

## III. TITLE 36 VIOLATIONS AND CONSTITUTIONAL CLAIMS

Defendants state it is "unclear" what Plaintiff is seeking. Plaintiff clarifies:

- Plaintiff was seized and detained under an expired or invalid petition that was never lawfully served.
- Detective Koerner had no direct contact with Plaintiff, nor was a valid pre-petition screening conducted under A.R.S. § 36-521.
- These violations form the basis of Plaintiff's due process claim under 42 U.S.C. § 1983.

Whether or not these claims succeed on the merits is a matter for later disposition. The City's assertion that Plaintiff must wait until summary judgment ignores the

fact that the Court may act now to preserve integrity where fraud or suppression is plausibly alleged.

## IV. MOTION TO STRIKE 2018–2019 MENTAL HEALTH RECORDS

Defendants claim these records are relevant under Rule 26(a)(1). Plaintiff responds:

- These records are not connected to the May–July 2021 incidents at issue.
- They are **false and highly prejudicial**, intended solely to create a misleading narrative of Plaintiff's mental instability as post hoc justification for unlawful conduct.
- Their inclusion at this stage distorts the factual record and undermines the purpose of Rule 403.

Plaintiff requests that the Court either strike the records or defer consideration of their admissibility until after full discovery.

## V. NOTICE OF INTENT TO AMEND

Defendants argue Plaintiff's notice to amend was unnecessary. Plaintiff clarifies:

4

- No motion to extend the deadline was filed.
- Plaintiff simply informed the Court that new evidence and claims—some uncovered through discovery—would be integrated into an amended complaint **within the June 12, 2025 deadline**.

This was a procedural courtesy, not a request for leave.

## VI. CONCLUSION

Plaintiff respectfully requests that:

- The motion not be denied based on procedural technicalities irrelevant to the underlying constitutional and evidentiary concerns;
- The Court permit Plaintiff to proceed with forensic review;
- The 2018–2019 records be stricken or reserved for trial objection;
- The Title 36 and due process claims be preserved for adjudication;
- Plaintiff's timely amendment remain on schedule as intended.

Respectfully submitted,

/s/ Mark Houser

Mark Houser (Pro Se)

mhouser@gcbscorp.com

9384 East Via Del Sol Drive

Scottsdale, AZ 85255

(602) 799-3161

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Case No. 2:23-cv-01394-SMB-ESW

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically transmitted the foregoing document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lori S. Davis
lodavis@scottsdaleaz.gov

Lindsey M. Gomez-Gray
LGomezGray@scottsdaleaz.gov

Scottsdale City Attorney's Office
legal@scottsdaleaz.gov
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorneys for Defendants

Documents Served:
- Plaintiff's Reply to Doc. 59
- Plaintiff's Consolidated Reply to Doc. 60 (with Declaration and Exhibits A–B)
- Plaintiff's Reply to Doc. 61

/s/ Mark Houser
Mark Houser (Pro Se)
mhouser@gcbscorp.com
9384 East Via Del Sol Drive
Scottsdale, AZ 85255
(602) 799-3161