FILED _____ LODGED
_____ RECEIVED _____ COPY

APR 0 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**Mark Houser**, Plaintiff (Pro Se)

v.

**Detective Timothy Koerner, et al.,** Defendants

**Case No. 2:23-cv-01394-SMB-ESW**

---

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO SECOND**

**MOTION FOR SANCTIONS AND SPOLIATION (Doc. 60)**

**TO THE HONORABLE COURT:**

Plaintiff Mark Houser submits this reply to the City Defendants' Response (Doc. 60) to Plaintiff's Second Motion for Sanctions and Spoliation (Doc. 56). The City's response consists entirely of procedural deflection and fails to address the substance of Plaintiff's allegations, expert evidence, and constitutional violations. Plaintiff offers the following clarifications:

---

**I. DEFENDANTS' FAILURE TO ADDRESS MATERIAL FACTS**

1

The City fails to address any of the core misconduct outlined in Plaintiff's motion:

- No denial of Officer Tucker's 5-minute bodycam blackout and resumption during scripted interrogation.

- No denial of Sergeant Campos' unreported presence, documented comments, or involvement in evidence handling.

- No denial of the fraudulent, backdated May 20 petition, central to Plaintiff's seizure.

- No rebuttal of the email from Kelly Wills, which proves premeditated intent to file a petition before any alleged crisis.

- No response to the intentional misclassification of a .22 caliber firearm as a 9mm in SPD reports.

- No rebuttal to Dr. Scialli's affidavit, which confirms SPD acted outside of medical and legal boundaries.

In sum, Defendants ignored every factual, evidentiary, and expert-supported allegation in favor of a superficial procedural dodge.

## II. PLAINTIFF'S MOTION IS NOT PREMATURE

Defendants claim spoliation sanctions are premature. Yet:

- Spoliation does not require ongoing discovery where Plaintiff has already identified destroyed or concealed evidence.

- The 5-minute blackout in Officer Tucker's footage, Campos' omissions, backdated petitions, and missing EMS/dispatch records are not speculative—they are already part of the record.

- The City's own cited case (*Fast v. GoDaddy.com*) acknowledges that spoliation arises once a duty to preserve is triggered—here, as early as May 2021, when the City began coordinating a psychiatric seizure.

## III. SANCTIONS ARE NOT REQUESTED UNDER RULE 37

Plaintiff's motion is not a discovery motion under FRCP 37 and therefore does not require meet-and-confer certification under Local Rule 37.1.

- Plaintiff is requesting relief based on the Court's inherent authority to address fraud, concealment, and destruction of evidence.

- Procedural arguments regarding timing or formatting are inapplicable to motions rooted in constitutional violations and judicial integrity.

## IV. THE CITY'S NON-JURAL ENTITY ARGUMENT IS A RED HERRING

Defendants argue that the Scottsdale Police Department is not a party. This is a misdirection.

- Plaintiff is suing Koerner and Williamson, who acted as SPD officers under color of law.

- Allegations involve SPD actions, footage, emails, and policy directives. The City of Scottsdale is a named party and ultimately liable under *Monell*.

- Plaintiff's claims directly implicate Koerner, Williamson, Tucker, and Campos, all active SPD personnel during the events in question.

---

## V. SPECIFIC MISCONDUCT CLARIFICATIONS

### A. Campos' Scripted Medical Assistance Question and Subsequent Conduct

Campos arrived on scene, stood unreported for over 8 minutes, and then asked a perfunctory, scripted question—"Does anyone need medical assistance?"

Immediately following that moment, Campos:

- Handled Plaintiff's firearm;

- Discussed judicial commitment strategy;

- Made inflammatory and coercive comments like "God forbid he sees you as a threat and kills you and your child."

This sequencing reveals intent to perform compliance while preparing for escalation—not genuine concern.

## B. Tucker's False Charge and Fabricated Statements

Officer Tucker (female) filed a disorderly conduct charge without probable cause, a tactic to justify escalation and detainment.

She misrepresented Alia's statements in both tone and content, diverging from bodycam footage and real-time context.

These acts constitute malicious abuse of authority, not simple administrative error.

