FILED ___ LODGED
___ RECEIVED ___ COPY
MAY 0 5 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Mark Houser

9015 E. Pima Center Parkway, Suite 2

Scottsdale, AZ 85258

(480) 278-8381

mhouser@gcbscorp.com

**Pro Se Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

---

**Mark Houser,**

Plaintiff,

v.

**City of Scottsdale, et al.,**

Defendants.

**Case No. 2:23-CV-01394-PHX-SMB (ESW)**

---

# MOTION TO EXCLUDE TAINTED EVIDENCE, PURIFY THE JUDICIAL RECORD, AND RECOGNIZE INSTITUTIONAL DEFAMATION AS A FOUNDATIONAL DUE PROCESS VIOLATION

1

## INTRODUCTION

Plaintiff Mark Houser respectfully moves this Court to exclude and strike all tainted evidence premised on demonstrably false statements regarding his mental health and alleged dangerousness, and to recognize that the City's institutional defamation of Plaintiff constitutes a fundamental due process violation. Specifically, Plaintiff asks the Court to:

(a) exclude from these proceedings any materials or assertions derived from false statements about Plaintiff's mental stability, medication use, or purported threats;

(b) purify the judicial record by removing such defamatory material from the case file; and

(c) formally acknowledge that the City of Scottsdale's deliberate dissemination of unverified, reputation-destroying statements about Plaintiff, in the course of official actions, deprived Plaintiff of liberty without due process of law.

This motion is based on well-established legal principles. Under *Franks v. Delaware*, evidence obtained or used via knowingly false statements by officials is invalid and must be discarded. Under *Hartman v. Moore*, the absence of probable cause for charges — as evidenced here by reliance on baseless accusations — strongly implies an unconstitutional, retaliatory motive behind official actions. Moreover, under due process jurisprudence, government defamation coupled with an alteration of legal status ("stigma-plus") violates the Fourteenth Amendment's guarantee of fair process.

Plaintiff will show that the City's conduct meets this standard: the City's agents spread false and defamatory allegations about Plaintiff through official channels, and those allegations were then used to justify adverse actions against him. Such institutional defamation not only constitutes classic defamation per se under common law (as it imputes severe misconduct and mental illness), but also worked to deny Plaintiff a fair and impartial proceeding, corroding the integrity of the judicial record.

This case is currently in the discovery phase. Plaintiff files this motion now to prevent further prejudice and to ensure that the case proceeds on an untainted, truthful record, unclouded by scandalous falsehoods. Because Plaintiff is self-represented, he has endeavored to follow the Court's guidance for formatting and cites relevant authority in support of each point. For the reasons below, Plaintiff urges that the motion be granted in its entirety.

Plaintiff respectfully requests that the Court exclude all evidence and proceedings that follow from a defamatory internal communication sent by the City of Scottsdale on July 15, 2021. This email, distributed citywide under the subject line "HOTLINE ALERT," falsely portrayed Plaintiff as mentally unstable and dangerous prior to any adjudication or lawful process. It formed the foundation of the City's retaliatory psychiatric narrative and irreparably contaminated the record.

## FACTUAL BACKGROUND

1. On July 15, 2021, the City distributed a bulletin titled "HOTLINE ALERT: An important safety message from Municipal Security."

2. This email accused Plaintiff of "psychotic episodes," refusal to take medication, and warned staff that any sighting warranted a 911 call.

3. It included:

    - A mugshot from an unrelated and dismissed charge,
    - Personal details including name, age, license plate,
    - False statements about weapon seizures,
    - No judicial order or mental health evaluation had occurred.

4. This communication appears in the City of Scottsdale's April 28, 2025 discovery production as COS-HOUSER-000663, and is accompanied by "BEAT 18" police-facing slides at COS-HOUSER-000652 and COS-HOUSER-000660.

5. These statements were false. Plaintiff was under the care of psychiatrist Dr. John Scialli since 2019. His sworn affidavit (Exhibit A) confirms Plaintiff was stable, compliant, and not a public danger.

---

**LEGAL ARGUMENT**

6. The July 15 communication constitutes libel per se, which includes:

    - A false statement purporting to be fact,
    - Publication to third parties,
    - Fault amounting to at least negligence,

- Reputational harm to the plaintiff.

7. The statements were published without any medical or judicial determination and were shared widely within the municipal workforce.

8. The City's intent to defame is further evidenced by its inclusion of a mugshot, unsupported accusations, and instruction to treat Plaintiff as a safety threat.

9. This action violated the following constitutional and legal principles:

    - First Amendment – Retaliation: Hartman v. Moore, 547 U.S. 250 (2006) – Retaliation for protected speech is unlawful, even if coupled with otherwise lawful actions.

