IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>　　　　　　Defendants. | No. CV-23-01394-PHX-SMB (ESW)<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's "Motion to Exclude Tainted Evidence, Purify the Judicial Record, and Recognize Institutional Defamation as a Foundational Due Process Violation" (Doc. 73). The City Defendants filed a Response (Doc. 76), and Plaintiff filed a Reply (Doc. 77).

　　　　Plaintiff asks the Court to (i) exclude materials derived from allegedly false statements about Plaintiff's "mental health, medication use, or purported threats"; (ii) remove such materials from the case file; and (iii) formally acknowledge that the City's dissemination of these statements violated his due process rights. (Doc. 73 at 2.) The Court concurs with the City Defendants that Plaintiff's Motion (Doc. 73) should be denied.

　　　　First, as the City Defendants note (Doc. 76 at 2), Plaintiff has failed to identify which Rule of Civil Procedure he is relying on in requesting the Court to exclude the City Defendants' discovery. To the extent Plaintiff seeks to strike documents, Local Rule of Civil Procedure ("LRCiv") 7.2(m) provides that motions to strike may be filed only if (i)

authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(C) or (ii) if they seek to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order. None of these circumstances are present here.

Second, Plaintiff's legal authorities supporting the Motion (Doc. 73 at 2) are inapposite. *Franks v. Delaware*, 438 U.S. 154 (1978) addresses challenges to search warrant affidavits in criminal proceedings, circumstances not present in this civil rights action. Similarly, *Hartman v. Moore*, 547 U.S. 250 (2006) concerns First Amendment retaliation claims not at issue here.

Moreover, Plaintiff's motion appears to be a premature motion in limine. "A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). "The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). Here, the discovery and dispositive motion deadlines have not yet passed. No trial date has been set. To the extent Plaintiff's Motion (Doc. 73) may be construed as a motion in limine, it is premature.

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion to Exclude Tainted Evidence, Purify the Judicial Record, and Recognize Institutional Defamation as a Foundational Due Process Violation" (Doc. 73).

Dated this 23rd day of May, 2025.

*/s/ E.S. Willett*
Honorable Eileen S. Willett
United States Magistrate Judge