Mark Houser

9384 E Via Del Sol Dr

Scottsdale, Arizona 85255-5071

mhouser@gcbscorp.com

602-799-3161

**Plaintiff (Pro Se)**



**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**Mark Houser, Plaintiff,**

v.

**City of Scottsdale, et al., Defendants.**

Case No.: 2:23-CV-01394

**AMENDED COMPLAINT**

## I. PARTIES

1. **Plaintiff:**

   Mark Houser is an individual residing at 9384 E Via Del Sol Dr, Scottsdale,

   Arizona 85255-5071. At all relevant times, Plaintiff was the owner and

operator of Grand Canyon Business Solutions, located at 9015 East Pima Center Parkway, Scottsdale, Arizona. Plaintiff brings this action in his individual capacity as a resident and business owner, and as the person subjected to the unlawful acts described herein. Plaintiff has exhausted available administrative remedies by submitting a formal complaint to the United States Department of Justice Civil Rights Division, assigned Report Number 229312-KFP, as corroborated by the DOJ's acknowledgment and supporting exhibits [1],[4],[11].

2. **Defendants:**

- **City of Scottsdale:** A municipal corporation organized under the laws of the State of Arizona, responsible for the policies, practices, and customs of its police department and for the actions of its employees and agents, including law enforcement officers acting within the scope of their employment. The City is alleged to have maintained or condoned policies and practices that enabled the violations described herein, including failure to address Plaintiff's grievances, to implement adequate training or supervision regarding emergency mental health petitions, and to ensure compliance with discovery and evidence preservation obligations. The City's ongoing refusal to produce key evidence, participation in spoliation of evidence, and

discovery misconduct are central to Plaintiff's

claims [1],[4],[5],[6],[7],[8],[9],[10],[12],[15],[16],[17],[18],[20].

- **Detective Timothy Koerner, Sergeant Scott Williamson, Sergeant Marcus Dunton, Sergeant Brian Campos, Officer Kelly Wills, Detective Evelyn Hernandez, Sergeant Peter Michaels, Officer Michelle Carlucci, Officer Kalyn Tucker, Officer Nate Stephenson:** All sued in their individual and official capacities for their roles in the events and subsequent discovery/spoliation [1],[20].

- **Jane and John Does 1–10:** Individuals/entities whose identities are presently unknown but who are believed to have participated in, authorized, directed, or failed to prevent the conduct described herein. Each is sued in their individual and official capacities as appropriate [1].

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments, and related federal statutes.

2. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as such claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Scottsdale, Arizona, within this judicial district, and all Defendants reside in or are employed by entities located within this district [1],[4],[11].

## III. FACTUAL ALLEGATIONS

### A. Unlawful Seizure and Involuntary Commitment

- On or about July 15–16, 2021, Plaintiff was seized and involuntarily committed based on a knowingly false emergency mental health petition prepared by Detective Koerner, without direct observation, lawful pre-petition screening, or probable cause as required by Arizona law and the Arizona Administrative Code [1],[4],[11].

- The petition and related documents exhibited irregularities (forged signatures, inconsistent ink colors, improper notarizations), suggesting forgery and procedural misconduct [1],[5],[6].

- Plaintiff's attending physician, Dr. John Scialli, provided medical records and a professional opinion directly contradicting the claims made in the emergency petition, confirming Plaintiff did not meet statutory criteria for involuntary evaluation [4],[12].

## B. Pattern of Harassment, Collusion, and Abuse of Process

- The commitment was part of a broader pattern of harassment, document irregularities, and coordinated actions involving SPD officers and Plaintiff's domestic partner, Alia Houser [1],[5],[6],[14].

- Defendants misused legal procedures, including the mental health petition and pickup order process, to harass, intimidate, and unlawfully detain Plaintiff, and to obstruct justice and conceal the lack of lawful basis for their actions [1],[4],[5],[6].

## C. Discovery Misconduct, Spoliation, and Evidentiary Suppression

- Since April 2025, Plaintiff has served multiple formal discovery and preservation requests (April 30, 2025 supplemental request, May 13, 2025 meet-and-confer, June 6, 2025 follow-up), seeking production of critical evidence (AVL data, BWC footage, petition metadata, notary logs, internal communications) [4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18].

- The City repeatedly refused to produce these materials, offered shifting or contradictory justifications, and failed to preserve evidence despite being on formal notice and the existence of litigation holds [4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18].

- Plaintiff's requests were met with procedural denials, incomplete responses, and admissions that key evidence (911/radio recordings) was deleted or unavailable, in violation of federal and state law [4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18].

- Plaintiff filed a motion to compel discovery, for sanctions, and for an adverse inference instruction, seeking judicial intervention to address ongoing noncompliance, spoliation, and obstruction [4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18].

## D. Defamation, Libel Per Se, and Invasion of Privacy

- Defendants, including SPD officers and Alia Houser, disseminated false statements about Plaintiff's mental health and dangerousness, including through internal city bulletins and "HOTLINE ALERT" communications, causing significant reputational, economic, and emotional harm [2],[4],[5],[6],[14],[16],[17],[21].

- These communications were distributed to hundreds of City employees and staff, and in some instances, to Plaintiff's business associates and members of the public, without any judicial finding, medical basis, or lawful predicate [2],[4],[14],[17].

- The statements at issue impute to Plaintiff conduct, characteristics, or conditions incompatible with the proper exercise of his lawful business, trade, or profession, and/or tend to injure him in his occupation and reputation [2],[4],[14],[17].

- The statements are defamatory on their face and constitute libel per se under Arizona law, as they:

  - Charge Plaintiff with a crime or conduct that would subject him to hatred, contempt, or ridicule;

  - Impugn Plaintiff's fitness for his business or profession;

  - Falsely allege mental illness or dangerousness in a manner that is inherently damaging to reputation [2],[4],[14],[17].

- Defendants acted with actual malice or, at a minimum, reckless disregard for the truth, as evidenced by the lack of any judicial or medical finding, the falsity of the statements, and the coordinated nature of the publications [2],[4],[14],[17].

- Plaintiff suffered presumed and actual damages, including reputational harm, business losses, emotional distress, and economic loss [2],[4],[14],[17].

## E. Exhaustion of Remedies

- Plaintiff has exhausted available administrative remedies by submitting a formal complaint to the DOJ Civil Rights Division (Report No. 229312-KFP), as corroborated by the DOJ's acknowledgment and supporting exhibits [1],[4],[9],[11],[12].

## IV. CLAIMS FOR RELIEF

1. **Fourth Amendment (42 U.S.C. § 1983):** Unreasonable seizure and detention without probable cause or lawful justification [1],[4],[11].

2. **Fourteenth Amendment (42 U.S.C. § 1983):** Deprivation of liberty without due process [1],[4],[11].

3. **Monell Liability (42 U.S.C. § 1983):** Municipal liability for policies, customs, or practices enabling constitutional violations and discovery misconduct [1],[4],[5],[6],[7],[8],[9],[10],[12],[15],[16],[17],[18],[20].

4. **Violation of Arizona Law:** Submission of false or unlawful emergency mental health petitions in violation of A.R.S. §§ 36-520, 36-521, 36-

525(A), and the Arizona Administrative Code Title 9, Chapter

21 [1],[4],[11],[17].

5. **False Imprisonment and Related State Law Claims:** Unlawful detention

and deprivation of liberty [1],[4],[11].

6. **Conspiracy to Violate Civil Rights (42 U.S.C. § 1983):** Coordinated

actions to fabricate evidence, misuse legal process, and suppress

evidence [1],[4],[5],[6],[7],[8],[9],[10],[12],[15],[16],[17],[18],[20].

7. **Defamation (General) and Invasion of Privacy:** Dissemination of false

statements and private information [2],[4],[14],[17].

8. **Libel Per Se (Arizona Common Law and A.R.S. § 12-651 et seq.):**

- ☐ Plaintiff realleges and incorporates by reference all

  preceding paragraphs as if fully set forth herein.

- ☐ Defendants—including but not limited to City of Scottsdale

  employees, Scottsdale Police Department officers, and Alia

  Houser—authored, approved, or disseminated false written

  statements concerning Plaintiff to third parties, including

  Plaintiff's business associates, employees, and internal City

  personnel.

- These communications included knowingly false allegations

  that Plaintiff was mentally unstable, prone to catatonia, and a

danger to others. Several messages expressly instructed recipients to withhold this information from Plaintiff himself, further evidence of the intent to deceive and defame.

