IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser,<br><br>  Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>  Defendants. | No. CV-23-01394-PHX-SMB (ESW)<br><br>**ORDER** |

Pending before the Court are Plaintiff's "Request for Judicial Notice of Related State-Court Proceeding" (Doc. 93), the City Defendants' Opposition (Doc. 94), and Plaintiff's Reply (Doc. 95).

As explained in the Court's May 9, 2025 Order (Doc. 74), Federal Rule of Evidence 201(b) provides that the Court "may judicially notice a fact that is not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201 governs judicial notice of adjudicative facts, not law. *See, e.g.*, *Lemieux v. Cwalt, Inc.*, 2017 WL 365481, *1 (D. Mont. 2017) ("Plaintiffs ask the Court to take judicial notice of several federal and Montana statutes, regulations, and published court decisions. But because these statutes, cases, and regulations are 'legislative facts' rather than 'adjudicative facts,' they are not appropriate for judicial notice."); *Harner v. USAA Gen. Indem. Co.*, No. 18-CV-01993, 2022 WL

1271136, at *3 (S.D. Cal. Apr. 28, 2022) ("The law is the law regardless of whether the Court takes judicial notice of it.").

In his initial Motion (Doc. 93), Plaintiff requested that the Court take judicial notice of the existence and contents of pleadings filed in an Arizona state court public records case, *Houser v. City of Scottsdale*, CV2025-025285. In his Reply (Doc. 95), Plaintiff has narrowed his request to seek notice of specific municipal records and an Arizona state retention schedule.

As the City Defendants note (Doc. 94 at 1), the Arizona state case referenced in Plaintiff's Motion (Doc. 93) involves different parties. The Arizona state case is against the City of Scottsdale, while the federal case now proceeds only against Defendants Detective Timothy Koerner and Sergeant Scott Williamson.[1] Courts consistently deny requests for judicial notice where the court filing to be noticed involves different parties. *See, e.g.*, *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1031-32 (E.D. Cal. 2015); *Pollstar v. Gigmania, Ltd.*, 170 F.Supp.2d 974, 978–79 (E.D. Cal. 2000) (finding no authority for judicial notice of pleadings in an unrelated case). Additionally, the subject matter of the Arizona state case (public records enforcement under Ariz. Rev. Stat. § 39-121) is distinct from the federal claims (involuntary commitment and transport) raised in this case. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying requests for judicial notice on the grounds that the documents to be noticed are irrelevant).

The Court will consider applicable legal authorities and public records as appropriate in resolving the issues in this case without the need for judicial notice under Rule 201. Therefore,

**IT IS ORDERED** denying Plaintiff's "Request for Judicial Notice of Related State-Court Proceeding" (Doc. 93).

Dated this 16th day of September, 2025.

Eileen S. Willett
United States Magistrate Judge

---

[1] The Court dismissed the City of Scottsdale. (Doc. 32.)