**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
legal@scottsdaleaz.gov

Attorneys for Defendants Detective Koerner and
Sergeant Williamson

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Detective Timothy Koerner, an individual;<br>Sergeant Williamson, an individual<br><br>　　　　Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

　　　　Defendants Timonthy Koerner and Seargeant Williamson ("Defendants") respectfully request the Court deny Plaintiff's Motion to Compel.[1] Plaintiff's Motion is procedurally improper because (1) Plaintiff never served a request for production seeking to inspect the firearms at issue; and (2) Plaintiff failed to comply with the Court's discovery dispute procedures as outlined in Dkt. No. 44.

　　　　Even setting aside these procedural shortcomings, the requested inspection is not relevant to the claims or defenses nor proportional to the needs of this case. This litigation concerns two discrete issues—the transport of Plaintiff to a mental health facility and the related petition for involuntary commitment. There are no allegations that any firearm was discharged or that lawfully seized weapons played a role in either the transport or the drafting

---

[1] Plaintiff's Motion to Compel is directed to the City of Scottsdale. The City is not a party to the current case (*see* Dkt. No 32) nor did Plaintiff issue a subpoena to the City to inspect the firearms. Nevertheless, because it was sent to counsel for Defendants, Defendants are now filing this opposition.

18403046                                    1

of the petition. Accordingly, Plaintiff's request has no relevance to the matters in dispute and should be denied.

### 1. Plaintiff's Motion to Compel is Not Ripe

Plaintiff has served approximately 50 Requests for Production in this case, excluding duplicates.[2] None of those requests sought to inspect the firearms seized in SPD Case 21-09121". The first time Plaintiff raised the issue of inspecting the firearms was in his email dated September 8, 2025. *See* Dkt. 95 at 17. Rather than wait for the Defendants to respond as allowed under the Federal Rules, Plaintiff filed the present Motion to Compel a week later.

Because Plaintiff has not exhausted the necessary procedural steps, and the issue has not been properly presented through the discovery process, the Motion is not ripe and must be denied. *See, e.g.*, *Bermudez v. Duenas*, 936 F.2d 1064, 1068 (9th Cir. 1991) (denying motion to compel, where, like here, no formal request has been served); *see also Grissom v. N. L. R. B.*, 364 F. Supp. 1151, 1154 (M.D. La. 1973), *aff'd sub nom. N. L. R. B. v. Big Three Indus., Inc.*, 497 F.2d 43 (5th Cir. 1974) ("[U]ntil the mover, Big Three Industries, Inc., makes a request for such documents and is improperly refused, this Court will not entertain any motion to compel their production."); *Hilgenberg v. Neth*, 93 F.R.D. 325, 326 (E.D. Tenn. 1981) ([T]he Court declines to consider . . . the [motion to compel] until such time as the movant has first requested . . . the documents and is refused.).

### 2. Plaintiff Did Not Follow the Proper Procedures for a Discovery Dispute

Even assuming Plaintiff's filed a proper discovery request to inspect the firearms (he did not), the Motion should be denied for failure to follow the Court's discovery dispute process. Pursuant to Dkt. No. 44, the parties were required to meet and confer and then file a joint motion for dispute resolution. This did not happen.

---

[2] This Court limited each side to 25 requests for production. *See* Dkt. No. 44. Plaintiff offers no good faith basis for why he should be able to exceed the Court's presumptive discovery limits for this request nor can he. *See* discussion *supra* at Part 3.

1    Plaintiff never satisfied first prong of the discovery dispute process—a valid meet and confer under LR 7.2(j) for an inspection. Plaintiff relies on three emails to claim he conferred with the Defendants. Dkt. No. 97 at 4. A closer look at these emails shows they do not support Plaintiff's contention. Neither the May 13, 2025 email (Motion at 10) nor the June 6, 2025 email (Motion at 12) address an inspection of firearms at all. Plaintiff's generic use of the term "meet and confer" in emails about unrelated matters is not a proper meet and conder under LR 7.2 to support his motion. Moreover, the September 8, 2025 email did not request a meet and confer – it demanded an inspection of firearms. *See* Dkt. No. 97 at 17. In short, Plaintiff never initiated a "personal consultation and sincere efforts" to resolve the purported discovery dispute to inspect the firearms. His Motion to Compel is, therefore, procedurally improper and must be denied.

Plaintiff's request for "property evidence sheets, intake photos, chain-of-custody entries, and caliber classification/labeling records" should also be denied. Plaintiff requested these items and the Defendants responded timely on April 28, 2025 (responses to requests for production) and May 16, 2025 (responses to interrogatories). *See* Exhibit A (excerpts of discovery responses). To the extent Plaintiff was unhappy with those answers, the proper procedure to bring it to the Court's attention is a joint discovery dispute and not a tacked-on request to a Motion to Compel. Plaintiff's Motion should be denied.

