**Mark Houser**

9015 East Pima Center Parkway #2

Scottsdale, AZ 85258

Mhouser@gcbscorp.com

602 799-3161

Plaintiff (Pro Se)



# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

**Mark Houser,** Plaintiff,

v.

**Detective Timothy Koerner** and **Sergeant Scott Williamson,** Defendants.

Case No. *2:23-cv-01394-SMB-ESW*

1

# Plaintiff's Reply in Support of Motion to Compel Non-Destructive Inspection

**Introduction**

Defendants' response tries to avoid a straightforward, non-destructive inspection on procedure and minimization. The record shows the opposite. Plaintiff (1) served a formal Rule 34 inspection request on September 8, 2025 specifying the items, location (SPD Property & Evidence), and a narrow protocol (photographs, measurements, borescope; no live-fire or destructive testing); and (2) repeatedly met and conferred. Defendants did not respond. The City's own disclosures confirm the impound and chain-of-custody for the very items at issue, making this inspection directly relevant and proportionate to resolve live disputes about caliber/labeling, as-seized condition, and chain integrity—issues that bear on reasonableness, narrative escalation, and forthcoming expert analysis. Under Rule 37(a)(1) and LRCiv 7.2(j), Plaintiff's documented conferral suffices; the proper remedy for Defendants' nonresponse is court-ordered relief, not reward for silence. Plaintiff respectfully requests expedited consideration in light of the October 9, 2025 expert-disclosure deadline and asks the Court to either (1) order the Rule 34 inspection forthwith or (2) authorize a Rule 45 subpoena to SPD Property & Evidence for the same protocol, with completion on a short fuse (and, if necessary, a modest experts-only extension solely to permit inspection and prompt Rule 26(e) supplementation).

**I. Ripeness: Plaintiff served a Rule 34 inspection request; Defendants chose silence.**

Doc. 98 claims "no formal request" and that Plaintiff "filed a week later." But the Sept. 8 email expressly invokes Rule 34, identifies the three items (by serial), sets location (SPD Property & Evidence/McKellips), and lays out a photography/measurements/borescope field-strip-only protocol with date windows.

That is a classic Rule 34(a)(1)(A) request. Defendants did not respond. Under Rule 37(a)(1) and LRCiv 7.2(j), Plaintiff's documented conferral suffices; the proper remedy for Defendants' nonresponse is court-ordered relief—not rewarding stonewalling. See Doc. 97 at 4; Doc. 97-1 at 17–19; Doc. 98 at 2–3; Doc. 98-1 at 3–4.

Defendants rely on **Bermudez** to argue "no request, not ripe," but that case presumes no formal request. Here, there was a Rule 34 request and a documented meet-and-confer trail. Doc. 98's contrary assertion is inconsistent with Plaintiff's exhibits already before the Court.

## II. Meet-and-confer was satisfied; the Scheduling-Order mechanics can be cured without denial

Doc. 98 says the May 13 and June 6 letters didn't "address inspection," and the Sept. 8 email "demanded inspection" without a meet-and-confer. The letters do bring up the inspection-adjacent records (property sheets, chain entries, routing logs, misclassification), and the Sept. 8 Rule 34 request then crystallizes the how/where/when for the physical look. That is exactly how conferrals are supposed to progress. If the Court prefers the Dkt. 44 joint-dispute format, the proper remedy is to convert this

3

motion and order a 5-day joint submission and short telephonic hearing, not deny the motion outright.

### III. Relevance & proportionality: Defendants' own disclosures prove materiality

The City produced chain-of-custody/property entries for these very items—listing, among other things, a **"GSG Firefly 9MM handgun"** and ammunition entries—while simultaneously insisting the firearms are irrelevant. Those disclosures concede custody and materiality, and they expose the classification dispute this inspection will resolve. A short, supervised, non-destructive look is the least-burdensome path to fix objective facts before experts.

### Target issues the inspection resolves:

- **Caliber/label drift** (rimfire vs. "9MM" labeling)
- **Condition/operability** (e.g., shotgun disassembled as seized)
- **Chain integrity** (consistency of tags/entries/markings with the physical items)

All go directly to the threat-escalation narrative, credibility, and causation.

Doc. 98 argues these topics aren't in the "operative complaint" and paints the case as only about "transport" and the petition. Even under that questionable framing, how the danger narrative was built—and whether key predicate facts (weapon type/condition) were false or mislabeled—is squarely relevant to reasonableness and the due-process theory (judicial deception/omissions). The motion's "Good Cause and Relevance" section and Plaintiff's declaration (GSG is a .22 rimfire, unfired, and inoperable without a magazine) show why the facts and the items themselves matter.

### IV. Proportionality and timing: narrowly tailored, expert-critical, minimal burden

Plaintiff's protocol forbids live-fire, destructive testing, or swabbing; it permits photography, basic measurements, and borescope only, under Property & Evidence supervision, with items preserved unaltered. <u>Plaintiff faces an Oct. 9, 2025 expert disclosure deadline; denying access to core physical evidence prejudices the expert process that Rule 26 is designed to enable.</u> If the Court wants perfect compliance with Dkt. 44 mechanics, it can cure the process and still preserve the expert schedule (or grant a modest experts-only extension tied to completion of the inspection).

### V. "Wrong-party" formalism: two clean avenues for relief.

Defendants argue the City is not a named party. That technical point does not prevent relief. The Court can: (1) order the individual Defendants to facilitate a non-destructive inspection of the firearms in the City's practical control (Scottsdale Police Department Property & Evidence), or (2) authorize Plaintiff to issue a Rule 45 subpoena to the Scottsdale Police Department Property & Evidence Unit for the same protocol, to be completed within 7 days of the Court's order. Plaintiff requested both avenues in the motion and the proposed order.

### VI. Fees

Given a formal Rule 34 request, a documented conferral trail, and a narrow protocol, the City's nonresponse and opposition position were not "substantially justified." Rule 37(a)(5) cost-shifting is appropriate, or at minimum should be deferred with warning.

**Conclusion & Relief Requested**

Plaintiff respectfully asks the Court to:

1. Grant the motion and order a non-destructive inspection (photography, measurements, borescope; no live-fire/destructive testing; chain preserved) of the firearms in SPD Case 21-09121 at SPD Property & Evidence (or a neutral facility) within 7 days of the Court's order.

2. Alternatively, authorize Plaintiff to issue a Rule 45 subpoena to the Scottsdale Police Department Property & Evidence Unit (custodian) for the same non-destructive protocol, to be completed within 7 days of the Court's order.

3. If necessary, extend Plaintiff's expert-disclosure deadline solely to permit completion of the ordered inspection and any resulting supplementation under Rule 26(e), to be served within 14 days after the inspection is completed.

4. Deem the meet-and-confer requirement satisfied on this record or convert to the joint-dispute format with a 5-day joint statement and short telephonic hearing without denial; and

5. Award costs under Rule 37(a)(5) (or defer with warning).

Dated: October 3, 2025

/s/ Mark Houser

Mark Houser, Plaintiff Pro Se

9015 E. Pima Center Parkway #2, Scottsdale, AZ 85258; Mhouser@gcbscorp.com

CERTIFICATE OF SERVICE

I certify that on October 3, 2025, I served the foregoing Plaintiff's Reply in Support of Motion to Compel by email to: lodavis@scottsdaleaz.gov; LGomezGray@scottsdaleaz.gov; legal@scottsdaleaz.gov.

/s/ Mark Houser