# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Houser, | No. CV-23-01394-PHX-SMB (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is the parties' "Joint Motion for Discovery Dispute Resolution." (Doc. 111.) In the Motion, Defendants request an order compelling "Plaintiff to sign a medical authorization for his treating physician and designated expert, Dr. John Scialli." (*Id.* at 1.) [1]

Defendants assert that compelling a medical authorization here is warranted because "Plaintiff put his mental health squarely at issue in this case . . . . [when] Plaintiff represented that Dr. Scialli will testify about Plaintiff's mental health history [and] his professional observations of Plaintiff's functioning[.]" (*Id.* at 2.) "Defendants are willing to designate the medical records as confidential." (*Id.* at 3.)

Plaintiff opposes Defendants' request, asserting that he did not place "his general medical or mental-health history at issue." (*Id.*) Plaintiff further asserts that, "[t]o the extent [he] identified Dr. Scialli, it was solely for a limited rebuttal purpose[.]" (*Id.* at 4) (emphasis removed).

---

[1] This case is predicated upon an alleged involuntary civil commitment of Plaintiff caused by Defendants. *See generally* (doc. 37.)

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is relevant[2] to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Turning to the matter of medical authorizations, the Court notes that federal district courts are "are divided on the issue of whether the Federal Rules of Civil Procedure authorize orders compelling parties to sign such authorizations." *Kaminsky v. N.Y. Life Ins. Co.*, No. CV 22-6648-GW(EX), 2023 WL 6787777, at *2 (C.D. Cal. Sept. 25, 2023). However, the majority of districts within the Ninth Circuit—including this district—have found that compelling medical authorizations is appropriate in similar situations. *See Jefferson v. Thibault*, No. CV-21-00189-TUC-RM, 2023 WL 3726724, at *3 (D. Ariz. May 30, 2023) (compelling medical authorization because defendant would be "prejudiced absent their disclosure"); *see also Archie v. Pop Warner Little Scholars, Inc.*, No. CV166603PSGPLAX, 2019 WL 13020441, at *1 (C.D. Cal. June 13, 2019) (compelling medical authorization because the requested documents were relevant to defendant's defense and proportional to the needs of the action); *Zhang v. United States*, No. C19-1211-TL-SKV, 2022 WL 2116677, *5 (W.D. Wash. June 13, 2022) (compelling authorization because plaintiff put their condition at issue). *But see Clark v. Vega Wholesale Inc.*, 181

---

[2] Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

F.R.D. 470, 472 (D. Nev. 1998) (finding a motion to compel authorization as an inappropriate method to obtain medical records because the moving party could access them just as easily as the non-movant could).

Plaintiff has not presented sufficient facts or caselaw to permit derogation from the majority position of this Court's Ninth Circuit sister districts. As an initial point, considering Plaintiff's case is predicated on involuntary commitment, and that he has disclosed Dr. Scialli as a non-retained treating physician who will testify about Plaintiff's mental health history, Plaintiff has put his mental health history at issue in this action. Hence, Plaintiff's medical records with Dr. Scialli would be discoverable under Rule 26 because they would be relevant to Defendant's defense and proportional to their needs in this action. Furthermore, requiring the execution of a medical authorization is the most efficient manner to obtain these records, which is especially warranted here in this aged action.

Therefore, the Court will require Plaintiff to execute a medical authorization for his records with Dr. Scialli on or before March 6, 2026. Upon receipt, Defendants shall designate the medical records as confidential.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion for Discovery Dispute Resolution (Doc. 111) is **GRANTED AS TO DEFENDANTS**.

**IT IS FURTHER ORDERED** that Plaintiff shall execute the medical authorization for his treating physician and designated expert, Dr. Scialli, on or before **MARCH 6, 2026**. Conversely, Plaintiff may withdraw Dr. Scialli as a witness on or before **MARCH 6, 2026**.

**IT IS FURTHER ORDERED** that Defendants shall designate the medical records as confidential.

Dated this 27th day of February, 2026.

Honorable John Z. Boyle
United States Magistrate Judge