---

## VI. CONCLUSION

The City Defendants have failed to dispute the core claims raised in Plaintiff's motion. Their silence on the substance of the motion, coupled with factual omissions and misleading legal framing, reinforces the seriousness of Plaintiff's allegations.

Plaintiff respectfully requests that the Court:

1. Grant an evidentiary hearing on spoliation and fabrication of evidence;

2. Permit a forensic analysis of missing or altered bodycam footage;

3. Impose appropriate sanctions for intentional misconduct;

4. Refer Sergeant Campos and Officer Tucker for investigative review;

5. Deny the City's procedural objections in full.

## VII. PRIOR NOTICE AND DEFENDANTS' OWN EVIDENCE REVIEW

Plaintiff also notes that in a prior phase of this litigation, on November 2, 2022, the City of Scottsdale sent a meet-and-confer letter to Plaintiff's former counsel. In that letter, the City confirmed it had reviewed the 911 calls, Internal Affairs audio, and On-Body Camera ("OBC") footage—specifically the materials that are now alleged to be suppressed, blacked out, or inconsistent with filed reports. Despite this, Defendants now argue spoliation is premature and that no underlying constitutional violations are apparent. The City's own admissions demonstrate early awareness of all material facts, and its failure to act on known discrepancies forms a basis for sanctions and evidentiary review.

**Citations for Record:**

- Tucker bodycam blackout and scripted dialogue: Second Motion for Sanctions and Spoliation, pp. 3–4

- Campos' concealed presence, delayed medical question, and inflammatory comment: Second Motion, p. 4

- Fraudulent petition and pre-staged emails (Wills): Second Motion, pp. 2–3

- Firearm misclassification (.22 vs. 9mm): Second Motion, p. 2

- Dr. Scialli affidavit (due process violations): Second Motion, pp. 7–8

- **Exhibit A – November 2, 2022 Meet-and-Confer Letter from City of Scottsdale to Plaintiff's Counsel (HOUSER_000041–000045)**
  This letter confirms that Defendants had early access to all disputed materials, including 911 calls, OBC footage, and IA interviews, and contradicts their current position that Plaintiff's motion is premature or unsupported.

---

**Respectfully submitted,**

/s/ Mark Houser

Mark Houser (Pro Se)

mhouser@gcbscorp.com

9384 East Via Del Sol Drive

Scottsdale, AZ 85255

(602) 799-3161

DECLARATION OF MARK HOUSER

I, Mark Houser, declare under penalty of perjury as follows:

1. I am the Plaintiff in this action. This declaration supplements my response regarding spoliation and the failure of the Scottsdale Police Department (SPD) to preserve and produce key evidence.

2. The events described herein are a direct continuation of the police misconduct that began on May 7, 2021. What followed on May 20 and beyond was not isolated, but part of a coordinated timeline of escalating violations.

3. On the morning of May 20, 2021, my attorney, Kris Califano, emailed the Scottsdale Police Department to ask why multiple SPD officers had been at my property the night before. Rather than providing a factual explanation or existing reports, SPD responded by sending over a petition and a fraudulent pick-up order. This email string included communications from Sergeant Dunton, and was followed up by Detective Evelyn Hernandez and Sergeant Scott Williamson.

4. This exchange marks the continuation and escalation of efforts that began on May 7 and culminated in the coordinated attempt to detain me under false pretenses. It also places SPD on formal notice of my attorney's involvement and

1

their obligation to preserve all relevant communications and materials from that point forward.

5. On or about June 3, 2021, I informed Mr. Califano that four Scottsdale Police vehicles were present at my home at approximately 12:40 AM on May 20, 2021, yet only one officer report has been produced, falsely indicating an arrival time of 8:30 AM.

6. I also disclosed to Mr. Califano that I had audio evidence from May 7 and video evidence from May 9, both of which contradicted SPD's version of events. I informed him that I was also preparing a letter to the Scottsdale City Council detailing misconduct.

7. On June 25, 2021, Gini McCardle, paralegal to Mr. Califano, confirmed in writing that SPD had failed to produce the reports requested. The only document provided at that time was a limited field interview note.

8. On July 3, 2021, I again wrote to Mr. Califano, documenting that four police vehicles were at my home on May 20, and that only one report had been produced, omitting the presence and actions of the other officers.