    - Fourteenth Amendment – Due Process: Doe v. University of Cincinnati, 872 F.3d 393 (6th Cir. 2017) – Reputational harm without process violates procedural due process.

    - Fourth Amendment – Unlawful Seizure: Franks v. Delaware, 438 U.S. 154 (1978) – False information used to justify government action renders the process invalid.

    - Monell Liability: Monell v. Dept. of Social Services, 436 U.S. 658 (1978) – Municipalities are liable for policies that result in constitutional violations.

    - Common Law Defamation Per Se Doctrine: Falsely alleging mental illness, criminality, or dangerousness is inherently defamatory.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

10. Exclude all evidence and proceedings derived from or influenced by the City's July 15, 2021 defamatory publication;

11. Recognize the City's July 15, 2021 communication as an unconstitutional, retaliatory, and libelous act;

12. Invalidate any mental health labels or findings, including the "persistently and acutely disabled" designation, that relied on this publication;

13. Admit Dr. Scialli's affidavit (Exhibit A) as authoritative evidence refuting the City's claims;

14. Restrict the introduction of any future evidence or arguments that derive from or reference the defamatory narrative;

15. Grant any further relief deemed just and appropriate to restore Plaintiff's rights and purify the judicial record.

Respectfully submitted,

Mark Houser

Pro Se Plaintiff

Dated: May 5, 2025

**EXHIBIT A** – Affidavit of Dr. John Scialli

(Referenced materials: COS-HOUSER-000663, 000652, 000660)

Exhibit A

## WITNESS AFFIDAVIT OF DR. JOHN SCIALLI

**STATE OF ARIZONA**
**COUNTY OF MARICOPA**

I, **Dr. John Scialli**, being of sound mind and legal age, declare under penalty of perjury as follows:

1. Personal Information:
   - Full Name: **Dr. John Scialli, M.D.**
   - Address: **4647 N 32nd St Ste 260, Phoenix AZ 85018**
   - Phone Number: **602-224-9888**
   - Professional Credentials: **Board-Certified Psychiatrist, Board-Certified Child and Adolescent Psychiatrist, Expert in Forensic Psychiatry.**
   - Relationship to Plaintiff: **Evaluating and Treating Physician**

2. Statement of Facts:
   - I have been **familiar with and/or involved in the psychiatric care of Mr. Mark Houser** and am aware of his mental health status and treatment history.
   - I conducted an evaluation and/or reviewed records related to Mr. Houser's psychiatric condition initially on 04/11/2019, subsequently twice weekly or weekly through 05/14/2021 and most recently on 03/07/2025.
   - To the best of my professional knowledge, at no time did Mr. Houser display behaviors that would justify an **emergency involuntary commitment without prior due process safeguards**.
   - **Scottsdale Police Department (SPD) ignored proper medical evaluations** and failed to conduct a **pre-petition screening** prior to executing an involuntary commitment order.
   - The **City of Scottsdale and SPD misrepresented Mr. Houser's psychiatric condition** as an imminent threat when he had an **established psychiatrist and a documented history of treatment compliance**.

2. Contradictions in SPD's Justifications for Commitment:
   - SPD claimed Mr. Houser **required immediate involuntary commitment**, yet they had knowledge that he was already under psychiatric care.

- The **absence of a pre-screening evaluation violated standard mental health commitment procedures**.
- SPD and City officials **misrepresented Mr. Houser's mental state and treatment history** to justify their actions.

3. Medical Opinion on Plaintiff's Psychiatric Condition & Commitment Process:

- Based on my review and/or evaluation, the **criteria for emergency involuntary commitment were not met** under standard medical guidelines.
- The **City's justification for commitment contradicts known psychiatric protocols** and **violates due process protections**.
- The **detainment of Mr. Houser appears to be more aligned with police intervention than a legitimate psychiatric emergency.**

4. Sworn Statement:

- The facts stated above are true and correct to the best of my knowledge and belief.
- I am providing this affidavit voluntarily and understand that it may be used in legal proceedings.

Federal Sworn Declaration (No Notary Required)

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of MARCH, 2025.

**WITNESS SIGNATURE**

*John V Scialli MD*     (JOHN V SCIALLI, MD)

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025 I served the foregoing motion to exclude tainted evidence via email to the following recipients:

Lori S. Davis, Esq.

Scottsdale City Attorney's Office

3939 North Drinkwater Boulevard

Scottsdale, AZ 85251

Email: lodavis@scottsdaleaz.gov


Lindsey M. Gomez-Gray, Esq.

Email: LGomezGray@scottsdaleaz.gov


Scottsdale City Attorney's Office

Email: legal@scottsdaleaz.gov

/s/ Mark Houser

Mark Houser, Pro Se

Email: mhouser@gcbscorp.com