- On July 15, 2021, the City issued a citywide bulletin titled "HOTLINE ALERT" to approximately 2,600 municipal employees and staff, containing:

- False and stigmatizing claims about Plaintiff's mental state;

- A **dismissed and unrelated mugshot** with added malicious branding and falsely portrayed as current;

- No supporting judicial finding, medical diagnosis, or lawful predicate.

- These statements mirrored and amplified the fabricated emergency petition submitted by Defendant Koerner and directly supported the unlawful detainment effort that followed.

- The statements were **defamatory per se** under Arizona law because they:

- **Accuse Plaintiff of criminal conduct** or behavior likely to provoke public hatred, contempt, or ridicule;

- **Falsely assert mental illness and dangerousness**, damaging Plaintiff's personal and professional reputation.

- **Impute characteristics or conditions incompatible** with the lawful and ethical conduct of Plaintiff's profession and business.

- Were **published intentionally and maliciously**, with reckless disregard for truth.

- As a direct and proximate result of these publications, Plaintiff has suffered presumed damage to his reputation, business, and standing in the community, as well as actual damages including emotional distress and economic loss.

- Defendants acted with actual malice or, at a minimum, reckless disregard for the truth, as evidenced by the lack of any judicial or medical finding, the falsity of the statements, and the coordinated nature of the publications.

- Plaintiff is entitled to presumed and actual damages, punitive damages, and all other relief as the Court deems just and proper [2],[4],[14],[17].

9. **Abuse of Process:** Misuse of legal procedures for improper

   purposes [1],[4],[5],[6].

10. **Spoliation of Evidence and Discovery Misconduct:** Sustained pattern of

    evidentiary suppression and

    noncompliance [4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18].

11. **Failure to Address Grievances (First Amendment):** Deliberate

    indifference to Plaintiff's right to petition for

    redress [1],[4],[5],[6],[7],[8],[9],[10],[12],[15],[16],[17],[18],[20].


## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant the following relief:

1. **Compensatory damages in the amount of $34 million, calculated as $2
   million per day of unlawful psychiatric detainment. This figure reflects
   the magnitude of harm suffered during seventeen (17) days of
   involuntary confinement without lawful justification, in violation of
   Plaintiff's Fourth and Fourteenth Amendment rights.**

2. **$10 million in compensatory damages** for the extended period of targeted
   harassment, surveillance, and psychological trauma inflicted between May
   and July 2021. This includes a late night armed officer presence, repeated

false reports, and an escalating pattern of fear, coercion, and retaliation, amounting to a living state of siege. [3],[9],[12],[22].

3. **$7.5 million in presumed and actual damages for libel per se**, including the July 15, 2021 citywide email disseminating false psychiatric allegations, an unrelated mugshot with malicious framing, and other defamatory content. These actions irreparably harmed Plaintiff's reputation, relationships, and professional standing. [2],[4],[14],[17].

4. Punitive damages against individual Defendants whose actions were willful, malicious, or taken with reckless disregard for Plaintiff's constitutional rights. [3],[22].

5. Declaratory and injunctive relief, including ;

Judicial declaration that Defendants' conduct violated Plaintiff's rights under the Fourth, First, and Fourteenth Amendments.

Injunctive orders requiring changes to Scottsdale PD's internal policies, officer training protocols, and supervisory oversight mechanisms regarding involuntary detainment, evidence retention, and retaliatory actions.

[3],[22].

6. Sanctions against the City of Scottsdale and named Defendants for discovery misconduct and spoliation of evidence, including:

Destruction or suppression of body-worn camera footage.

Withholding of metadata, internal communications, and legally mandated disclosures.

[3],[4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18],[22].

7. Adverse inference

instruction [3],[4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18],[22].

8. Order compelling production of all outstanding

discovery [3],[4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18],[22].

9. Ongoing judicial oversight of discovery and

preservation [3],[4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18],[22].

10. Attorneys' fees and

costs [3],[4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18],[22].

11. Such other and further relief as the Court deems just and

proper [3],[4],[5],[6],[7],[8],[9],[10],[13],[14],[15],[16],[18],[22].

## VI. VERIFICATION AND CERTIFICATE OF SERVICE

I, Mark Houser, the undersigned Plaintiff in the above-entitled action, verify under penalty of perjury under the laws of the United States of America and the State of Arizona that the foregoing **Amended Complaint** is true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry.

Executed this 12th day of June, 2025.

**/s/ Mark Houser**

Mark Houser

Plaintiff, Pro Se

9015 E. Pima Center Parkway

Scottsdale, AZ 85258

Email: mhouser@gcbscorp.com

Phone: 602 799-3161

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I caused the foregoing **Amended Complaint** to be served via email upon the following counsel for Defendants:

**Lori Davis**

**City of Scottsdale Legal Department**

Email: **ldavis@scottsdaleaz.gov**

Cc: **legal@scottsdaleaz.gov**, or any additional attorneys if applicable.

**/s/ Mark Houser**

Mark Houser

Plaintiff, Pro Se

**Exhibits and Evidentiary Index:**

See Table of Exhibits, including legal memorandum, DOJ submission, discovery

correspondence, motion to compel, city responses, and internal bulletins [19].

# SUMMARY OF EXHIBITS

| Exhibit No. | Title / Description | Date(s) | Relevance / Reference | Discovery Source |
|---|---|---|---|---|
| Exhibit 1 | DOJ Civil Rights Division Complaint Acknowledgment and Tracking Report | Aug 2023 | Confirms Plaintiff's administrative exhaustion and federal complaint filing. | Plaintiff |
| Exhibit 2 * | Email from Officer Kelly Wills to Alia Houser referencing psychiatric and mental health referrals | May 9– July 2021 | Proves SPD knew Plaintiff had psychiatric care; shows coordination with Alia regarding involuntary petitions. | Defendants (COS-HOUSER-000446–459) |
| Exhibit 3 | Plaintiff's Declaration: May 9 Seizure and Misclassification of Firearm | May 2021 | Supports Fourth and Fourteenth Amendment claims; firearm misclassification. | Plaintiff exhibit 3 |
| Exhibit 4 * | Audio Transcript: July 13, 2021 Internal Affairs Meeting | July 13, 2021 | Documents Plaintiff's reporting of misconduct and contradictions in weapon seizure narrative. | Defendants (COS-HOUSER-000070) |
| Exhibit 5 | May 14 & May 20 Petitions – Typed and Handwritten Versions | May 2021 | Demonstrates contradiction between versions, procedural fabrication, and retroactive insertions. | Plaintiff Exhibit 5 |
| Exhibit 6 | Forensic Timeline: Petition Discovery and Retroactive Filing | 2023–2025 | Confirms pre-file discovery of petition in Alia's car; supports claim of coordination. | Plaintiff |
| Exhibit 7 * | May 20 BWC Log – Officer Stephenson | May 20, 2021 | Documents tactical deployment, seizure of disassembled shotgun, shift in narrative framing. | Defendants (COS-HOUSER-000066 &000067) |
| Exhibit 8 | Email from SPD to Attorney Kristopher Califano – Petition Without Service | May 20, 2021 | Demonstrates coercive tactic and unlawful pressure absent court involvement. | Plaintiff Exhibit 8 |

| Exhibit No. | Title / Description | Date(s) | Relevance / Reference | Discovery Source |
|---|---|---|---|---|
| Exhibit 9 & Manuela A | PCIS Contact Sheet Summary and CRT Coordination | May– July 2021 | Demonstrates pre-petition coordination, psychiatric fraud, and disregard for existing care. | Defendants (COS 000440-445 |
| Exhibit 10 | Phone Records – July 13 & 15 Calls Between Alia Houser and Sgt. Williamson | July 2021 | Shows coordination directly preceding July 15 petition and unlawful psychiatric hold. | Plaintiff |
| Exhibit 11 * | July 15, 2021 "HOTLINE ALERT" Email (contained within Officer Tucker's combined email disclosures from the City's Second Discovery Production, COS-HOUSER-044) | July 15, 2021 | Supports libel per se; shows defamatory internal publication with no lawful predicate. | Defendants (COS-HOUSER-044) |
| Exhibit 12 | May 20 Exhibit Summary – False Pickup Order and Tactical Deployment | May 20, 2021 | Synthesizes timeline, BWC footage, petition contradiction, and legal violations. | Plaintiff |
| Exhibit 13 | Affidavit of Dr. John Scialli | 2021 / Filed 2024 | Confirms Plaintiff did not meet DTS/DTO criteria; contradicts SPD psychiatric justification. | Plaintiff |
| Exhibit 14 | Discovery Requests and Preservation Demands | 2023–2025 | Demonstrates Plaintiff's pursuit of evidence and City's obstruction. | Plaintiff |
| Exhibit 15 | City of Scottsdale Discovery Disclosure Letter & Carlson Test Link Failure | April 2025 | Proves FOIA request sabotage and suppression of SPD's psychiatric records history. | Plaintiff |

*Exhibit 1*

## DOJ Civil Rights Submission Confirmation

This exhibit confirms that Plaintiff Mark Houser submitted a formal complaint to the United States Department of Justice Civil Rights Division on December 5, 2022. The submission alleges constitutional violations arising from the July 16, 2021, involuntary seizure and commitment initiated by Scottsdale Police Department Detective Timothy Koerner, without lawful basis or required pre-petition screening under Arizona law.