**3.    The Inspection is Not Relevant and Not Proportional to the Needs of the Case**

Discovery must be relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(B)(1). Plaintiff claims that "this case concerns the classification, handling, and evidentiary status of three firearms associated with SPD Case 21-09121 …" Motion at 3. No such allegations are present in Plaintiff's operative Complaint. *See* Dkt. No. 37. The narrow issues before this Court concern (1) the transport to a mental health facility and (2) the petition for involuntary treatment. Tellingly, the petition for involuntary treatment does not mention the classification of a 9mm gun, the May 9, 2021 police report or Scottsdale's seizure of weapons.

18403046

3

*See* Dkt. No. 29 (filed under seal). Accordingly, the requested inspection is nothing more than a fishing expedition into irrelevant information that is not proportional to the needs of the case.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel and award any such relief this Court deems appropriate.

DATED this 29th day of September, 2025.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By: *s/ Lindsey Gomez-Gray*
Lori S. Davis, Deputy City Attorney
Lindsey M. Gomez-Gray, Senior Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorney for Defendants Koerner and Williamson

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and electronic service to Plaintiff as follows:

Mark Houser
9015 E. Pima Center Parkway
Scottsdale, AZ 85258
mhouser@gcbscorp.com
*Pro Per Plaintiff*

By: *s/ Tiffany Hart*
Scottsdale City Attorney's Office

18403046

4

# EXHIBIT A

**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
legal@scottsdaleaz.gov

Attorneys for Defendants Detective Koerner and
Sergeant Williamson

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>       Plaintiff,<br><br>vs.<br><br>Detective Timothy Koerner, an individual;<br>Sergeant Williamson, an individual<br><br>       Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR INTERROGATORIES (SET TWO)**<br><br>**(Request from email dated 4/16/25)** |

Defendants Detective Timothy Koerner and Sergeant Williamson ("Defendants") responds to Plaintiff's Interrogatories (Set Two) from an email dated April 16, 2025 as follows:

### GENERAL OBJECTIONS

The information supplied in the following Responses to Plaintiff's Interrogatories is not based upon personal knowledge of the individual signing this document. The information provided includes information resulting from inquiries made on behalf of this party, its representatives, agents and/or counsel, which on good faith and information the individual executing these Responses on behalf of the Defendants believe to be true.

The Defendants object to each Interrogatory to the extent that it calls for a response protected by the attorney/client privilege, the attorney work product, trial preparation materials or any other applicable privilege or immunity.

burdensome, seeks information beyond that required by the Federal Rules of Civil Procedure and seeks information that is not proportional to the needs of the case. *See, e.g.*, *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10-CV-2558-KHV-DJW, 2012 WL 3238082, at *9 (D. Kan. Aug. 7, 2012) (interrogatories requesting "all facts" are overly broad and unduly burdensome because they require the answering party to provide a narrative account of its case). Defendants further object to the undefined terms "authorized" and "internal justifications". This request is also duplicative of Plaintiff's Interrogatory No. 7.  Defendants incorporate their response to same. *See also* Ex. 5a to Defendants' Initial Disclosure Statement, Internal Affairs Citizen Complaint, CC2021-067 at COS-HOUSER-000068-69.

13.    (Interrogatory No. 5) Provide a detailed explanation of Sergeant Brian Campos' involvement and actions concerning the firearm seizure and subsequent misclassification of a .22 caliber pistol as a 9mm, including identification of the individual(s) who reported or recorded this false classification. Include information on how this misclassification led to the involvement of the Arizona Department of Child Safety (DCS) and detail any subsequent actions or communications.

RESPONSE: This request is compound, overly broad, unduly burdensome, seeks information beyond that required by the Federal Rules of Civil Procedure and seeks information that is not proportional to the needs of the case. *See, e.g.*, *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10-CV-2558-KHV-DJW, 2012 WL 3238082, at *9 (D. Kan. Aug. 7, 2012) (interrogatories requesting "all facts" are overly broad and unduly burdensome because they require the answering party to provide a narrative account of its case). Defendants further object to the unsubstantiated statement that the firearms were "misclassified" and the "misclassification led to the involvement of [DCS]".

**Subject to and without waiving any of the foregoing or general objections, Sgt. Campos did not have any involvement in seizing or impounding the firearms. PCIS contacted the Department of Child Safety based upon the events from May 7, 2021 and May 9, 2021.** *See* **Willis Contact Event notes at COS-HOUSER-000440-445.**

14. (Interrogatory No. 6(a)) Provide a detailed explanation regarding Sergeant Brian Campos' exact arrival time at Plaintiff's residence on May 9, 2021, and clarify why he was on-scene approximately eight (8) minutes prior to any other Scottsdale Police or CRT personnel. Specifically address why Sergeant Campos did not inquire about anyone needing medical assistance until Officer Tucker's subsequent arrival.