9. These communications show that SPD was on notice of the need to preserve and produce these records well before my involuntary detainment on July 16, 2021.

10. To date, the body-worn camera footage, AVL tracking data, and complete police reports from these officers have not been produced.

11. I submit this declaration in support of my spoliation arguments and to confirm that key evidence was requested, known to exist, and not preserved or disclosed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3 day of April , 2025.

Mark Houser

3

Exhibit A-CV-23-01394



**Sherry R. Scott**
**City Attorney**

3939 N. Drinkwater Blvd.
Scottsdale, AZ 85251

PHONE 480-312-2405
FAX    480-312-2548
WEB  www.ScottsdaleAZ.gov

November 2, 2022

**Via Email Only**

Sean A. Woods, Esq.
MILLS & WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
swoods@millsandwoods.com

> Re:   ***Mark Houser v. City of Scottsdale, et al.***
>        U.S.D.C., District of Arizona, Case No.: 22-1809-PHX-SMB-ESW

Dear Sean,

In anticipation of your review of the evidence in this case, including the 911 calls from Alia Houser, Plaintiff's Internal Affairs audio interview and the On Body Camera ("OBC") footage, I write to request that you dismiss the City defendants[1] from this case. This letter will also serve as the City defendants' Local Rule 12.1(c) meet and confer letter in anticipation of our forthcoming Motion to Dismiss if the parties are unable to reach a resolution.

Incorrectly Named Parties

As an initial matter, the FAC incorrectly names three City defendants: (1) Kelly Wills is improperly named as Kelly Willis; (2) Sergeant Williamson is improperly named as Sergeant Williams; and (3) Detective Evelyn Ivanoff is improperly named as Evhernandez. As discussed below, there is no viable claim against any of these three City defendants. But, if you choose to proceed against these three named individuals, we request you amend the complaint to name them correctly.

You have also named the Scottsdale Police Department ("SPD") as a defendant. The SPD is a department within the City and as such, is a non-jural entity, which is incapable of being sued. *See Braillard v. Maricopa County*, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (App. 2010). We request you dismiss the SPD from the lawsuit.

Furthermore, to clarify the record, the FAC names an Officer Andrew Owusu-Ansah. Mr. Owusu-Ansah is not a City employee. Mr. Owusu-Ansah is a nurse practitioner that signed the May 19, 2021 Community Bridges, Inc. ("CBI") Police Pick-Up Order. The FAC further names a Detective M. #8577. We have been unable to locate a Detective M. #8577 as a City employee and

---

[1] City defendants refer to the City of Scottsdale, Scottsdale Police Department, Officer Stephenson, Ms. Wills, Detective Koerner, Officer Bogumill, Mr. Henningsen, Sergeant Williamson, Detective Carlucci, and Detective Ivanoff.

Sean A. Woods, Esq.
MILLS & WOODS LAW, PLLC
November 2, 2022
Page 2 of 5

do no believe Detective M is a City employee based on the limited information in the FAC. If you have any additional information on Detective M. #8577, please provide it so that we can confirm whether he or she is a City employee.

<u>Rule 8</u>

In the context of a civil rights claim "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir., 1982); *see also United States ex rel. Chunie v. Ringrose*, 778 F.2d 638, 643 (9th Cir., 1986) (Conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim.) Plaintiff's civil rights claims must address the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Rizzo v. Goode,* 423 U.S. 362, 375-77 (1976); *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988).

Here, beyond naming the individual City defendants (Det. Ivanoff, Mr. Henningsen, Sgt. Williamson, and Det. Carlucci) in the Parties section of the FAC, the FAC contains *no* facts about these individual defendants, much less conduct that these defendants undertook connected to a constitutional violation. *See* generally FAC. Thus, for each of these named defendants, the allegations in the FAC are insufficient to allege any viable claim and these defendants must be dismissed.