DOJ Civil Rights Report Summary:
- Report Number: 229312-KFP
- Date Submitted: December 5, 2022
- Date of Incident: July 16, 2021
- Submitted By: Mark Houser
- Location of Incident: Grand Canyon Business Solutions, Scottsdale, AZ
- Allegations: False emergency mental health petition, no interaction between subject and officer, violation of ARS § 36-521, deprivation of liberty, and due process violations under the U.S. Constitution.

Excerpt from the submission:
"On July 15th, 2021 Detective Timothy Koerner fraudulently filled out a fictitious application for involuntary evaluation of me pursuant to ARS 36-520. This application was complete fiction as were all his claims. Not only was his application blatantly false, his allegations concerning me were also a complete fabrication. Furthermore, I have never met nor had any interaction with Koerner. Within 20 hours of him submitting the application (and in defiance of ARS 36-521 prepetition screening), either he or his associates with the Scottsdale Police Department showed up at my place of business and handcuffed me, then deposited me into a mental institution where I spent the next 17 days without relief. His actions and by extension the actions of the Scottsdale Police Department intentionally and maliciously deprived me of my constitutional right to liberty..."

This submission was received and acknowledged by the Department of Justice, thereby corroborating Plaintiff's assertion that his civil rights were violated and notifying the federal government of these violations prior to filing this civil action.

Respectfully submitted,

/s/ Mark Houser
Plaintiff (Pro Se)
Houser v. City of Scottsdale, Case No. 2:23-CV-01394

Exhibit 1

**United States Department of Justice**
**Civil Rights Division**
civilrights.justice.gov

Thank you for submitting a report to the Civil Rights Division.

**Report successfully submitted**

---

Your record number is: 229312-KFP

---

## What to expect

(1) **We review your report**

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

(2) **Our specialists determine the next step**

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

(3) **When possible, we will follow up with you**

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, plea
your report number when contacting us. This is how we keep track of your submission.

---

## What you can do next

(1) **Contact local legal aid organizations or a lawyer if you haven't already**

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.
American Bar Association, visit www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid or call (202) 295-1500

(2) **Get help immediately if you are in danger**

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

https://civilrights.justice.gov/report/

## Your submission

---

**Contact**

**Contact information**

**Your name**
Mark Houser

**Email address**
Mhouser@gcbscorp.com

**Phone number**
6027993161

**Address**
9384 E Via Del Sol Dr
-
Scottsdale, Arizona 85255-5071

**Are you now or have ever been an active duty service member?**

Yes

---

**Primary concern**

**What is your primary reason for contacting the Civil Rights Division?**

Mistreated by police, correctional staff, or inmates

---

**Location**

**Did this happen while in custody or incarcerated?**

No

**Where did this happen?**

**Organization name**
Grand Canyon Business Solutions

**Address**
9015 East pima center parkway
-
Scottsdale, Arizona

---

**Personal characteristics**

**Do you believe any of these personal characteristics influenced why you were treated this way?**

https://civilrights.justice.gov/report/

None of these apply to me

Exhibit 1

---

## Date

### When did this happen?

7/16/2021

---

## Personal description

### In your own words, describe what happened

On July 15th, 2021 Detective Timothy Koerner fraudulently filled out a fictitious application for involuntary evaluation of me pursuant to ARS 36-520. This application was complete fiction as were all his claims. was his application blatantly false. his allegations concerning me were also a complete fabrication. Furthermore I have never met nor had any interaction with Koerner. Within 20 hours of him submitting the app and in defiance of ARS 36-521 prepetition screening) , either he or his associates with the Scottsdale police department showed up at my place of business and handcuffed me, then deposited me into a mental where I spent the next 17 days without relief. His actions and by extension the actions of the Scottsdale Police department intentionally and maliciously deprived me of my constitutional right to liberty. Koerner unsubstantiated claim is proven false by my own Doctor who I was actively seeing. Furthermore, his failure as well as the SPD's failure to follow the law was the sole reason my rights were violated. His reckless : less actions blatantly violated my constitutional right to liberty. I have all supporting material including the false petition, my attending doctor since 2019 Dr. John Scialli, and the records from this hospitalizatio provide me with a place to send a complete and accurate summarization of these events.

Exhibit 5

**EXHIBIT SUMMARY / TIMELINE: MAY 9, 2021**

**TITLE:** Premeditated Retaliation, Firearm Seizure, and False Narrative Construction

**DATE:** May 9, 2021

**CFS #:** E0509210444

---

**I. VERIFIED TIMELINE OF EVENTS (Based on Plaintiff Testimony, Dispatch Logs, Body Cam Footage, and Records)**

| Time | Event |
|---|---|
| May 7 | After fire cleared the scene, Plaintiff exited the bedroom and was informed by two officers that Alia and his son went to his mother's house. This was false—Alia had gone to a hotel. |
| May 8 | Alia called Plaintiff on her birthday and asked to have dinner. Plaintiff agreed, remained cautious, and later returned her to the hotel. |
| May 9 (Morning) | Alia returned home with their son. Plaintiff and Alia went to Starbucks and returned home together. |
| ~15:37 | Plaintiff saw an email from Officer Kelly Wills to Alia's email address. The content indicated coordination between SPD and Alia regarding Plaintiff's psychiatric care. |

| Time | Event |
|------|-------|
| Shortly After | While logging into the bank from Plaintiff's device, the password was sent to Alia's phone. Upon receiving the code, Plaintiff noticed the email from SPD. |
| Later | Plaintiff overheard Alia in the bathroom giving his full name and date of birth over the phone. This occurred immediately before SPD arrived. |
| ~17:16 | SPD is dispatched to the home under a "family fight" classification. CAD logs claim Plaintiff is having a "psychotic episode," believes Alia is in a cult, and has firearms in the home 【20†source】. |
| SPD Arrival | Officers Campos, Tucker, and Kane respond. Alia states Plaintiff had two firearms on the table and was accusing her of being part of a cult. She admits Plaintiff never made threats and never pointed a firearm at her. |
| Firearms Seized | SPD seizes a 22mm GSG Firefly handgun, a Winchester shotgun, and 9mm ammunition. These items were logged and later misrepresented in official records. |

## II. PLAINTIFF'S POSITION AND VIDEO EVIDENCE

Plaintiff's account is further confirmed by Officer Tucker's second body-worn camera recording, which begins with Officers Tucker, Campos, and Kane down at the vehicle. As Officer Tucker approaches Alia to ask her domestic violence screening questions, Alia is

Exhibit 3

already outside. Officer Campos is seen walking up and standing to the side during the questioning.

This body-worn footage confirms that the officers had coordinated before engaging Alia and were not reacting spontaneously to danger. It also shows that Alia was not in distress at the time of police arrival and that the event unfolded in a calm, controlled environment contrary to the dispatch narrative.

In addition:

- Plaintiff had no hostile interaction with SPD on May 9.

- No threats were made. No laws were broken.

- Firearms were not used in any threatening manner. Alia voluntarily removed them from the table and took them to the bathroom.

- The entire premise for the call was orchestrated.

  - Alia had coordinated with Officer Kelly Wills **earlier that same day**.

  - The 911 call and bathroom exchange (Plaintiff overheard) included scripted or planned information to justify police involvement.

  - Plaintiff had already informed Stephenson (on May 7) that he had a treating physician; therefore, SPD was fully aware Plaintiff was under care, contradicting claims of unmedicated or untreated psychosis.

- Plaintiff had no hostile interaction with SPD on May 9.

Exhibit 3

- No threats were made. No laws were broken.

- Firearms were not used in any threatening manner. Alia voluntarily removed them from the table and took them to the bathroom.

- The entire premise for the call was orchestrated.

  o Alia had coordinated with Officer Kelly Wills **earlier that same day**.

  o The 911 call and bathroom exchange (Plaintiff overheard) included scripted or planned information to justify police involvement.