**RESPONSE: This request is compound, overly broad, unduly burdensome, seeks information beyond that required by the Federal Rules of Civil Procedure and seeks information that is not proportional to the needs of the case.** *See, e.g.*, *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, **No. 10-CV-2558-KHV-DJW, 2012 WL 3238082, at \*9 (D. Kan. Aug. 7, 2012) (interrogatories requesting "all facts" are overly broad and unduly burdensome because they require the answering party to provide a narrative account of its case).**

**Subject to and without waiving any of the foregoing or general objections,** *see* **CFS #E0509210444 at COS-HOUSER-000035. Sgt. Campos arrived at 17:24:48. Sgt. Campos does not recall why he arrived at the scene when he did, but upon information and belief, he may have been closer to the location than other officers. Sgt. Campos recalls Plaintiff driving off at a high rate of speed when Plaintiff saw Police or Fire. Sgt. Campos cleared Fire at 17:34:57. Sgt. Campos' responsibilities were to handle the scene, but he does not recall specifics at this time.**

/ / /

18049377

7

**SCOTTSDALE CITY ATTORNEY'S OFFICE**
Lori S. Davis (SBN: 027875)
Lindsey M. Gomez-Gray (SBN: 027416)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
(480) 312-2405 (T)
legal@scottsdaleaz.gov

Attorneys for Defendants Detective Koerner and Sergeant Williamson

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>Detective Timothy Koerner, an individual; Sergeant Williamson, an individual<br><br>Defendants. | Case No.: 2:23-cv-01394-SMB-ESW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (Set One)**<br><br>**(Initial request from letter dated 3/29/25)** |

Defendants Detective Timothy Koerner and Sergeant Williamson ("Defendants") submit their responses to Plaintiff's Request for Production from his correspondence dated March 29, 2025, as follows:

### GENERAL OBJECTIONS

The information supplied in the following Responses to Plaintiff's Requests for Production is not based upon personal knowledge of the individual signing this document. The information provided includes information resulting from inquiries made on behalf of this party, its representatives, agents, and/or counsel, which on good faith and information the individual executing these Responses on behalf of the Defendants believes to be true.

17919675

1

18. **Chain of Custody – Weapon Seizure.** Chain of custody documents for the .22 pistol, shotgun, and bullets seized on May 9, 2021.

RESPONSE: Subject to and without waiving any of the general objections: see Chain of Custody reports attached to Defendants' First Supplemental Disclosure Statement filed simultaneously herewith as follows:

- Chain of Custody Case items, DR21-09121, Bates nos. COS-HOUSER-000475-479;
- Chain of Custody – Property- Shotgun Ammunition, Bates nos. COS-HOUSER-000467-468;
- Chain of Custody – Property- Winchester Shotgun, Bates nos. COS-HOUSER-000469-470;
- Chain of Custody – Property- 9MM Ammunition, Bates nos. COS-HOUSER-000471-472;
- Chain of Custody – Property- GSG Firefly 9MM handgun, Bates nos. COS-HOUSER-000473-474;

19. **Chain of Custody – Weapon Seizure.** Internal memos about reclassification, inspection, or storage.

RESPONSE: Objection. This request is overly broad, unduly burdensome and seeks information not proportional to the needs of the case. Subject to and without waiving any of the foregoing or general objections, see response to Request for Production No. 18.

20. **Chain of Custody – Weapon Seizure.** Photographic evidence of the weapons and classification issues.

RESPONSE: Objection. This request is overly broad, unduly burdensome and seeks information not proportional to the needs of the case. Subject to and without waiving any

of the foregoing or general objections, a search of City records did not reveal any documents responsive to this request.

21. **Family Court Communications.** Any emails, notes, or SPD discussions referencing Family Court case FC2021-093150.

**RESPONSE: Objection. This request is overbroad, unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case. This request seeks production of information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving any of the foregoing or general objections, a search of City records did not reveal any documents responsive to this request.**

22. **Family Court Communications.** Any internal strategy or briefing materials related to custody, protective orders, or family court litigation involving Plaintiff

**RESPONSE: Objection. This request is overbroad, unduly burdensome and seeks documents that are irrelevant and not proportional to the needs of the case. This request seeks production of information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving any of the foregoing or general objections, a search of City records did not reveal any documents responsive to this request.**

DATED this 28th day of April, 2025.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By:  *s/ Lindsey Gomez-Gray*
Lori S. Davis, Deputy City Attorney
Lindsey M. Gomez-Gray, Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorney for Defendants Koerner and Williamson