More importantly, the objective evidence shows several of these named City defendants had *no* contact or de minimis contact with your client that would not give rise to a viable claim. For example, Det. Carlucci, Det. Ivanoff and Ms. Wills never spoke with or interacted with Plaintiff. After the 911 calls, Det. Carlucci and Ms. Wills did speak with Alia Houser to check-in on her and work with her to make sure she and her son felt safe. Det. Carlucci, Ms. Wills and Det. Hernandez also received and responded to emails from Alia Houser, but discussions with a victim (on the phone or via email) and providing resources to that victim does not substantiate an alleged violation of Plaintiff's constitutional rights.[2]

Like Det. Ivanoff, Det. Carlucci and Ms. Wills, Mr. Henningsen never spoke with or interacted with Plaintiff. Rather, Mr. Henningsen merely confirmed Plaintiff's employer in response to a valid Police Pick Up Order issued by CBI. *See* FI112360. This action does not support a constitutional violation.

As for Ofc. Bogumill, his only contact with Plaintiff was a brief 20 second phone call on May 20, 2021, in response to the CBI Police Pick Up Order:

> On 5-20-21 at about 1014 hours, I called the listed phone number for Mark (602 799-3161) and spoke with an individual who verbally identified himself as Mark and told me he had to get off the phone because he was speaking with his attorney. When I told him my call was in reference to a petition, Mark said he does not need to have a petition served on him because he had been mentally [evaluated] last week and that Alia wasn't his legal wife. When asked if he would voluntarily be evaluated, Mark hung up on me.

---

[2] The FAC falsely asserts that Ms. Wills shared identifying information about Plaintiff's treating physician and private medical information with Alia. Alia provided this information to Ms. Wills, other SPD officers and friends and family. Moreover, Alia requested information on how to report Plaintiff's psychiatrist. Ms. Wills merely provided that resource in the May 9, 2021 email referenced in the FAC.

HOUSER_000042

Sean A. Woods, Esq.
MILLS & WOODS LAW, PLLC
November 2, 2022
Page 3 of 5

*See* FI 112360.  Again, this single contact does rise to the level of a constitutional violation.

      Accordingly, the City requests you dismiss Mr. Henningsen, Det. Ivanoff, Det. Carlucci, Ms. Wills, and Ofc. Bogumill from this case.

Search of Plaintiff's Residence (Count 1)

      Plaintiff alleges that "SPD officers entered and searched Plaintiff's residence on multiple occasions without a warrant." FAC ¶52. This is false. SPD officers were invited into the residence by Alia Houser in response to her 911 calls on May 7, 2021, May 9, 2021, and May 20, 2021. *See* FI112086, DR21-09121, DR21-09849 and related OBCs. During these visits, SPD officers spoke with Alia about her concerns regarding Plaintiff's mental health issues. Entering a home invited by a resident of that home and discussing the reason for the 911 call is not an illegal search under the Fourth Amendment. *See United States v. Glassel*, 488 F.2d 143, 145 (9th Cir. 1973) ("If he is invited inside, he does not need probable cause to enter, he does not need a warrant, and, quite obviously, he does not need to announce his authority and purpose.").

      Furthermore, the FAC fails to allege any facts that Officer Stephenson searched Plaintiff's residence on May 7, 2021. The corresponding Field Report confirms he did not search the premises. And, as shown in the May 9, 2021 and May 20, 2021 OBC videos, the SPD officers never searched the home on those dates. Rather, the SPD officers followed Alia around the home to secure the guns on the property in response to Alia's request that the officers take the guns from the home.  This claim must be dismissed.

Seizure of Personal Property (Count 2)

      Plaintiff alleges SPD officers illegally seized a non-working .22 caliber pistol and a 12-gauge shotgun without a warrant.  FAC ¶57.  This is demonstratively false as shown by the May 9, 2021 OBC video. As shown in that OBCs video, Alia Houser invited the officers into the home and requested the officers take the guns: "I don't want them here." Thus, there is no evidence to support a claim for unlawful seizure of Plaintiff's property (i.e., his guns). This claim must be dismissed.[3]

Seizure of Plaintiff's Person (Count 3)

      Plaintiff alleges that "SPD Officers took Plaintiff into custody and caused Plaintiff to be involuntarily admitted into CBI's facilities without probable cause, a warrant, or any lawful reason, amounting to an unlawful seizure of Plaintiff's person." FAC ¶62.[4] This claim fails as a matter of law.