---

## III. LEGAL IMPLICATIONS

- **Fourth Amendment Violation:** Firearms seized from Plaintiff's home without a warrant, criminal charge, or due process.

- **Fourteenth Amendment Violation:** SPD acted based on an unverified narrative, omitting exculpatory context and exaggerating claims of mental instability.

- **Retaliatory Pretext:** SPD knew Plaintiff had a treating physician as early as May 7. Alia's contact with Officer Wills on May 9 further proves SPD acted with full awareness of Plaintiff's psychiatric care and still proceeded with an unjustified intervention.

Exhibit 3

- **Fabrication & Misclassification:** SPD's reports misstate key facts (e.g., type of firearm, nature of behavior, and threat level), and dispatch logs include preloaded psychiatric language disconnected from observed behavior.

---

## IV. CONCLUSION

May 9, 2021 represents the first major escalation following SPD's failed attempt to fabricate a psychiatric crisis on May 7. Despite Plaintiff being cooperative, unarmed, and non-threatening, SPD seized legally-owned firearms and began building a false case around Plaintiff's mental fitness. The discovery of Officer Wills' email and Alia's call in the bathroom suggest **premeditated retaliation** rather than spontaneous concern. This day is a key inflection point in the City's shift from observation to **orchestrated deprivation of rights**.

Exhibit 5

Found in
car 5/14

NAME ADDRESS AND TELEPHONE NUMBER OF:

1)  Guardian            | His mom Kathy Houser 480-620-9320 |

2)  Spouse              | Alia Houser 480-797-1007 |

3)  Next of Kin         | His sister Staci Otteman 602-315-7097 |

4)  Significant Other Persons    | Good friend Edmond 602-708-2526 |


| 5-10-21 |
DATE                              SIGNATURE OF APPLICANT

Printed or Typed name of Applicant    | Alia Houser |

Relationship to Proposed Patient      | I am his wife |

Applicant's Address    | 9384 E Via Del Sol Drive Scottsdale AZ  85255 |

Applicant's Telephone    | 480-797-1007 |

SUBSCRIBED AND SWORN to before me this [      ] day of [          ], 2020

_____
Notary Public

My Commission Expires:

_____

Exhibit 5

## APPLICATION FOR INVOLUNTARY EVALUATION
### (Pursuant to A.R.S. § 36-520)

STATE OF ARIZONA )
                       ) ss.
COUNTY OF MARICOPA )

To the

_____ La Frontera-Empact _____
(Regional or Screening Authority)

1. The undersigned applicant requests that the above agency conduct a pre-petition screening of the person named herein.

2. The undersigned applicant alleges that there is now in the County a person whose name and address are:

| Mark Houser | 9384 E. Via Del Sol Drive, |
|---|---|
| (Name) | (Address) |

and that he/she believes that the person has a mental disorder and as a result of said mental disorder, is:

☐ a danger to self;        ☐ a danger to others;

☐ gravely disabled;      ☒ persistently or acutely disabled

and is:

☒ unwilling to undergo voluntary evaluation, as evidenced by the following facts:

> Mark doesn't believe he has a mental illness. He is delusional and believes his reality is absolutely real and he is unstable.

☒ unable to undergo voluntary evaluation, as demonstrated by the following facts:

> Mark lacks insight into his state of mind. He doesn't understand what is happening. He thinks it is me that is lying to him and that I am an imposter, not his wife.

Exhibit 5

## WITNESS INFORMATION FORM

PROPOSED PATIENT: | Mark Houser

WITNESSES DATA:

1. NAME: | Alia Houser   AGENCY | N/A   EMAIL | Aliahouser47@gmail.com

ADDRESS | 9384 E. Via Del Sol Drive

CITY | Scottsdale   ST | AZ   ZIP CODE | 85255

HOME NO.: | WORK NO.: | CELL NO. | 4807971007   FAX NO.

RELATIONSHIP TO PROPOSED PATIENT
IF WORKING FOR AN AGENCY,
SUPERVISOR'S NAME AND PHONE NO. | Mark is my husband

ANTICIPATED TESTIMONY: | PAD

RE: ☐ DTS   ☐ DTO   ☒ PAD   ☐ GD

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

2. NAME: | AGENCY: | EMAIL

ADDRESS

CITY | ST | ZIP CODE

HOME NO.: | WORK NO.: | CELL NO.: | FAX NO.

RELATIONSHIP TO PROPOSED PATIENT
IF WORKING FOR AN AGENCY,
SUPERVISOR'S NAME AND PHONE NO.

ANTICIPATED TESTIMONY: | PAD

RE: ☐ DTS   ☐ DTO   ☒ PAD   ☐ GD

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

3. NAME: | AGENCY: | EMAIL

ADDRESS

CITY | ST | ZIP CODE

HOME NO.: | WORK NO.: | CELL NO.: | FAX NO.

RELATIONSHIP TO PROPOSED PATIENT
IF WORKING FOR AN AGENCY,
SUPERVISOR'S NAME AND PHONE NO.

ANTICIPATED TESTIMONY:

Exhibit 5

2.  and who is believed to be in need of supervision, care and treatment because of the following facts:

> Mark believes there is a cult out to get his wife (me) and he will destroy the cult or me (the "imposter" that is his wife). I called the police and he said they were corrupt and he thinks they are part of the cult. He took out two guns and bullets yesterday because he wants to "destroy the cult". He thinks I am also having affairs and wants to destroy the people I had affairs with (I never had affairs). The police came out on 5/9/21 and Mark left in his car and I have not seen him since. The police took his guns and bullets. Mark is agitated and when I say there is no cult he gets extremely angry and loses his temper. He will not get better until he is under treatment.

3.  The conclusion that the person has a mental disorder is based on the following facts:

> I have several videos/audio recordings of Mark and his behavior. He was involuntarily admitted to the hospital in 2018 and Dr. Sarsiat believed he had psychosis. Dr. Evelyn Burrell who we also saw in 2018 believed he had delusional disorder. My doctor believes he may be bi-polar as I have showed her the videos, etc. My brother who is a psychiatrist believes he may have schizoaffective disorder. The only time Mark stopped talking about the cult was when he was put on Risperdal in the hospital. He stopped taking it in March 2019 and we had another police incident.

4.  The conclusion that the person is dangerous or disabled is based on the following facts:

> I believe Mark is psychotic and believes the cult is out to get us and he wants to destroy them. He also thinks I am part of the cult and that I have been lying to him and he gets angry and hostile with me. He takes Adderall and smokes marijuana daily which it seems is making him more psychotic. He has no insight into his behavior and projects it onto me. He says I am hostile and I am having delusions and hallucinations. He said he was going to confront a neighbor about an affair and he has videos of us having sex and I am afraid he may get hostile with the neighbor. I continue to tell Mark I have had no affairs but he doesn't believe me.

Exhibit 30

## PERSONAL DATA OF PROPOSED PATIENT:

Age 56    Date of Birth 1-28-65    Sex M    Race White

Weight 190    Height 5'11    Hair Color blondish    Eye Color green

Marital Status married    Number of Children 5

Social Security Number    Religion Not religious

Distinguishing Marks

Occupation Business owner

Present Location unknown

Dates and Places of Previous Hospitalization 12-2018

Involuntary at Maricopa Integrated health

How Long in Arizona 42 years    State Last From

Veteran    C-No.    Education Some college



**CBI**
COMMUNITY BRIDGES, INC.

## Community Bridges, Inc. Police Pick Up Order

I, ___Andrew Owusu-Ansah___ pursuant to ARS 36-525 subsection A, direct that
   (admitting officer (print))

___Scottsdale PD___, shall apprehend and
   (law enforcement agency)

transport ___Mark Houser___ to Community Bridges, Inc. (CPEC)
   (proposed patient)

**Community Psychiatric Emergency Center  358 E. Javelina Ave., Mesa  AZ** for an

**emergency mental health evaluation.**

**Reason for Petition:**
DTO ☐
DTS ☐
PAD ☑

**Type of Petition:**
Emergent – New ☑
Emergent – Amendment ☐
Non-Emergent – New ☐
Non-Emergent – Amendment ☐

**Weapons Involved?**
Yes ☑
No ☐

**If yes, Type of Weapons:**
Gun ☑
Knife ☐
Other ☐  Specify_____
Unknown ☐

**Current Access to Weapons?**
Yes ☐
No ☐
Unk ☑

**Identifying features:**

| Sex | Age/DOB | Race | Eyes | Hair | Height | Weight |
|-----|---------|------|------|------|--------|--------|
| M | 56 01/28/1965 | White | Green | Dirty Blonde | 5'11 | 190lbs |

**Identifying Marks (e.g. scars/tattoos):**  Tattoo of a rose on his arm

**Last known whereabouts:**  9384 E. Via Del Sol Scottsdale AZ, 85255

**Additional Information (e.g. physical limitations, threatened violence, fear of law enforcement, other people living in the household, pets):** _____

_____ NP          2100          05/19/21
**Signature Admitting Officer (ARS 36-501.1)**     **Time**          **Date**

**To verify this transmittal or for further information call 480-507-3186.**

**Please read entire petition for relevant information**

Community Bridges, Inc.
12/2015

COS-HOUSER-000716

Exhibit 5

MH-100 (Form A)

## APPLICATION FOR INVOLUNTARY EVALUATION
### (Pursuant to A.R.S. § 36-520)

STATE OF ARIZONA     )
                            ) ss.