---

[3] The FAC also incorrectly alleges that "Plaintiff did not have any guns because SPD officers unlawfully seized all of Plaintiff's guns on May 9, 2021." On May 13, 2021, Alia confirmed there could be 2 guns left in the house.  On May 20, 2021, in response to a 911 call and Alia's request, SPD officers impounded two additional guns from the property. Finally, on May 29, 2021, Alia emailed Ms. Wills, Det. Ivanoff and Det. Carlucci to let them know "Mark bought a gun a few days ago."

[4] Plaintiff was actually taken to ConnectionsAZ's location at 1201 S. 7th Ave, Suite 150B in Phoenix, Arizona.

HOUSER_000043

Sean A. Woods, Esq.
MILLS & WOODS LAW, PLLC
November 2, 2022
Page 4 of 5

First, your contention that Arizona's involuntary commitment statutes do not apply to Plaintiff because he is 56 years old relies on a misreading of the definition of "person". It is evident from the plain language of the statute that "person" is not limited to minors. Rather, the plain, unambiguous language shows "person" includes adults (like Plaintiff) and minors:

For the purposes of this section, "person" *includes* a person who:

1. Is under eighteen years of age.
2. Has been transferred to the criminal division of the superior court pursuant to § 8-327 or who has been charged with an offense pursuant to § 13-501.
3. Is under the supervision of an adult probation department.

*See* A.R.S. §36-520(J) (emphasis added).

Second, as a matter of law, the SPD was required to pick-up Plaintiff and transport him to Connections AZ, Inc in response to the valid Police Pick Up Order signed July 15, 2021. *See A.R.S.* § 36-524(E) ("The peace officer, on the request of the admitting officer of the evaluation agency pursuant to this subsection, *shall* apprehend and transport the person to the evaluation agency.") (emphasis added); A.R.S. § 36-525(A) ("The peace officer shall transport the person to a screening agency unless the person's condition or the agency's location or hours makes such transportation impractical, in which event the person *shall* be transported to an evaluation agency.") (emphasis added); July 15, 2021 Pick-Up Order ("I … direct that Scottsdale PD, *shall* apprehend and transport Mark Christopher Houser to ConnectionsAZ, Inc.) (emphasis added).

Third, Det. Koerner and Sgt. Williamson are entitled to immunity. Det. Koerner is entitled to immunity under A.R.S. 36-515(A). A.R.S. § 36-515(A) provides that a "person acting in good faith upon either actual knowledge or reliable information who makes application for evaluation or treatment of another person pursuant to this chapter is not subject to civil or criminal liability for such act." This is a qualified immunity statute, and as such, to overcome it Plaintiff must present evidence of actual malice, or bad faith, on the part of Det. Koerner in connection with his compliance with Arizona's Title 36 evaluation process. *See, e.g., L.A.R. v. Ludwig*, 170 Ariz. 24, 821 P.2d 291, 295 (App. 1995). The FAC fails to allege any facts to support actual malice or bad faith, nor can you. The petition was based on reliable information provided to a law enforcement officer, including statements from Alia Houser, the Plaintiff's IA interview and the three 911 visits to Plaintiff's residence.

As for Sgt. Williamson, he assisted with the pickup and transport of Plaintiff to ConnectionsAZ pursuant to the valid Pick-Up Order. There were no issues with the pick-up and Plaintiff went voluntarily. A.R.S. § 36-525(C) (Apprehension and Transportation) states that "A peace officer who makes a good faith effort to follow the requirements of this section is not subject to civil liability." Because Plaintiff was picked up without issue and transported to ConnectionsAZ, Sgt. Williamson is entitled to immunity from this lawsuit. We request you dismiss this claim and Det. Koerner and Sgt. Williamson from the litigation.

<u>*Monell* Liability (Count 9)</u>

Your federal claim against the City is insufficiently pled under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). The FAC is devoid of any facts that mention any policy, practice or custom giving rise to a constitutional violation. *See generally* FAC. For this reason, Plaintiff fails to state a claim for relief that is plausible on its face and Count 9 must be dismissed.