COUNTY OF MARICOPA   )

To the    _CBI, Inc. Community Psychiatric Emergency Center_

                           (Regional or Screening Authority)

1. The undersigned applicant requests that the above agency conduct a pre-petition screening of the person named herein.

2. The undersigned applicant alleges that there is now in the County a person whose name and address are:

| Mark Houser | 9384 E. Via Del Sol Dr Scottsdale 85255 |
| (Name) | (Address) |

and that he/she believes that the person has a mental disorder and as a result of said mental disorder, is:

☐ a danger to self;          ☐ a danger to others;

☐ gravely disabled        ☑ persistently or acutely disabled

☐ unwilling to undergo voluntary evaluation, as evidenced by the following facts:

Mark is seeing a psychiatrist but he is getting worse. Mark said his psychiatrist, Dr John Scialli, told him he has ADHD and has put him on Adderall for over 2 years. I learned recently that he was taken off Adderall a couple months ago. Mark may not (and doesn't seem to) have insight into his behavior. He projects his behavior on me. Please see addendum

☐ unable to undergo voluntary evaluation, as demonstrated by the following facts:

Mark lacks insight into his illness and behavior. His treatment w/ his current psychiatrist is making him worse. I spend more time w/ Mark than anyone else and I see his behavior and the things he says. Based on my observations, my research, and speaking with physicians and therapists, I feel Mark may have either bi-polar w/ mania/delusions or schizoaffective disorder - or something else. Please see addendum

ADHS/BHS Form MH-100

COS-HOUSER-000717

Exhibit 5

MH-100 (Form A)

and who is believed to be in need of supervision, care and treatment because of the following facts:

Mark has major ups and downs. He can be really good and then he can be irritable - or extremely agitated sometimes extremely angry. He believes I am in a cult (with or without my knowledge). He said he will destroy the cult and thinks many people are involved, including police officers. He thinks I have had affairs with different people and said he will destroy them too (none of this is real)

3.  The conclusion that the person has a mental disorder is based on the following facts:

Mark doesn't know he has delusions and hallucinations. He looks at our security camera videos and there will be a picture of our yard and Mark says he sees me having sex with someone. He has shown me pictures of our backyard and says he sees an orgy or sex cult. He believes I have had multiple affairs and all this mental health work I am trying to get him to do is a conspiracy to cover up all my affairs.

4.  The conclusion that the person is dangerous or disabled is based on the following facts:

He starts getting extremely paranoid. He starts tracking my every move. He wants to confront some of our neighbors and takes pictures of people and their license plates (if he thinks they are in the cult). He thinks some police are corrupt and he takes out guns and bullets to "protect" us from the cult but then he thinks I'm not his wife and I am part of the cult. He will start screaming at me in front of my (now) 8 year old son and tell him - mommy's in a cult, mommy likes it doggy style, mommy likes to get rammed

**PERSONAL DATA OF PROPOSED PATIENT:**

Age 56    Date of Birth 1-28-65    Sex M    Race White

Weight 190    Height 5'11"    Hair Color Dirty blond Eye Color green

Marital Status S (I am his partner)    Number of Children 5

Social Security Number _____    Religion Catholic / Spiritual

Distinguishing Marks tatoo of rose on his arm

Occupation business owner

Present Location 9384 E. Via Del Sol Dr  Scottsdale 85255

Dates and Places of Previous Hospitalization 12/2018 - 1/2019 Maricopa city Integrated Health

How Long in Arizona 46+ yrs    State Last From Michigan

Veteran yes    C-No. _____    Education Some college

ADHS/BHS Form MH-100

Exhibit 5

MH-100 (Form A)

NAME ADDRESS AND TELEPHONE NUMBER OF:

1) Guardian

2) Spouse        Alia Houser (domestic partner) 480 797-1007

3) Next of Kin   Staci Otteman   602-315-7097

4) Significant Other Persons   Mom (Kathy Houser) 480-620 9320

| 5/19/21 | |
|---|---|
| DATE | Signature of Applicant |

Printed or Typed name of Applicant        Alia Houser

Relationship to Proposed Patient        domestic partner

Applicant's Address        9384 E. Via Del Sol Drive Scottsdale 85255

Applicant's Telephone        480 - 797 - 1007

SUBSCRIBED AND SWORN to before me this ___19th___ day of ___May___ 2021
                                          day         month        year

_____
                                          Notary Public

My Commission Expires:

5/19/21

JOHN W BAKER
Notary Public - Arizona
Maricopa County
Commission # 583911
My Comm. Expires Mar 8, 2024

ADHS/BHS Form MH-100

Exhibit J

(Continued)

I completed a PAD petition that was notarized this morning and I was called by PAD this afternoon. They said the medical director wanted an emergency petition filled out. They said if I don't DCS may pick up my son. Mark has been having delusions and hallucinations since about 2018. I don't believe they have ever gone away. Before this he was going through a couple years of being more irritable and then he would start getting more agitated/angry. He would have not very good sleep, have arm jerks, beliefs that a cult was taking over my brain, trying to brainwash me for their sex cult, that I have had several affairs. He has called the police and FBI before describing the cult members. When he was screaming at me a few days ago, I called 911 and locked myself in the bathroom and when the police came he thought they were part of the cult and wants to destroy them. Then he took out a couple guns + bullets. This has happened before - in 2018 and 2019.

_____
Signature of Applicant

Alia Houser
Printed Name

STATE OF ARIZONA  )
                  )
COUNTY OF MARICOPA )

SUBSCRIBED AND SWORN to before me this 19th day of May , 20 2(

_____
Notary Public

My Commission Expires:

03/09/2024

JOHN W BAKER
Notary Public - Arizona
Maricopa County
Commission # 583911
My Comm. Expires Mar 8, 2024

Form A or Form B (circle which applies)

COS-HOUSER-000720

Exhibit

MH-104 (Form B)

## APPLICATION FOR EMERGENCY ADMISSION FOR EVALUATION
### (Pursuant to A.R.S. § 36-524)

STATE OF ARIZONA )
)ss.
COUNTY OF MARICOPA )

The undersigned applicant, being first duly sworn/affirmed, hereby requests that:

### CBI, Inc. Community Psychiatric Emergency Center
(Evaluation Agency)

admit the person named herein for evaluation.

1. The undersigned applicant alleges that there is now in the County a person whose name and address are:

| Mark Houser | 9384 E. Via Del Sol Dr 85255 |
|---|---|
| (Name) | (Address) |

and that she/he believes that the person has a mental disorder and as a result of said mental

disorder, is: [✓] a danger to self; [✓] a danger to others;

and that during the time necessary to complete pre-petition screening under A.R.S. §§ 36-520

AND 36-521, the person is likely without immediate hospitalization to suffer serious physical

harm or serious illness or is likely to inflict serious physical harm upon another person.