Sean A. Woods, Esq.
MILLS & WOODS LAW, PLLC
November 2, 2022
Page 5 of 5

### Civil Conspiracy (Count 10):

The intracorporate conspiracy doctrine "bars a claim for conspiracy where the allegation is that an entity conspired with its employees to violate an individual's constitutional rights." *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1074 (Ariz. 2012). Because Plaintiff conspiracy claim is against just the City and City employees, his claims fail as a matter of law and must be dismissed.

### Conclusion

I appreciate you taking the time to come into the office to review the evidence in this case firsthand. While Plaintiff may not have wanted the mental health treatment, the objective evidence shows that the City defendants did not violate any of his constitutional rights in responding to Alia's 911 calls or in picking up and transporting Plaintiff to the treatment facility.

We request you dismiss the City defendants from this lawsuit by **November 7, 2022,** otherwise, we will file our Motion to Dismiss.

Please also be advised that if the City is required to continue litigating this matter, this letter will be attached to future motions for sanctions and/or requests for attorneys' fees and costs.

I look forward to hearing from you.

Very truly yours,

*/s/ Lindsey Gomez-Gray*

Lindsey Gomez-Gray
Assistant City Attorney

Exhibit B - CV-23-01394

## Mark Houser

| | |
|---|---|
| **From:** | Mark Houser <housermark83@gmail.com> |
| **Sent:** | Wednesday, April 2, 2025 2:55 PM |
| **To:** | Mark Houser |
| **Subject:** | Fwd: HOUSER - Field Interview Reports |
| **Attachments:** | Houser-FI 112360_Redacted FOIA.pdf; Houser-FI 112086 FOIA.pdf |

This sender is trusted.

---------- Forwarded message ---------
From: **Kris Califano** <Kristopher@califanolaw.com>
Date: Fri, Jun 25, 2021 at 13:33
Subject: Fwd: HOUSER - Field Interview Reports
To: Mark Houser <mchouser@hotmail.com>, <housermark83@gmail.com>, Gini McCardle <gini@califanolaw.com>

Mark,

Here are the field notes we have.  We are waiting on more info.

Can you please approve the invoices and speak with Kerrie about her situation and get back to me.

Very Respectfully,

Kristopher Califano

Law Office of Kristopher Califano, PLLC
722 E. Osborn Rd Suite 120
Phoenix, AZ 85014

www.CalifanoLaw.com

602-402-8708

Kristopher@CalifanoLaw.com

ALL CLIENT RIGHTS RESERVED.
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or

1

attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender.  Please destroy the original transmission and its attachments without reading or saving in any manner.  Thank you.


---------- Forwarded message ---------
From: **Gini McCardle** <ginimc911@gmail.com>
Date: Fri, Jun 25, 2021 at 9:57 AM
Subject: HOUSER - Field Interview Reports
To: <KRISTOPHER@califanolaw.com>


Kris, attached are the field interview details (non-Report number) for Mark Houser.

We still have not received the requested reports


--

**Please CC Mr. Califano in your responses.**

Respectfully,

**Gini McCardle**
**Paralegal to Attorney**
**Kristopher Califano**
**602-469-4170**
gini@CalifanoLaw.com

Law Office of Kristopher Califano, PLLC
**722 E Osborn Rd., Ste 120**
**Phoenix, AZ 85014**
**www.CalifanoLaw.com**

ALL CLIENT RIGHTS RESERVED.
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender.  Please destroy the original transmission and its attachments without reading or saving in any manner.  Thank you.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Case No. 2:23-cv-01394-SMB-ESW


## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically transmitted the foregoing document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lori S. Davis
lodavis@scottsdaleaz.gov

Lindsey M. Gomez-Gray
LGomezGray@scottsdaleaz.gov

Scottsdale City Attorney's Office
legal@scottsdaleaz.gov
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorneys for Defendants

Documents Served:
- Plaintiff's Reply to Doc. 59
- Plaintiff's Consolidated Reply to Doc. 60 (with Declaration and Exhibits A–B)
- Plaintiff's Reply to Doc. 61

/s/ Mark Houser
Mark Houser (Pro Se)
mhouser@gcbscorp.com
9384 East Via Del Sol Drive
Scottsdale, AZ 85255
(602) 799-3161