The conclusion that the person has mental disorder is based on the following facts:

Mark believes a cult has brainwashed/hypnotized his wife (me-Alia). He thinks they want to steal my soul and our money. He thinks they are trying to get to his son too (our son). He also sometimes thinks I am willingly in the cult and then gets extremely angry at me. He sometimes thinks it's a sex cult and we have orgies outside and that I have had multiple affairs (not true). A psychologist we saw together, Dr. Birrell, thought he might have delusional disorder. Dr. Jonathan Sarsicei (the Dr. when Mark was admitted via the UPC) thought Mark had a psychosis

Exhibit 5

MH-104 (Form B)

The specific nature of the danger posed by this person is:

Mark does not always know his own behavior. He can go days with very little sleep. He can get very agitated/angry with others, he can drive recklessly. He sometimes says he will destroy this person or that person. He says he is a marine and will shoot anyone that comes on our property. He says he will confront this man and tell his family and wife about our affair (which never happened). He is constantly screaming at me about affairs/cults

A summary of the observations upon which this statement is as follows:

Mark has sent me videos/pictures of me supposedly having sex with one or more people. There is nothing on the pictures/videos except of our yard. Mark will scream in front of our son that mommy is in a cult or that mommy likes to get rammed and said he will show our son pictures of me having sex with other people (never happened). Our son is very upset and asking why daddy is screaming at me and calling me bad words. This has not gone away in 3 years. His psychiatrist has done nothing to help even though I am sending him proof of Mark's behavior (Dr. John Scialli)

## PERSONAL DATA OF PROPOSED PATIENT:

Age **56**   Date of Birth **1-28-65**   Sex **M**   Race **White**

Weight **190**   Height **5'11"**   Hair Color **dirty blonde**   Eye Color **green**

Marital Status **S (has a domestic partner)**   Number of Children **5**

Social Security Number _____   Religion **Catholic (spiritual)**

Distinguishing Marks **tattoo on shoulder**

Occupation **business owner**

Present Location **9384 E. Via Del Sol Dr. Scottsdale 85255**

Dates and Places of Previous Hospitalization **thru UPC - Maricopa County Integrated Hospital (Dec. 2018/Jan 2019)**

How Long in Arizona **40+ years**   State Last From **Michigan**

Veteran **yes**   C-No. _____   Education **some college**

ADHS/BHS Form MH-104

COS-HOUSER-000722

MH-104 (Form B)

NAME ADDRESS AND TELEPHONE NUMBER OF:

1)   Guardian

2)   Spouse

3)   Next of Kin    Staci Offeman    602-315-7097

4)   Significant Other Persons    Alia Houser (domestic partner) 480-797-1007

DATE    5/19/21

Applicant Signature

Printed or Typed name of Applicant    Alia Houser

Relationship to Proposed Patient    domestic partner

Applicant's Address    4384 E Via Del Sol Dr Scottsdale 85255

Applicant's Telephone    480-797-1007

SUBSCRIBED AND SWORN to before me this    19th    day of    May    2021
                                                                day                      month              year

Notary Public

My Commission Expires:

03/08/202-c

JOHN W BAKER
Notary Public · Arizona
Maricopa County
Commission # 58391*
My Comm. Expires Mar 8, 2024

ADHS/BHS Form MH-104

COS-HOUSER-000723

*Exhibit J*

## WITNESS INFORMATION FORM

PROPOSED PATIENT: Mark Houser

WITNESSES DATA:

1. NAME: Alia Houser    AGENCY:    EMAIL: aliahouser47@gmail.com

   ADDRESS: 9384 E. Via Del Sol Drive, Scottsdale 85255

   CITY: Scottsdale    ST: AZ    ZIP CODE: 85255

   HOME No.:    WORK No.:    CELL No.: 480-797-100?    FAX No.:

   RELATIONSHIP TO PROPOSED PATIENT: We are domestic partners
   IF WORKING FOR AN AGENCY,
   SUPERVISOR'S NAME AND PHONE No.:

   ANTICIPATED TESTIMONY:

   RE: ☐ DTS   ☐ DTO   ☑ PAD   ☐ GD

2. NAME: Susan Beck    AGENCY:    EMAIL: susanclairebeck@gmail.com

   ADDRESS:

   CITY:    ST:    ZIP CODE:

   HOME No.:    WORK No.:    CELL No.: 480-708-0518    FAX No.:

   RELATIONSHIP TO PROPOSED PATIENT: she is our home teacher- she has been coming to
   IF WORKING FOR AN AGENCY,    house everyday for months
   SUPERVISOR'S NAME AND PHONE No.:

   ANTICIPATED TESTIMONY:

   RE: ☐ DTS   ☐ DTO   ☑ PAD   ☐ GD

3. NAME:    AGENCY:    EMAIL:

   ADDRESS:

   CITY:    ST:    ZIP CODE:

   HOME No.:    WORK No.:    CELL No.:    FAX No.:

   RELATIONSHIP TO PROPOSED PATIENT:
   IF WORKING FOR AN AGENCY,
   SUPERVISOR'S NAME AND PHONE No.:

   ANTICIPATED TESTIMONY:

   RE: ☐ DTS   ☐ DTO   ☐ PAD   ☐ GD

*This form to be completed and attached to Application for Emergency Admission in lieu of "Form C".*
*For Maricopa Medical Center Psychiatric Annex, and Desert Vista in-house use only.*

DST01

COS-HOUSER-000724

Gmail - Fwd: Mark HOUSER- EMERGCO Assistance          *Exhibit* B          5/28/25, 1:54 PM

 Gmail

## Fwd: Mark HOUSER- EMERGCO Assistance

**Hernandez, Evelyn - 1471** <EvHernandez@scottsdaleaz.gov>          Fri, May 21, 2021 at 10:59 AM
To: "kristopher@califanolaw.com" <kristopher@califanolaw.com>

We can meet you at CBI if he agrees. Call or text me with a time that works. Thank you for all of your assistance.

Det. Hernandez 1471

Get Outlook for iOS

**From:** Williamson, Scott - 834 <SWILLIAMSON@SCOTTSDALEAZ.GOV>
**Sent:** Friday, May 21, 2021 10:55:32 AM
**To:** Hernandez, Evelyn - 1471 <EvHernandez@Scottsdaleaz.gov>
**Subject:** Fwd: Mark HOUSER- EMERGCO Assistance

Get Outlook for iOS

**From:** Dunton, Marcus - 1310 <MDunton@Scottsdaleaz.gov>
**Sent:** Thursday, May 20, 2021 02:00
**To:** Dikeman, Cody - 790; Galbraith, Scott - 1107; Williamson, Scott - 834; Wesloski, Timothy - 767
**Cc:** Ruscitti, Chris - 705; Ferreira, Jose - 532; Davidson, Bradley - 1331; McElley, Nikolas - 1508
**Subject:** Mark HOUSER- EMERGCO Assistance

Good Morning,

I was hoping to get some assistance reference the attached pick up order for Mark Houser due to his erratic behavior and violence potential...

Mark Houser resides at 9384 E Via Del Sol in Bt. 18. He is becoming increasingly paranoid and seems to be suffering from an altered mental state. Mark is a former Marine and has/had access to firearms. To date, PD has impounded 1 handgun and 2 shotguns from the residence. Today, 05/20/21 we responded to the residence reference his wife, Alia, calling PD stating that Mark was making delusional statements about her being evil and being in a cult. The statements are increasing with frequency and threat of violence and have escalated over the last 2-weeks. Mark show signs of paranoia and per Alia has "patrolled" their front yard and contacted neighbors with a firearm. Upon PD arrival tonight, Mark fled the residence in a silver or white Cadillac CTS-V at a high rate of speed. Officers were not in a position to attempt to stop Mark so it is unknown if he would stop or not and it is unknown where he may be heading to.

I have attached a copy of the order as well as a very basic info sheet on Mark. It looks like Mark has a prior felony

Exhibit 8

case, CR2019-111669 for MIW and Unlawful Imprisonment.   Of note, Mark and Alia's 8 year old son, Sam, also lives at the residence.  Det. Hernandez is currently assigned a DV case for the Houser's (21-09121).  I should be awake around 1600 hours this afternoon but will have my phone on if you need anything from me sooner.


I appreciate your help,


**Sgt. Marcus Dunton #1310**

**Scottsdale Police Department**

**R1-Squad | Foothills District**

**VM: 480-312-5702**


**2 attachments**

 **Houser.pdf**
108K

 **Pick up Order- Houser.pdf**
809K

---

**Kris Califano** <Kristopher@califanolaw.com>                    Tue, Sep 10, 2024 at 11:09 AM
To: Mark Houser <mhouser@gcbscorp.com>, Sean Woods <swoods@lawbadgers.com>


Very Respectfully,

Kristopher Califano

Law Office of Kristopher Califano, PLLC
4600 N. 12th St.
Phoenix, AZ 85014

www.CalifanoLaw.com

602-402-8708

Kristopher@CalifanoLaw.com

ALL CLIENT RIGHTS RESERVED.
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender.  Please destroy the original transmission and its attachments without reading or saving in any manner.  Thank you.

Gmail – Fwd: Mark HOUSER- EMERGCO Assistance

*Exhibit 8*

5/28/25, 1:54 PM

**2 attachments**

 **Houser.pdf**
108K

**Pick up Order- Houser.pdf**
809K

Exhibit @ 9

## ≡ Revised Summary of PCIS Contact Sheet Findings for Complaint:

Between May and July 2021, the City of Scottsdale—acting in coordination with PCIS, CRT, and ConnectionsAZ—engaged in a sustained campaign to falsely classify Plaintiff as mentally ill and dangerous. The PCIS Contact Sheet and accompanying records reveal that:

- **On May 9, 2021**, Plaintiff's treating psychiatrist was known to both SPD and Alia Houser.
  - Officer Kelly Wills emailed Alia, referencing Plaintiff's psychiatrist by name.
  - Plaintiff informed Officer Stephenson on scene that he had a doctor and was under care.
  - On the 911 call, Alia herself confirmed that Plaintiff had a treating psychiatrist. Despite this, SPD officers proceeded to initiate psychiatric seizure protocols, characterizing the event as an "emergent mental health incident" with no clinical basis.
- **On May 13, 2021**, SPD and PCIS began coordinated planning for a mental health petition based on unverified statements from Alia Houser. At that time, Plaintiff had not been evaluated by any mental health professional affiliated with PCIS, and no qualifying emergency had occurred.
- **On May 18–19, 2021**, PCIS received an email from Alia stating that Plaintiff had support from two attorneys and a letter from his treating psychiatrist, Dr. Scialli, affirming that he was not delusional and did not meet DTS/DTO criteria. Despite this, PCIS continued to collaborate with SPD to facilitate a petition that contradicted this medical opinion.
- **On May 20, 2021**, Sgt. Williamson coordinated with PCIS regarding a pick-up order, even though no valid, served, or court-approved petition was on file. PCIS forwarded materials to SPD and continued planning based on false behavioral narratives and contradictory internal statements.
- Over the following weeks, Alia reported confusion, surveillance, password changes, and impersonation, claiming someone was emailing under her name. Rather than assess her mental or emotional state, PCIS and SPD used these statements to justify continued narrative construction.
- **On July 14–15, 2021**, Sgt. Williamson and PCIS coordinated with CRT to facilitate a second detainment plan. CRT drafted a new emergent petition based on text messages and impressions, not medical diagnosis. Simultaneously, Williamson sent internal safety bulletins to the Arizona Attorney General's office and municipal staff, falsely describing Plaintiff as a public threat.

These records confirm that Plaintiff was subjected to a campaign of coordinated defamation and psychiatric fraud—engineered without medical basis, in violation of ARS Title 36, and designed to circumvent constitutional protections. At no point was Plaintiff evaluated by a neutral or court-appointed physician prior to detainment, and all known information about Plaintiff's existing care and stability was either disregarded or suppressed.

**verizon**

*Exhibit 10*

| Invoice Number | Account Number | Date Due | Page |
|---|---|---|---|
| 9854176163 | 642016724–00001 | 08/07/21 | 32 of 37 |

## Detail for Tim .: 480–797–1007

*Jennifer it set*

## Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Chrgs | LD/Othr Chrgs | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/12 | 3:51P | 602–463–1906 | Peak | PlanAllow | Scottsdale AZ | Gilbert AZ | 1 | --- | --- | --- |
| 7/12 | 3:53P | 602–463–1906 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 24 | --- | --- | --- |
| 7/12 | 4:17P | 623–570–0952 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 1 | --- | --- | --- |
| 7/12 | 4:20P | 623–570–0952 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 6 | --- | --- | --- |
| 7/12 | 4:26P | 602–799–3161 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 34 | --- | --- | --- |
| 7/12 | 4:28P | 602–463–1906 | Peak | PlanAllow,CallWait | Scottsdale AZ | Incoming CL | 2 | --- | --- | --- |
| 7/12 | 5:01P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 2 | --- | --- | --- |
| 7/12 | 5:07P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 2 | --- | --- | --- |
| 7/12 | 5:26P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 2 | --- | --- | --- |
| 7/12 | 5:26P | 858–598–7680 | Peak | PlanAllow,CallWait | Scottsdale AZ | Incoming CL | 1 | --- | --- | --- |
| 7/12 | 6:54P | 480–312–5000 | Other | Wi–Fi | WiFi CL | Scottsdale AZ | 8 | --- | --- | --- |
| 7/12 | 7:59P | 480–323–6887 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 6 | --- | --- | --- |
| 7/13 | 7:35A | 602–820–2488 | Other | Wi–Fi | WiFi CL | Phoenix AZ | 4 | --- | --- | --- |
| 7/13 | 7:43A | 602–820–2488 | Other | Wi–Fi | Maricopa C AZ | Incoming CL | 1 | --- | --- | --- |
| 7/13 | 8:43A | 480–655–7440 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 3 | --- | --- | --- |
| 7/13 | 9:17A | 480–655–7440 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 1 | --- | --- | --- |
| 7/13 | 9:22A | 602–799–3161 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 20 | --- | --- | --- |
| 7/13 | 11:21A | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 1 | --- | --- | --- |
| 7/13 | 11:25A | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 5 | --- | --- | --- |
| 7/13 | 12:33P | 844–545–5640 | Peak | PlanAllow | Scottsdale AZ | Toll–Free CL | 4 | --- | --- | --- |
| 7/13 | 12:56P | 304–707–9490 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 55 | --- | --- | --- |
| 7/13 | 2:27P | 480–596–1919 | Peak | PlanAllow | Scottsdale AZ | Scottsdale AZ | 4 | --- | --- | --- |
| 7/13 | 2:33P | 480–312–8551 | Peak | PlanAllow | Scottsdale AZ | Scottsdale AZ | 17 | --- | --- | --- |  *Williamson* |
| 7/13 | 2:59P | 623–385–6260 | Peak | PlanAllow | Scottsdale AZ | Glendale AZ | 24 | --- | --- | --- |
| 7/13 | 5:26P | 480–312–5000 | Peak | PlanAllow | Scottsdale AZ | Scottsdale AZ | 5 | --- | --- | --- |
| 7/13 | 5:30P | 480–312–5000 | Peak | PlanAllow | Scottsdale AZ | Scottsdale AZ | 4 | --- | --- | --- |
| 7/13 | 5:37P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 1 | --- | --- | --- |
| 7/13 | 5:46P | 602–799–3161 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 6 | --- | --- | --- |
| 7/13 | 5:54P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 3 | --- | --- | --- |
| 7/13 | 6:49P | 480–607–1038 | Other | Wi–Fi | WiFi CL | Scottsdale AZ | 5 | --- | --- | --- |
| 7/13 | 7:20P | 480–419–1478 | Peak | PlanAllow | Scottsdale AZ | Paradisvly AZ | 2 | --- | --- | --- |
| 7/13 | 10:41P | 602–799–3161 | Other | Wi–Fi | Maricopa C AZ | Incoming CL | 4 | --- | --- | --- |
| 7/14 | 11:04A | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 1 | --- | --- | --- |
| 7/14 | 11:25A | 480–312–8551 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 9 | --- | --- | --- |  *Williamson* |
| 7/14 | 12:02P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 1 | --- | --- | --- |
| 7/14 | 12:54P | 480–372–2333 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 1 | --- | --- | --- |
| 7/14 | 1:03P | 480–325–9900 | Peak | PlanAllow | Scottsdale AZ | Mesa AZ | 2 | --- | --- | --- |
| 7/14 | 1:14P | 480–325–9900 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 41 | --- | --- | --- |
| 7/14 | 1:57P | 602–799–3161 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 2 | --- | --- | --- |
| 7/14 | 2:12P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Poway CA | 5 | --- | --- | --- |
| 7/14 | 4:38P | 480–312–8551 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 17 | --- | --- | --- |  *Williamson* |
| 7/14 | 5:48P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 1 | --- | --- | --- |
| 7/14 | 7:32P | 602–799–3161 | Other | Wi–Fi | WiFi CL | Phoenix AZ | 3 | --- | --- | --- |
| 7/14 | 7:35P | 602–799–3161 | Peak | PlanAllow | Scottsdale AZ | Phoenix AZ | 8 | --- | --- | --- |
| 7/14 | 8:30P | 858–842–0006 | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 2 | --- | --- | --- |
| 7/15 | 8:13A | Unavailable | Peak | PlanAllow | Scottsdale AZ | Incoming CL | 11 | --- | --- | --- |



EXHIBIT SUMMARY / TIMELINE: MAY 20, 2021

Title: False Pickup Order, Prior Seizure Suppression, and Coordinated Escalation

Date: May 20, 2021

CFS #: E0520210015

---

I. VERIFIED TIMELINE OF EVENTS

*(Based on Audio, Internal Affairs Meeting, Discovery Records, and Dispatch Logs)*

Time  Event

May
9

SPD seizes Plaintiff's GSG Firefly .22 caliber handgun, Winchester shotgun, and 9mm ammunition. The 9mm rounds were incompatible with the .22 caliber pistol, but used to justify seizure.

Plaintiff later describes these events at the July 13 Internal Affairs meeting with Sgt. Peter Michaels, Pearson (IAD), and Kevin Watts (CRT), stating:

• The May 20 pickup order was fraudulent and unserved.

• The first petition (found in Alia's car) falsely referenced Adderall use, later replaced with a handwritten version blaming withdrawal.

• SPD had already removed all firearms by May 9 and Plaintiff had no access to weapons.

| Time | Event |
|------|-------|
| May 20 | **12:38 AM: SPD dispatches officers to Plaintiff's home, classified as a "PROPERTY – WEAPON" call. Officers deploy tactically, some with rifles, entering Plaintiff's property silently.**<br><br>**Stephenson's body-worn camera records him speaking with Alia, falsely stating SPD was responding to a "disturbance."**<br><br>**Later that day, Defendants Williamson and Hernandez email an unserved and unsigned petition to attorney Kristopher Califano, pressuring him to facilitate Plaintiff's surrender to Community Bridges Inc. (CBI). This petition—dated May 19—was not entered into the system until May 26, 2021, and lacked judicial approval or medical foundation.** |

## II. PLAINTIFF'S POSITION AND VERIFIABLE FACTS

- **At approximately 1:00 AM on May 20, SPD seized a disassembled, non-functioning Browning A1500 shotgun from Plaintiff's bedroom closet. Officer Stephenson is recorded inspecting it and stating he would contact a sergeant.**

- **SPD had already seized all other firearms on May 9, making the claim that Plaintiff had access to weapons on May 20 objectively false.**

- The dispatch classification—"PROPERTY – WEAPON"—was later sanitized in internal records to reflect a generic "disturbance," concealing the fabricated danger scenario used to justify SPD's tactical response.

- Officer Stephenson misrepresented the nature of the call to Alia Houser, further obscuring the coordination behind the psychiatric intervention.

- An unsigned petition was emailed to Plaintiff's attorney (Califano), alongside a request to persuade Plaintiff to voluntarily present himself to CBI—an improper coercive tactic circumventing judicial safeguards.

- At the July 13 Internal Affairs meeting, Plaintiff calmly explained:

    o Contradictions in the petitions (Adderall use vs. withdrawal).

    o That the petition was sent to his counsel before any court involvement.

    o That multiple agencies had been contacted, demonstrating his lawful attempts to report coordinated misconduct.

- Internal SPD and CRT records previously mischaracterized the May 9 event by falsely claiming Plaintiff was seated at a table with a firearm. This fabrication was later used to justify ongoing escalation, despite the May 20 event involving no access to weapons or threatening conduct.

---

## III. LEGAL IMPLICATIONS

- **Fourth Amendment Violation:** SPD entered Plaintiff's home and seized property under a fabricated emergency narrative, using a knowingly false petition that lacked lawful authorization.

- **Fourteenth Amendment Violation:** SPD and CRT coordinated an involuntary detainment process without due process, judicial oversight, or valid psychiatric evaluation.

- **Spoliation:** Audio evidence from the May 20 call was listed in initial disclosures but was later reported as deleted or unavailable, despite formal preservation requests.

- **Monell Liability:** The use of the same officers and repeated false psychiatric framing illustrates a broader custom and practice of retaliatory detainment targeting protected individuals.

---

## IV. CONCLUSION

May 20, 2021, marks the most overt instance of SPD's misuse of psychiatric law and coordinated fabrication. With all firearms already seized and no valid petition in place, SPD staged a tactical deployment to Plaintiff's home under false pretenses. The subsequent petition was created after-the-fact to justify what had already occurred. These actions exemplify retaliatory enforcement, intentional distortion of legal

processes, and the coordinated use of psychiatric infrastructure to neutralize and discredit a law-abiding citizen.

**WITNESS AFFIDAVIT OF DR. JOHN SCIALLI**

**STATE OF ARIZONA**
**COUNTY OF MARICOPA**

I, **Dr. John Scialli**, being of sound mind and legal age, declare under penalty of perjury as follows:

1. Personal Information:

   - Full Name: **Dr. John Scialli, M.D.**

   - Address: **4647 N 32nd St Ste 260, Phoenix AZ 85018**

   - Phone Number: **602-224-9888**

   - Professional Credentials: **Board-Certified Psychiatrist, Board-Certified Child and Adolescent Psychiatrist, Expert in Forensic Psychiatry.**

   - Relationship to Plaintiff: **Evaluating and Treating Physician**

2. **Statement of Facts:**

   - I have been **familiar with and/or involved in the psychiatric care of Mr. Mark Houser** and am aware of his mental health status and treatment history.

   - I conducted an evaluation and/or reviewed records related to Mr. Houser's psychiatric condition initially on 04/11/2019, subsequently twice weekly or weekly through 05/14/2021 and most recently on 03/07/2025.

   - To the best of my professional knowledge, at no time did Mr. Houser display behaviors that would justify an **emergency involuntary commitment without prior due process safeguards**.

   - **Scottsdale Police Department (SPD) ignored proper medical evaluations** and failed to conduct a **pre-petition screening** prior to executing an involuntary commitment order.

   - The **City of Scottsdale and SPD misrepresented Mr. Houser's psychiatric condition** as an imminent threat when he had an **established psychiatrist and a documented history of treatment compliance**.

2. Contradictions in SPD's Justifications for Commitment:

   - SPD claimed Mr. Houser **required immediate involuntary commitment**, yet they had knowledge that he was already under psychiatric care.

- The **absence of a pre-screening evaluation violated standard mental health commitment procedures**.

- SPD and City officials **misrepresented Mr. Houser's mental state and treatment history** to justify their actions.

3. Medical Opinion on Plaintiff's Psychiatric Condition & Commitment Process:

- Based on my review and/or evaluation, the **criteria for emergency involuntary commitment were not met** under standard medical guidelines.

- The **City's justification for commitment contradicts known psychiatric protocols** and **violates due process protections**.

- The **detainment of Mr. Houser appears to be more aligned with police intervention than a legitimate psychiatric emergency**.

4. **Sworn Statement:**

- The facts stated above are true and correct to the best of my knowledge and belief.

- I am providing this affidavit voluntarily and understand that it may be used in legal proceedings.

**Federal Sworn Declaration (No Notary Required)**

**I declare under penalty of perjury that the foregoing is true and correct.**
    Executed on this <u>15th</u> day of MARCH, 2025.

**WITNESS SIGNATURE**

*John V Scialli MD*              **(JOHN V SCIALLI, MD)**

## SUMMARY OF EXHIBITS

| Exhibit No. | Title / Description | Date(s) | Relevance / Reference | Discovery Source |
|---|---|---|---|---|
| Exhibit 1 | DOJ Civil Rights Division Complaint Acknowledgment and Tracking Report | Aug 2023 | Confirms Plaintiff's administrative exhaustion and federal complaint filing. | Plaintiff |
| Exhibit 2 * | Email from Officer Kelly Wills to Alia Houser referencing psychiatrist and mental health referrals | May 9– July 2021 | Proves SPD knew Plaintiff had psychiatric care; shows coordination with Alia regarding involuntary petitions. | Defendants (COS-HOUSER-000446–459) |
| Exhibit 3 | Plaintiff's Declaration: May 9 Seizure and Misclassification of Firearm | May 2021 | Supports Fourth and Fourteenth Amendment claims; firearm misclassification. | Plaintiff exhibit 3 |
| Exhibit 4 * | Audio Transcript: July 13, 2021 Internal Affairs Meeting | July 13, 2021 | Documents Plaintiff's reporting of misconduct and contradictions in weapon seizure narrative. | Defendants (COS-HOUSER-000070) |
| Exhibit 5 | May 14 & May 20 Petitions – Typed and Handwritten Versions | May 2021 | Demonstrates contradiction between versions, procedural fabrication, and retroactive insertions. | Plaintiff Exhibit 5 |
| Exhibit 6 | Forensic Timeline: Petition Discovery and Retroactive Filing | 2023–2025 | Confirms pre-file discovery of petition in Alia's car; supports claim of coordination. | Plaintiff |
| Exhibit 7 * | May 20 BWC Log – Officer Stephenson | May 20, 2021 | Documents tactical deployment, seizure of disassembled shotgun, shift in narrative framing. | Defendants (COS-HOUSER-000066 &000067) |
| Exhibit 8 | Email from SPD to Attorney Kristopher Califano – Petition Without Service | May 20, 2021 | Demonstrates coercive tactic and unlawful pressure absent court involvement. | Plaintiff Exhibit 8 |